# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC.,<br>TELEXFREE FINANCIAL, INC.,<br><br>Debtors | Chapter 11<br>Case No. 14-40987-MSH<br>Case No. 14-40988-MSH<br>Case No. 14-40989-MSH<br><br>Jointly Administered |
| STEPHEN B. DARR, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN ARGUETA, ALEXANDRO ROCHA, JOSE NETO, JULIO C. PAZ, EUZEBIO SUDRE NETO, HUGO ALVARADO, ANA R. RAMOS, LINDA SUZANNE HACKETT, RUDDY ABREAU, MARCO ALMEIDA, RODRIGO MONTEMOR, LAUREANO ARELLANO, AARON ATAIDE, ROSANE CRUZ, OMAR QUINONEZ, CARLOS C. DEJESUS, BILKISH SUNESARA, ANDRES BOLIVAR ESTEVEZ, JOSE LOPEZ, ANA ROSA LOPEZ, FRANTZ BALAN, MARCELO DASILVA, GLADYS ALVARADO, AND A DEFENDANT CLASS OF NET WINNERS,<br><br>Defendants | Adv. Proc. No. |

## [PROPOSED] CLASS CERTIFICATION ORDER

After notice and hearing, and for good cause shown, the motion for class certification

filed by Stephen B. Darr (the "Trustee") is granted under Rule 23(a) and 23(b)(1) of the Federal

Rules of Civil Procedure, as incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure. The Court makes the following findings:

1. The proposed class of defendants (the "Class") is so numerous and geographically dispersed that joinder of all members is impracticable;

2. There are questions of law and fact common to all class members including but limited to that the common claims, issues, defenses of the Class include by is not limited to: (i) what transfers should be included in the determination of a Net Winner; (ii) whether Net Winners should be determined by an aggregation of Related User Accounts; (iii) whether the Net Winner Payments are avoidable as fraudulent transfers because the Debtors had the actual intent to hinder, delay, or defraud creditors; (iv) whether the Net Winner Payments are avoidable as fraudulent transfers because the transfers were made for less than fair consideration while the Debtors were insolvent, undercapitalized, or unable to pay debts as they became due; (v) whether the Net Preference Payments may be recovered as preferential transfers; (vi) whether the Court's finding that the Debtors engaged in a Ponzi and pyramid scheme may be applied, along with any applicable presumptions, in determining the Trustee's claims.

3. The defenses of the Named Defendants, the Putative Class Representative, are typical of the defenses of the Class;

4. The Named Defendants (the "Class Representative") will fairly and adequately represent the interests of the Class;

5. The prosecution of separate actions by or against individual members of the Class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the

adjudications, or may be inconsistent or varying, or substantially impair or impede the ability of Class members to protect their interests;

    6.    The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other methods for fair and efficient adjudication of the controversy;

    THEREFORE, IT IS HEREBY ORDERED THAT:

    I.    The proposed class action complaint satisfies the requirements of Fed.R.Civ.P. 23(a) and (b) as adopted by Fed.R.Bankr.P. 7023 and the Motion is granted, except as inconsistent with the terms of this Order.

    II.    The Court certify a Class of all persons who reside in the United States, purchased at least one membership plan ("Plan") or voice over internet ("VoIP") package from one or more of the Debtors ("a Participant"), and satisfy one or both of the following criteria:

    (i)    Are a "Net Winner," that is, a Participant who received more from the Debtors and from other persons in connection with the purchase of Plans or VoIP packages than such Participant paid to the Debtors or to other persons in connection with the purchase of Plans or VoIP packages, as determined based upon an aggregation of all activity in the User Accounts of a Participant ("Related User Accounts");

    (ii)    Are a Net Winner as defined in section (i) above who also was a Net Winner with respect to transactions occurring in the 90 days prior to the bankruptcy filings

    III.    The Class is certified under Fed.R.Civ.P. 23(a) and 23(b)(1). Accordingly, no member of the Class shall be permitted to opt out of the class, and each and every member of the

class shall be bound by all orders or judgments of this Court in this adversary proceeding. At any time during the proceedings, the court may, upon motion or *sua sponte*, exercise its discretion under Fed.R.Civ.P. 23(c) and (d) to create sub-classes, remove or replace the Class Representative, or otherwise condition the conduct of this adversary proceeding in order to fairly and adequately protect the rights of the Class members.

    IV.    _____ are appointed as the Class Representatives.

    V.    The Class representatives shall meet on or before _____ 2016 and discuss the selection of counsel. On or before _____ 2016, the Class Representatives shall file with the Court and serve on the Trustee's Counsel their choice of counsel and their qualifications.

Dated at Boston this \_\_\_ day of _____ 2016

                                                                   _____
                                                                   Hon. Melvin S. Hoffman
                                                                   Chief United States Bankruptcy Judge

701014