**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11 Cases** |
|    **TELEXFREE, LLC,** | ) | **14-40987-MSH** |
|    **TELEXFREE, INC. and** | ) | **14-40988-MSH** |
|    **TELEXFREE FINANCIAL, INC.,** | ) | **14-40989-MSH** |
| | ) | |
|    **Debtors.** | ) | **Jointly Administered** |
| | ) | |
| **STEPHEN B. DARR AS HE IS THE** | ) | |
| **TRUSTEE OF THE CHAPTER 11 ESTATES** | ) | |
| **OF EACH OF THE DEBTORS,** | ) | **Adversary Proceeding** |
| | ) | **No.: 16-04006** |
|    **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BENJAMIN ARGUETA, ALEXANDRO** | ) | |
| **ROCHA et als. and a DEFENDANT** | ) | |
| **CLASS OF NET WINNERS,** | ) | |
| | ) | |
|    **Defendants.** | ) | |
| | ) | |

**ANSWER AND DEMAND FOR TRIAL BY JURY OF SUZANNE HACKETT**

NOW COMES Suzanne Hackett ("Hackett" or "Defendant") to respond to this Adversary Proceeding as follows:

1. Based upon information and belief, the Defendant admits the statements contained in Paragraph 1.

2. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 2.

1

3. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 3.

4. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 4.

5. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 5.

6. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 6.

7. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 7.

8. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 8.

9. Based upon information and belief, the Defendant admits the statements contained in Paragraph 9.

10. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 10.

11. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 11.

12. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 12.

13. The Defendant has no knowledge to admit or deny these statements, and therefore denies the

statements contained in Paragraph 13.

14. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 14.

15. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 15.

16. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 16.

17. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 17.

18. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 18.

19. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 19.

20. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 20.

21. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 21.

22. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 22.

23. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 23.

24. The Defendant admits the statements contained in Paragraph 24.

25. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 25.

26. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 26.

27. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 27.

28. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 28.

## JURISDICTION

29. Based upon information and belief, the Defendant admits the allegations contained in Paragraph 29.

30. Based upon information and belief, the Defendant admits the allegations contained in Paragraph 30.

31. Based upon information and belief, the Defendant admits the allegations ccontained in Paragraph 31.

## DEFENDANT CLASS ACTIONS

32. The Defendant denies the allegations contained in Paragraph 32.

33. The Defendant denies the allegations contained in Paragraph 33.

34. The Defendant denies the allegations contained in Paragraph 34.

35. The Defendant admits that there are several questions of law and fact regarding the supposed "Net Winner Class."

36. The Defendant denies the allegations contained in Paragraph 36 relating to the Debtor. The Debtor is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 36.

37. The Defendant denies the allegations contained in Paragraph 37 relating to the Debtor. The Debtor is without sufficient information to either admit

or deny the remaining allegations contained in Paragraph 37.

38. The Debtor is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 38.

39. The Debtor denies the allegations contained in Paragraph 39.

40. The Debtor denies the allegations contained in Paragraph 40.

41. The Defendant denies the allegations contained in Paragraph 41.

42. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 42.

43. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 43.

44. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 44.

45. The Defendant has no knowledge to admit or deny these statements, and therefore denies the

statements contained in Paragraph 45.

46. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 46.

47. The Debtor responds that the document, the Order, speaks for itself. The Defendant denies the remaining allegations contained in Paragraph 47.

48. The Defendant denies the statements contained in Paragraph 48.

49. The Defendant states that some identifying information was provided to the Debtors, but denies that this is an accurate listing of information provided by this Defendant.

50. The Defendant admits the statements contained in Paragraph 50.

51. The Defendant admits that these forms of redemption were, at certain times, available to participants. However, the Defendant states that credits were often not applied in accordance with the statements contained in Paragraph 51, and therefore the Defendant denies these statements.

52. The Defendant denies the allegations contained in Paragraph 52.

53. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 53, and therefore denies the same.

54. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 54, and therefore denies the same.

55. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 55, and therefore denies the same.

56. The Defendant denies the allegations contained in Paragraph 56.

COUNT ONE
DECLARATORY JUDGMENT FOR DETERMINATION
OF NET WINNER

57. The Defendant repeats and realleges her answers contained in Paragraphs 1 through 56.

58. The Defendant denies the allegations contained in Paragraph 58.

59. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 59, and therefore denies the same.

60. The Defendant denies the allegations contained in Paragraph 60.

COUNT TWO
FRAUDULENT TRANSFER - CONSTRUCTIVE -
11 U.S.C. §§584(a)(1)(B), 550 AND 551

61. The Defendant repeats and realleges her answers contained in Paragraphs 1 through 60.

62. The Defendant denies the allegations contained in Paragraph 62.

63. The Defendant denies the allegations contained in Paragraph 63.

64. The Defendant denies the allegations contained in Paragraph 64.

65. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 65, and therefore denies the same.

