UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:

TELEX FREE, LLC
TELEXFREE, INC. and
TELEXFREE FINANCIAL,
INC.
                Debtors

Chapter 11
Case No.: 11-40987-MSH
Case No.: 11-40988-MSH
Case No.: 11-40989-MSH

STEPHEN B. DARR, AS HE
IS THE TRUSTEE OF THE
CHAPTER 11 ESTATES OF
EACH OF THE DEBTORS
                Plaintiff

JOINTLY ADMINISTERED

A.P. No.: 16-04006-MSH

v.

BENJAMIN ARGUETA, et. al.
AND A DEFENDANT CLASS
OF NET WINNERS

                Defendants

## ANSWER OF DEFENDANT ANA ROSA LOPEZ

Now comes the Defendant, Ruddy Abreu ("Defendant" or "Lopez"), in the above-entitled action, and Answers this Adversary Proceeding as follows"

1. On information and belief, the Defendant admits the statements contained in Paragraph 1.

2. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 2.

3. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 3.

4. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 4.

5. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 5.

6. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 6.

7. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 7.

8. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 8.

9. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 9.

10. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 10.

11. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 11.

12. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 12.

13. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 13.

14. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 14.

15. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 15.

16. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 16.

17. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 17.

18. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 18.

19. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 19.

20. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 20.

21. The Defendant admits to the statements contained in Paragraph 21.

22. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 22.

23. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 23.

24. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 24.

25. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 25.

26. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 26.

27. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 27.

28. The Defendant has no knowledge to admit or deny these statements, and therefore denies the statements contained in Paragraph 28.

## JURISDICTION

29. Based upon information and belief, the Defendant admits the allegations contained in paragraph 29.

30. Based upon information and belief, the Defendant admits the allegations contained in paragraph 30.

31. Based upon information and belief, the Defendant admits the allegations contained in paragraph 31.

## DEFENDANT CLASS ACTION

32. The Defendant has no knowledge to admit or deny these allegations, and therefore denies the allegations contained in Paragraph 32.

33. The Defendant has no knowledge to admit or deny these allegations, and therefore denies the allegations contained in Paragraph 33.

34. The Defendant has no knowledge to admit or deny these allegations, and therefore denies the allegations contained in Paragraph 34.

35. The Defendant admits that there are several questions of law and fact regarding the supposed "Net Winner Class".

36. The Defendant denies the allegations contained in Paragraph 36 relating to the Defendant. The Defendant is without sufficient information to either admit or deny the remaining allegations in Paragraph 36.

37. The Defendant denies the allegations contained in Paragraph 37 relating to the Defendant. The Defendant is without sufficient information to either admit or deny the remaining allegations in Paragraph 37.

38. The Defendant denies the allegations contained in Paragraph 38.

39. The Defendant denies the allegations contained in Paragraph 39.

40. The Defendant denies the allegations contained in Paragraph 40.

41. The Defendant denies the allegations contained in Paragraph 41.

42. The Defendant has no knowledge to admit or deny these statements, and therefore denies the allegations contained in Paragraph 42.

43. The Defendant has no knowledge to admit or deny these statements, and therefore denies the allegations contained in Paragraph 43.

44. The Defendant has no knowledge to admit or deny these statements, and therefore denies the allegations contained in Paragraph 44.

45. The Defendant has no knowledge to admit or deny these statements, and therefore denies the allegations contained in Paragraph 45.

46. The Defendant has no knowledge to admit or deny these statements, and therefore denies the allegations contained in Paragraph 46.

47. The Defendant responds that the document, the Order, speaks for itself. The Defendant denies the remaining allegations contained in paragraph 47.

48. The Defendant denies the allegations contained in Paragraph 48.

49. The Defendant denies the allegations contained in Paragraph 49.

50. The Defendant admits the statements contained in Paragraph 50.

51. The Defendant denies the allegations contained in Paragraph 51.

52. The Defendant denies the allegations contained in Paragraph 48.

53. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 53.

54. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 54, and therefore denies the same.

55. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 55, and therefore denies the same.

56. The Defendant denies the allegations contained in Paragraph 56.

## COUNT ONE
## DECLARATORY JUDGMENT FOR DETERMINATION OF NET WINNER

57. The Defendant repeats and realleges her answers contained in Paragraph 1 through Paragraph 56.

58. The Defendant denies the allegations contained in Paragraph 58.

59. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 59, and therefore denies the same.