66. The Defendant denies the allegations contained in Paragraph 66.

67. The Defendant denies the allegations contained in Paragraph 67.

COUNT THREE
FRAUDULENT TRANSFER - ACTUAL -
11 U.S.C. §§ 548 (a)(1)(A), 550 AND 551

68. The Defendant repeats and realleges her answers contained I Paragraphs 1 through 67.

69. The Defendant denies the allegations contained in Paragraph 69.

70. The Defendant denies the allegations contained in Paragraph 70.

71. The Defendant denies the allegations contained in Paragraph 71.

72. The Defendant denies the allegations contained in Paragraph 72.

73. The Defendant denies the allegations contained in Paragraph 73.

## COUNT FOUR
## PREFERENCES -11 U.S.C. §§ 547, 550 AND 551

74. The Defendant repeats and realleges her answers contained Paragraphs 1 through 73.

75. The Defendant denies the allegations contained in Paragraph 75.

76. The Defendant denies the allegations contained in Paragraph 76.

77. The Defendant denies the allegations contained in Paragraph 77.

78. The Defendant denies the allegations contained in Paragraph 78.

## COUNT FIVE
## DECLARATORY JUDGMENT

79. The Defendant repeats and reallages her answers contained in Paragraphs 1 through 78.

80. The Defendant states that the statements contained in Paragraph 80 constitute a legal conclusion, and therefore cannot be admitted or denied.

81. The Defendant states that the statements contained in Paragraph 81 constitute a legal conclusion, and therefore cannot be admitted or denied.

82. The Defendant states that the statements contained in Paragraph 82 constitute a legal

conclusion, and therefore cannot be admitted or denied.

83. The Defendant states that the statements contained in Paragraph 83 constitute a legal conclusion, and therefore cannot be admitted or denied.

## COUNT SIX
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

84. The Defendant repeats and realleges her answers contained in Paragraphs 1 through 83.

85. The Defendant states that the statements contained in Paragraph 85 constitute a legal conclusion, and therefore cannot be admitted or denied.

86. The Defendant states that the statements contained in Paragraph 86 constitute a legal conclusion, and therefore cannot be admitted or denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each of the six counts fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged fraudulent transfer was made more than two (2) years prior to the filing of the Complaint and more than 90 days from the bankruptcy filing so the statute of limitations bar this Complaint.

### THIRD AFFIRMATIVE DEFENSE

The declaratory judgment counts require that there be an actual controversy and there is none in this case.

### FOURTH AFFIRMATIVE DEFENSE

Counts 2 and 3 are for fraudulent transfers but none have occurred and even if there was one, Arguendo, it was not made within two (2) years of the filing of the petition and the Complaint and, therefore, such counts must be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

Count 4 for preference did not take place within the 90 days or even one year as required by law so the Trustee may not avoid any transfers to the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Count 6 for disallowance of claims has been filed prematurely as the Defendant has yet to file a proof of claim.

Case 16-04006 Doc 76 Filed 03/14/16 Entered 03/14/16 15:33:03 Desc Main

Document Page 7 of 12

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant had no mens rea or specific intent to violate any law when he participated in TelexFree, LLC and he felt it was a legitimate marketing company.

## EIGHTH AFFIRMATIVE DEFENSE

The people behind the TelexFree business are responsible for any financial losses and not the Defendant.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff should be estopped by the actions of TelexFree.

## TENTH AFFIRMATIVE DEFENSE

The Defendant has been excused from any preference.

## ELEVENTH AFFIRMATIVE DEFENSE

A fraud was committed against the Defendant by TelexFree and he has no duty or obligation or debt to the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

The payments received by the Defendant from TelexFree were owed and were earned and were not a preference.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff comes to court with unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant was not a promoter or salesperson or employee or officer of TelexFree.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action is not a bankruptcy core proceeding and both the jurisdiction or venue are improper as the Trustee must bring his Complaint in the U.S. District Court and not the Bankruptcy Court. Also, the Defendant did no business in Massachusetts.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Class Action Fairness Act of 2005 requires that the Complaint in this action be consolidated with the TelexFree Securities Litigation, MDC No,. 4:14-MD-02566-TSH in the U.S. District Court of Massachusetts as the claims are the same, that MDC predates the Trustee's Complaint in this case, and the damages against the Defendant are less than the required minimum claim amount.

JURY TRIAL DEMAND

THE DEFENDANT CLAIMS A TRIAL BY JURY AS TO EACH COUNT OF THE COMPLAINT

        THE PLAINTIFF,

        LINDA HACKETT

        BY HER ATTORNEY,
        LIMITED APPEARANCE FOR
        PURPOSES OF THIS EXTENSION ONLY

        /s/ JORDAN L. SHAPIRO
        BBO# 454240
        SHAPIRO & HENDER
        jslawma@aol.com
        105 Salem Street
        Malden, MA 02148

Date: March 14, 2016        (781) 324-5200