60. The Defendant denies the allegations contained in Paragraph 60.

## COUNT TWO
## FRAUDULENT TRANSFER – CONSTRUCTIVE –
## 11 U.S.C. §§ 548(A)(1)(b), 550 AND 551

61. The Defendant repeats and realleges her answers contained in Paragraph 1 through Paragraph 60.

62. The Defendant denies the allegations contained in Paragraph 62.

63. The Defendant denies the allegations contained in Paragraph 63.

64. The Defendant denies the allegations contained in Paragraph 64.

65. The Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 65, and therefore denies the same.

66. The Defendant denies the allegations contained in Paragraph 66.

67. The Defendant denies the allegations contained in Paragraph 67.

## COUNT THREE

### FRAUDULENT TRANSFER – ACTUAL – 11 U.S.C. §§ 548(a)(1)(A), 550 AND 551

68. The Defendant repeats and realleges her answers contained in Paragraph 1 through Paragraph 67.

69. The Defendant denies the allegations contained in Paragraph 69.

70. The Defendant denies the allegations contained in Paragraph 70.

71. The Defendant denies the allegations contained in Paragraph 71.

72. The Defendant denies the allegations contained in Paragraph 72.

73. The Defendant denies the allegations contained in Paragraph 73.

## COUNT FOUR

### PREFERENCES – 11 U.S.C. §§ 547, 550 AND 551

74. The Defendant repeats and realleges her answers contained in Paragraph 1 through Paragraph 73.

75. The Defendant denies the allegations contained in Paragraph 75.

76. The Defendant denies the allegations contained in Paragraph 76.

77. The Defendant denies the allegations contained in Paragraph 77.

78. The Defendant denies the allegations contained in Paragraph 78.

## COUNT FIVE

### DECLARATORY JUDGMENT

79. The Defendant repeats and realleges her answers contained in Paragraph 1 through Paragraph 78.

80. The Defendant states that the statements contained in Paragraph 80 constitute legal conclusions, and therefore cannot be admitted or denied.

81. The Defendant states that the statements contained in Paragraph 81 constitute legal conclusions, and therefore cannot be admitted or denied.

82. The Defendant states that the statements contained in Paragraph 82 constitute legal conclusions, and therefore cannot be admitted or denied.

83. The Defendant states that the statements contained in Paragraph 83 constitute legal conclusions, and therefore cannot be admitted or denied.

## COUNT SIX
## DISALLOWANCE OF CLAIMS PURSUANT TO U.S.C. § 502(d)

84. The Defendant repeats and realleges her answers contained in Paragraph 1 through Paragraph 83.

85. The Defendant states that the statements contained in Paragraph 85 constitute legal conclusions, and therefore cannot be admitted or denied.

86. The Defendant states that the statements contained in Paragraph 86 constitute legal conclusions, and therefore cannot be admitted or denied.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Each of the six counts fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged fraudulent transfer was made more than two (2) years prior to the filing of the Complaint and more than 90 days from the bankruptcy filing so the statute of limitations bar this Complaint.

### THIRD AFFIRMATIVE DEFENSE

The declaratory judgment counts require that there be an actual controversy and there is none in this case.

### FOURTH AFFIRMATIVE DEFENSE

Counts 2 and 3 are for fraudulent transfers but none have occurred and even if there was one, Arguendo, it was not made within two (2) years of the filing of the petition and the Complaint and, therefore, such counts must be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

Count 4 for preference did not take place within the 90 days or even one year as required by law so that a Trustee may not avoid any transfers to the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Count 6 for disallowance of claims has been filed prematurely as the Defendant has yet to file a proof of claim.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant had no *mens rea* or specific intent to violate any law when she participated in TelexFree, LLC and she reasonably believed it was a legitimate marketing company.

### EIGHTH AFFIRMATIVE DEFENSE

The people behind the TelexFree business are responsible for any financial losses and not the Defendant.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff should be estopped by the actions of TelexFree.

### TENTH AFFIRMATIVE DEFENSE

The Defendant has been excused from any preference.

### ELEVENTH AFFIRMATIVE DEFENSE

A fraud was committed against the Defendant by TelexFree and she has no duty or obligation or debt to the Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

The payments received by the Defendant from TelexFree were owned and were earned and were not a preference.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff comes to Court with unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant was not a promoter or salesperson or employee or officer of TelexFree.

### FIFTEENTH AFFIRMATIVE DEFENSE

This action is not a bankruptcy core proceeding and both the jurisdiction and/or venue are improper as the Trustee must bring his Complaint in the U.S. District Court and not the Bankruptcy Court. Also, the Defendant did not business in Massachusetts.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Class Action Fairness Act of 2005 requires that the Complaint in this action be consolidated with the TelexFree Securities Litigation, MDC No. 4:14-MD-02566-TSH in the U.S. District Court of Massachusetts as the claims are the same, that MDC predates the Trustee's Complaint in this case, and the damages against the Defendant are less than the required minimum claim amount.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged transfer cannot be avoided to the extent the Defendant gave new value or benefit to the Debtor in consideration therefor.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged transfer cannot be avoided because any such transfer was made in the ordinary course of the business or financial affairs of the Debtor and the Defendant and made according to ordinary and customary business terms or the parties' prior course of dealing.

### NINETEENTH AFFIRMATIVE DEFENSE

Any payments made by the Debtor to the Defendant were transfers of property in which the Debtor had no interest other than as a custodian or trustee for the benefit of the Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Any transfer of property or money by the Debtor to the Defendant was intended to be and was a contemporaneous exchange for new value given to the Debtor and was in fact a substantially contemporaneous exchange.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any transfers or payments received from the Debtor by the Defendant were for reasonably equivalent value and were received in good faith by the Defendant.

### THE DEFENDANT CLAIMS A TRIAL BY JURY AS TO EACH COUNT OF THE COMPLAINT

Respectfully Submitted,
Ana Rosa Lopez, Defendant
By her attorney,

/s/ Michael M. McArdle

Michael M. McArdle, Esq.
McArdle Law & Associates, PLLC
280 Merrimack Suite 310
Lawrence, MA 01843
BBO#: 326580

Dated: March 17, 2016

## CERTIFICATE OF SERVICE

I, Michael M. McArdle, hereby certify that on the below date I caused the within Motion to be served on the parties on the attached sheet by first-class mail, postage prepaid, unless some other manner of service is indicated, or unless such party is designated as an ECF recipient:

SEE ATTACHED SHEET

Date:  3/17/2016                                                              /s/ Michael M. McArdle
                                                                                            _____
                                                                                            Michael M. McArdle, Esq.

Richard King
Office of the United States Trustee
446 Main Street
Worcester, MA 01608

Charles R. Bennett, Jr.
Murphy & King, PC
One Beacon Street
Boston, MA 02108

Stephen Darr
Huron Consulting
125 Summer Street
Boston, MA 02110

Hugo Alvarado
18 Catherine Street, #1
Worcester, MA 01605

Timothy J. Durken, Esq.
Jager Smith, PC
1 Financial Ctr
Boston, MA 02111

Alexandro Rocha
6 Nell Road
Revere, MA 02151

Jose Neto
49 Rodney Street
Worcester, MA 01605

Julio C. Paz
179 Water Street
Framingham, MA 01605

Euzeio Sudre Neto
334 Chestnut Farm Way
Raynham, MA 02767

Jordan Shapiro
Shapiro & Hender
105 Salem Street
Malden, MA 02148

Ruddy Abreau
9 Longwood Drive
Methuen, MA 01844

Robert J. Kovacs
Kovacs Law, PC
172 Shrewsbury Street
Worcester, MA 01604

Rodrigo Montemor
6 Boxford Street
Lawrence, MA 01843

Laureano Arellano
576N 800 W
Provo, UT 84601

Aaron Ataide
2900 W Porter Ave
Visalia, CA 93291

Roseane Cruz
22 Northampton Street
Worcester, MA 01605

Omar Quinonez
3812 N. Oak Drive
Apt M62
Tampa, FL 33611

Evans J. Carter
PO box 812
Framingham, MA 01701

Andres Bolivar Estevez
951o 90th Ave, 2
Woodhaven, NY 11421

Jose Lopez
164 Exchange Street, 2nd fl
Lawrence, MA 01841

Ana Rosa Lopez
5019 Redwin Brook Trail
Katy, TX 77449

Frantz Balan
51 Grover Street, apt 2.
Everett, MA 02149

Marcelo DaSilva
38 Lyme Street, #308
Malden, MA 02148

Gladys Alvarado
177 Lincoln Street, #2
Worcester, MA 01605

Wendy M. Mead
Wendy M. Mead, PC
11 Pleasant Street, Ste. 30
Worcester, MA 01609