# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 11 Cases |
| | |
| TELEXFREE, LLC, | 14-40987-MSH |
| TELEXFREE, INC. and | 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | 14-40989-MSH |
| | |
| Debtors. | Jointly Administered |
| STEPHEN B. DARR AS HE IS THE | |
| TRUSTEE OF THE CHAPTER 11 ESTATES | |
| OF EACH OF THE DEBTORS, | |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| BENJAMIN ARGUETA, ALEXANDRO | Adversary Proceeding |
| ROCHA, JOSE NETO, JULIO C. PAZ, | No. 16-04006 |
| EUZEBIO SUDRE NETO, HUGO | |
| ALVARADO, ANA R. RAMOS, LINDA | |
| SUZANNE HACKETT, RUDDY ABREAU, | |
| MARCO ALMEIDA, RODRIGO | |
| MONTEMOR, LAUREANO ARELLANO, | |
| AARON ATAIDE, ROSANE CRUZ, OMAR | |
| QUINONEZ, CARLOS C. DEJESUS, | |
| BILKISH SUNESARA, ANDRES BOLIVAR | |
| ESTEVEZ, JOSE LOPEZ, ANA ROSA | |
| LOPEZ, FRANTZ BALAN, MARCELO | |
| DASILVA, GLADYS ALVARADO, MARIA | |
| TERESA MILAGRES NEVES, MARCOS | |
| LANA, LUIZ ANTONIO DA SILVA, BRUNO | |
| GRAZIANI, EDUARDO N. SILVA, MICHEL | |
| CHRISTIANO SANTOLIN DE ARRUDA, | |
| FRANCISDALVA SIQUEIRA, ALEXANDER | |
| N. AURIO, AMILCAR LOPEZ, RENATO | |
| SACRAMENTO, JULIO SILVA, DAVIDSON | |
| R. TEIXEIRA, JOSE CARLOS MACIEL, | |
| JESUS OSUNA, CHAI HOCK NG, EDILENE | |
| STORCK NAVARRO, SORAYA FERREIRA, | |
| EDSON F. SOUZA, VAMING SERVICES, | |
| JORGE ANTONIO MEJIA SEQUEIRA, | |
| RODRIGO CASTRO, DAVID REIS, | |

ANA SANTOS, WESLEY DIAS, TIMEX
RESEARCH CONSULTING, INC., CELSO
ROBERTO SILVA FILHO, TEAM GLOBAL
ADVERTISING LLC, LWC MARKETING,
INC., BARTOLO CASTLLO, GASPAR
JESUS, LUISA E. LOPEZ, MARCIO SOUZA
NERY, DEBORA C. BRASIL, JOELITO
SOUZA CALDAS JUNIOR, UNITED GROUP
USA, JEAN 2004, ENTERPRISE CORP.,
RUDMAR GENTIL, NEW GENERATION
MED SUPPLY, INC., DANEUNG XIONG,
CARLOS ALFARO, LUSETTE BALAN,
TECHNOVIA, INC., FAITH SLOAN,
MARIZA S. MORINELLI, NUBIA R.
GLOULART, ROBERTO NUNEZ, GILSON
NASSAR, BINGJIAN PAN, YUE CHEN,
RODRIGO R. BREDA, PAULO GIULIANO
DIOGENES DE BESSA ROSADO, JOSE
MIGUEL FILHO, LAN LAN JI,
VENERANDO CONTRERAS, JAP
INTERNATIONAL NETWORK, LLC,
WALACE AUGUSTO DA SILVA, EZAU
SOARES FERREIRA, EDDIT ALBERTO
DUVERGE, GLOBAL MARKETING
STRATEGIES, CAROL VANTERPOOL,
DEVENDRA SHAH, PAT JACKSON,
SILVERIO REYES, FABIANA ACACIA DA
CRUZ DOS SANTOS, GERALD AGNEW,
DWAYNE JONES, JOSEPH PIETROPAOLO,
JAMILSON MARCO CONCEICAO, SONYA
CROSBY, RANDY CROSBY, WESLEY
NASCIMENTO ALVESBY, ANTONIO
OLIVEIRA, RONEIL BARRETO,
MILAGROS ADAMES, LM DAVAR, INC.,
PARROT BAY HOMES, INC., EDGAR
BORELLI, RICHARDO FABIN, DANIEL
CHAVEZ, FAUSTINO TORRES, HELIO
BARBOSA, GELALIN-3377, LLC AND A
DEFENDANT CLASS OF NET WINNERS,
                    Defendant(s).

## AMENDED COMPLAINT

**Introduction**

Stephen Darr is the duly appointed and acting trustee (the "Trustee") of the Chapter 11 bankruptcy estates ("Estates") of TelexFree, Inc., TelexFree, LLC and TelexFree Financial, Inc. (collectively, the "Debtors").  As Trustee, Mr. Darr brings this adversary proceeding to recover property fraudulently transferred by the Debtors to the Defendants and members of the Defendant class within two (2) years of the bankruptcy filings and preferential transfers made to the Defendants and members of the Defendant class within ninety (90) days of the bankruptcy filings.

**Parties**

1.      On June 6, 2014, the Plaintiff Stephen Darr was duly appointed Trustee of the Estates of the Debtors.  The Trustee has a principal place of business in Boston, Massachusetts.

2.      The Defendant, Benjamin Argueta, is an individual who based upon the information provided by such Defendant resides at 14 Illinois Avenue, Apt. 1, Somerville, Massachusetts 02145.

3.      The Defendant, Alexandro Rocha, is an individual who based upon the information provided by such Defendant resides at 6 Nell Road, Revere, Massachusetts 02151.

4.      The Defendant, Jose Neto, is an individual who based upon the information provided by such Defendant resides at 49 Rodney Street, Worcester, Massachusetts 01605.

5.      The Defendant, Julio C. Paz, is an individual who based upon the information provided by such Defendant resides at 179 Water Street, Framingham, Massachusetts 01701.

6.      The Defendant, Euzebio Sudre Neto, is an individual who based upon the information provided by such Defendant resides at 334 Chestnut Farm Way, Raynham, Massachusetts 02767.

3

7.      The Defendant, Hugo Alvarado, is an individual who based upon the information provided by such Defendant resides at 18 Catherine St., #1, Worcester, Massachusetts 01605.

8.      The Defendant, Ana R. Ramos, is an individual who based upon the information provided by such Defendant resides at 63 Fremont Ave., Apt. 2, Chelsea, Massachusetts 02150.

9.      The Defendant, Linda Suzanne Hackett, is an individual who based upon the information provided by such Defendant resides at 97 Bellevue Ave., Melrose, Massachusetts 02176.

10.     The Defendant, Ruddy Abreau, is an individual who based upon the information provided by such Defendant resides at 9 Longwood Drive, Methuen, Massachusetts 01844.

11.     The Defendant, Marco Almeida, is an individual who based upon the information provided by such Defendant resides at 420 Atlantic Ave., Long Branch, New Jersey 07740.

12.     The Defendant, Rodrigo Montemor, is an individual who based upon the information provided by such Defendant resides at 6 Boxford Street, Lawrence, Massachusetts 01843.

13.     The Defendant, Laureano Arellano, is an individual who based upon the information provided by such Defendant resides at 576N 800W, Provo, Utah 84601.

14.     The Defendant, Aaron Ataide, is an individual who based upon the information provided by such Defendant resides at 2900 W Porter Ave., Visalia, California 93291.

15.     The Defendant, Rosane Cruz, is an individual who based upon the information provided by such Defendant resides at 22 Northampton Street, Worcester, Massachusetts 01605.

16.     The Defendant, Omar Quinonez, is an individual who based upon the information provided by such Defendant resides at 3812 N. Oak Dr., Apt. M62, Tampa, Florida 33611.

17.     The Defendant, Carlos C. Dejesus, is an individual who based upon the information provided by such Defendant resides at 72 Fremont Ave., Apt. 2, Chelsea, Massachusetts 02150.

18.     The Defendant, Bilkish Sunesara, is an individual who based upon the information provided by such Defendant resides at 1800 Austin Parkway, Sugar Land, Texas 77479.

19.     The Defendant, Andres Bolivar Estevez, is an individual who based upon the information provided by such Defendant resides at 9510 90th Ave. 2, Woodhaven, New York 11421.

20.     The Defendant, Jose Lopez, is an individual who based upon the information provided by such Defendant resides at 164 Exchange St., 2nd Floor, Lawrence, Massachusetts 01841.

21.     The Defendant, Ana Rosa Lopez, is an individual who based upon the information provided by such Defendant resides at 5019 Redwing Brook Trail, Katy, Texas 77449.

22.     The Defendant, Frantz Balan, is an individual who based upon the information provided by such Defendant resides at 51 Grover Street, Apt. 2, Everett, Massachusetts 02149.

23.     The Defendant, Marcelo Dasilva, is an individual who based upon the information provided by such Defendant resides at 38 Lyme St., #308, Malden, Massachusetts 02148.

24.     The Defendant, Gladys Alvarado, is an individual who based upon the information provided by such Defendant resides at 177 Lincoln St., #2, Worcester, Massachusetts 01605.

24-A.   The Defendant, Maria Teresa Milagres Neves, is an individual who based upon the information provided by such Defendant resides at 28 Brackett Rd., Framingham  MA 01702.

24-B.   The Defendant, Marcos Lana, is an individual who based upon the information provided by such Defendant resides at 41 Beacon St., Framingham MA 01701.

24-C.   The Defendant, Luiz Antonio da Silva, is an individual who based upon the information provided by such Defendant resides at 25 Willis St., Framingham MA 01702.

24-D.   The Defendant, Bruno Graziani, is an individual who based upon the information provided by such Defendant resides at 134 Highland St., Marlborough, MA 01752.

24-E.   The Defendant, Eduardo N. Silva, is an individual who based upon the information provided by such Defendant resides at 10111 Newington Dr., Orlando, FL 32836.

24-F.   The Defendant, Michel Cristiano Santolin de Arruda, is an individual who based upon the information provided by such Defendant resides at 26 Beacon St., Apt. 12A, Burlington, MA 01803.

24-G.   The Defendant, Francisdalva Siqueira, is an individual who based upon the information provided by such Defendant resides at 9715 Arbor Oak Ct., Apt. 301, Boca Raton, FL 33428.

24-H.   The Defendant, Alexander N. Aurio, is an individual who based upon the information provided by such Defendant resides at 15 W. Prescott Ave., Clovis, CA 93619.

24-I.   The Defendant, Amilcar Lopez, is an individual who based upon the information provided by such Defendant resides at 94 Broadway, Somerville, MA 02145.

24-J.   The Defendant, Renato Sacramento, is an individual who based upon the information provided by such Defendant resides at 5413 Vineland Road, Orlando, FL 32811.

6

24-K.   The Defendant, Julio Silva, is an individual who based upon the information provided by such Defendant resides at 111 E. Washington St., Unit 2221, Orlando, FL 32801.

24-L.   The Defendant, Davidson R. Teixeira, is an individual who based upon the information provided by such Defendant resides at 33 Vernal St. #1, Everett, MA 02149.

24-M.   The Defendant, Jose Carlos Maciel, is an individual who based upon the information provided by such Defendant resides at 18 Hayes St., Apt. 2, Framingham, MA 01702.

24-N.   The Defendant, Jesus Osuna, is an individual who based upon the information provided by such Defendant resides at 700 N Avery Ave., Farmersville, CA 93223.

24-O.   The Defendant, Chai Hock Ng, is an individual who based upon the information provided by such Defendant resides at 170 Henry St., New York, NY 10002.

24-P.   The Defendant, Edilene Storck Navarro, is an individual who based upon the information provided by such Defendant resides at 55 Fox Rd., Unit 925, Waltham, MA 02451.

24-Q.   The Defendant, Soraya Ferreira, is an individual who based upon the information provided by such Defendant resides at 4068 Palo Verde Dr., Boynton Beach, FL 33436.

24-R.   The Defendant, Edson F Souza, is an individual who based upon the information provided by such Defendant resides at 1003 Acton Ave., Lehigh Acres, FL 33971.

24-S.   The Defendant, Vaming Services, is an individual who based upon the information provided by such Defendant resides at 8228 Bedford Cove Way, Sacramento, CA 95828.

24-T.   The Defendant, Jorge Antonio Mejia Sequeira, is an individual who based upon the information provided by such Defendant resides at 3055 Jasmine Valley Dr., Canyon Country, CA 91387.

24-U.   The Defendant, Rodrigo Castro, is an individual who based upon the information provided by such Defendant resides at 11922 Golden Lodge Lane, Houston, TX 77066.

24-V.   The Defendant, David Reis, is an individual who based upon the information provided by such Defendant resides at 800 Governors Dr., Apt. 19, Winthrop, MA 02152.

24-W.   The Defendant, Ana Santos, is an individual who based upon the information provided by such Defendant resides at 120 Atlantic Ave., Long Branch, NJ 07740.

24-X.   The Defendant, Wesley Dias, is an individual who based upon the information provided by such Defendant resides at 21103 Via Eden, Boca Raton, FL 33433.

24-Y.   The Defendant, Timex Research Consulting Inc., is an individual who based upon the information provided by such Defendant resides at 10724 71st Rd., Apt. 14C, Forest Hills, NY 11375.

24-Z.   The Defendant, Celso Roberto Silva Filho, is an individual who based upon the information provided by such Defendant resides at 261 Whalepond Rd., Oakhurst, NJ 07105.

24-A(1).       The Defendant, Team Global Adverting LLC., is an individual who based upon the information provided by such Defendant resides at 13506 Paddington Circ., Austin, TX 78729.

24-B(1).       The Defendant, LWC Marketing, Inc.., is an individual who based upon the information provided by such Defendant resides at 57 Freeman Lane, Buena Park, CA 90621.

24-C(1).       The Defendant, Bartolo Castllo, is an individual who based upon the information provided by such Defendant resides at 23530 Canyon Lake Dr., Spring, TX 77373.

24-D(1).       The Defendant, Gaspar Jesus, is an individual who based upon the information provided by such Defendant resides at 235 Boston St., Apt 3, Lynn, MA 01904.

8

24-E(1).        The Defendant, Luisa E. Lopez, is an individual who based upon the information provided by such Defendant resides at 168 Thorndike St. #1, Cambridge, MA 02141.

24-F(1).        The Defendant, Marcio Souza Nery, is an individual who based upon the information provided by such Defendant resides at 260 Potter St., New Bedford, MA 02740.

24-G(1).        The Defendant, Debora C. Brasil, is an individual who based upon the information provided by such Defendant resides at 2220 NE 37th St., Lighthouse Point, FL 33064.

24-H(1).        The Defendant, Joelito Souza Caldas Junior, is an individual who based upon the information provided by such Defendant resides at 9751 Majorca Pl., Boca Raton, FL 33434.

24-I(1).        The Defendant, United Group USA, is an individual who based upon the information provided by such Defendant resides at 5620 Bay Side Dr., Orlando, FL 32819.

24-J(1).        The Defendant, Jean 2004 Enterprise Corp., is an individual who based upon the information provided by such Defendant resides at 1310 Partridge Close, Pompano Beach, FL 33064.

24-K(1).        The Defendant, Rudmar Gentil, is an individual who based upon the information provided by such Defendant resides at 425 Washington Ave., Apt. 3, Chelsea, MA 02150.

24-L(1).        The Defendant, New Generation Med Supply Inc., is an individual who based upon the information provided by such Defendant resides at 1037 51st ST., Apt. D7, Brooklyn, NY 11219.

9

24-M(1).        The Defendant, Daneng Xiong, is an individual who based upon the information provided by such Defendant resides at 280 St. Augustine Dr., Chico, CA 95928.

24-N(1).        The Defendant, Carlos Alfaro, is an individual who based upon the information provided by such Defendant resides at 20 Manor Place, Huntington Station, NY 11746.

24-O(1).        The Defendant, Lusette Balan, is an individual who based upon the information provided by such Defendant resides at 5648 Lowell St., Peabody, MA 01960.

24-P(1).        The Defendant, Technovia Inc., is an individual who based upon the information provided by such Defendant resides at 533 Cambridge St., Unit 310, Allston, MA 02134.

24-Q(1).        The Defendant, Faith Sloan, is an individual who based upon the information provided by such Defendant resides at 4809 Crystalline Pl., Apt. 102, Virginia Beach, VA 23462.

24-R(1).        The Defendant, Mariza S Morinelli, is an individual who based upon the information provided by such Defendant resides at 131 S. Federal Hwy., Apt. 527, Boca Raton, FL 33432.

24-S(1).        The Defendant, Nubia R Goulart, is an individual who based upon the information provided by such Defendant resides at 246 Winthrop St., Framingham, MA 01702.

24-T(1).        The Defendant, Roberto Nunez, is an individual who based upon the information provided by such Defendant resides at 16 Fairfield St., Worcester, MA 01602.

24-U(1).        The Defendant, Gilson Nassar, is an individual who based upon the information provided by such Defendant resides at 3500 W. Hillsboro Blvd., Apt. 201, Coconut Creek, FL 33073.

24-V(1).        The Defendant, Bingjian Pan, is an individual who based upon the information provided by such Defendant resides at 13708 31st Rd., Flushing, NY 11354.

24-W(1).        The Defendant, Yue Chen, is an individual who based upon the information provided by such Defendant resides at 1935 Potrero Grande Dr., Apt. 209, Monterey Park, CA 91755.

24-X(1).        The Defendant, Rodrigo R Breda, is an individual who based upon the information provided by such Defendant resides at 14202 Grand Pre Rd., Apt. 303, Silver Spring, MD 20906.

24-Y(1).        The Defendant, Paulo Giuliano Diogenes de Bessa Rosado, is an individual who based upon the information provided by such Defendant resides at 420 Atlantic Ave., Long Branch, NJ 07740.

24-Z(1).        The Defendant, Jose Miguel Filho, is an individual who based upon the information provided by such Defendant resides at 27 Liberty St., Gloucester, MA 01930.

24-A(2).        The Defendant, Lan Lan Ji, is an individual who based upon the information provided by such Defendant resides at 1535 83rd St. #2, Brooklyn, NY 11228.

24-B(2).        The Defendant, Venerando Contreras, is an individual who based upon the information provided by such Defendant resides at 4650 Carey Ave. TRLR 121, Las Vegas, NV 89115.

24-C(2).        The Defendant, Jap International Network LLC, is an individual who based upon the information provided by such Defendant resides at 16490 Gateway Bridge Dr., Delray Beach, FL 33446.

24-D(2).      The Defendant, Walace Augusto Da Silva, is an individual who based upon the information provided by such Defendant resides at 57 Greenwood St., Marlborough, MA 01752.

24-E(2).      The Defendant, Ezau Soares Ferreira, is an individual who based upon the information provided by such Defendant resides at 27 High St., Apt. 2, East Weymouth, MA 02189.

24-F(2).      The Defendant, Eddie Alberto Duverge, is an individual who based upon the information provided by such Defendant resides at 90 Prospect Ave., Revere, MA 02151.

24-G(2).      The Defendant, Global Marketing Strategies, is an individual who based upon the information provided by such Defendant resides at 2460 E. Pole Rd., Everson, WA 98247.

24-H(2).      The Defendant, Carlos Vanterpool, is an individual who based upon the information provided by such Defendant resides at 255 Hidden Springs Cir., Kissimmee, FL 34743.

24-I(2).      The Defendant, Devendra Shah, is an individual who based upon the information provided by such Defendant resides at 5002 N. Oaks Blvd., North Brunswick, NJ 08902.

24-J(2).      The Defendant, Pat Jackson, is an individual who based upon the information provided by such Defendant resides at 12314 E. 55th Terr., Kansas City, MO 64133.

24-K(2).      The Defendant, Silverio Reyes, is an individual who based upon the information provided by such Defendant resides at 70 W. Walnut Park, Apt. 2, Roxbury, MA 02119.

24-L(2).      The Defendant, Fabiana Acacia Da Cruz Dos Santos, is an individual who based upon the information provided by such Defendant resides at 7983 NW 70th Ave., Parkland, FL 33067.

24-M(2).      The Defendant, Gerald Agnew, is an individual who based upon the information provided by such Defendant resides at 6406 Julie Ann Dr., Hanover, MD 21076.

24-N(2).      The Defendant, Dwayne Jones, is an individual who based upon the information provided by such Defendant resides at 3324 Parsons Blvd., Apt. 6P, Flushing, NY 11354.

24-O(2).      The Defendant, Joseph Pietropaolo, is an individual who based upon the information provided by such Defendant resides at 2300 Casey Cove, Cedar Park, TX 78613.

24-P(2).      The Defendant, Jamilson Marcos Conceicao, is an individual who based upon the information provided by such Defendant resides at 5451 Ginger Cove Dr., Apt. A, Tampa, FL 33634.

24-Q(2).      The Defendant, Sonya Crosby, is an individual who based upon the information provided by such Defendant resides at 800 Sweetbrier Dr., Alpharetta, GA 30004.

24-R(2).      The Defendant, Randy Crosby, is an individual who based upon the information provided by such Defendant resides at 800 Sweetbrier Dr., Alpharetta, GA 30004.

24-S(2).      The Defendant, Wesley Nascimento Alves sby, is an individual who based upon the information provided by such Defendant resides at 37 Lawrence St., Everett, MA 02149.

24-T(2).      The Defendant, Antonio Oliveira, is an individual who based upon the information provided by such Defendant resides at 5 Juniper St., North Billerica, MA 01862.

24-U(2).       The Defendant, Ronei Barreto, is an individual who based upon the information provided by such Defendant resides at 14 Branchport Ave., Long Branch, NY 07740.

24-V(2).       The Defendant, Milagros Adames, is an individual who based upon the information provided by such Defendant resides at 71 Swan St., Methuen, MA 01844.

24-W(2).       The Defendant, LM Davar Inc., is an individual who based upon the information provided by such Defendant resides at 6350 S. Elm Ln., Lake Worth, FL 33462.

24-X(2).       The Defendant, Parrot Bay Homes, Inc., is an individual who based upon the information provided by such Defendant resides a 6851 Cypress Cove Cir., Jupiter, FL 33458.

24-Y(2).       The Defendant, Edgar Borelli, is an individual who based upon the information provided by such Defendant resides at 291 Thompson St., Halifax, MA 02338.

24-Z(2).       The Defendant, Ricardo Fabin, is an individual who based upon the information provided by such Defendant resides at 60 Stevens Ave., Lawrence, MA 01843.

24-A(3).       The Defendant, Daniel Chavez, is an individual who based upon the information provided by such Defendant resides at 4149 S. Church St., Visalia, CA 93277.

24-B(3).       The Defendant, Faustino Torres, is an individual who based upon the information provided by such Defendant resides at 5514 Minaret Ct., Orlando, FL 32821.

24-C(3)        The Defendant, Helio Barbosa, is an individual who based upon the information provided by such Defendant resides at 1630 Worcester Rd., Apt. 626C, Framingham, MA 01702.

24-D(3)      The Defendant, Gelalin-3377, LLC, is an individual who based upon the information provided by such Defendant resides at 53 Walk Hill St., Apt 2, Jamaica Plain, MA 02130.

25.      TelexFree, Inc. is a Massachusetts corporation that had its principal place of business in Marlborough, Massachusetts.  Prior to February 2012, it was known as Common Cents Communications, Inc., which was incorporated by James Merrill ("Merrill"), Carlos Wanzeler ("Wanzeler") and Steven Labriola in 2002.

26.      TelexFree, LLC is a Nevada limited liability company with its principal place of business at the same address in Marlborough as TelexFree, Inc.  It was formed by Merrill, Wanzeler and Carlos Costa (a resident of Brazil) in July 2012, and it registered to do business in Massachusetts in April 2013.

27.      TelexFree Financial, Inc. is a corporation duly organized under the laws of the State of Florida and having a principal place of business in Marlborough as the other Debtors.

28.      On April 13, 2014, the Debtors filed for bankruptcy under Chapter 11 with the United States Bankruptcy Court for the District of Nevada.  The cases were transferred to this Court by Order dated May 23, 2014.

## Jurisdiction

29.      This adversary proceeding is brought pursuant to §§ 547, 548, 550 and 551 of Title 11 of the United States Code for the avoidance and recovery of fraudulent conveyances and preferential transfers.

30.      This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, this adversary proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

15

31.     Venue in this district is proper under 28 U.S.C. § 1409.

## Defendant Class Allegations

32.     The Trustee brings this action as a defendant class action pursuant to Federal

Rules of Civil Procedure 23(a), (b)(1)(A), and (b)(1)(B) against a class (the "Net Winner Class")

consisting of all persons or entities who, as a result of their participation in the Debtors, were

"Net Winners" (as defined below) and who reside within the United States.[1]

33.     For the purposes of inclusion in the Net Winner Class, a "Net Winner" is a person

who received more money from the Debtors (as "profit payments," "commissions," "bonuses" or

any other payments) and from other persons in connection with the purchase of membership

plans or VoIP Packages, than that person paid to the Debtors or to other persons in connection

with the purchase of membership plans or VoIP Package ("Net Winner Payment") as determined

based upon an aggregation of a Participant's User Accounts.  Determination of the Net Winner

Payment shall not include unredeemed credits, as described below.

34.     The members of the Net Winner Class are so numerous that joinder of all

members is impracticable.  There are approximately 15,000 persons who are members of the Net

Winner Class.[2]

35.     There are questions of law and fact that are common to the Net Winner Class.

These questions include, but are not limited to, the following:  (i) what transfers should be

included in the determination of a Net Winner; (ii) whether Net Winners should be determined

by an aggregation of Related User Accounts; (iii) whether the Net Winner Payments are

avoidable as fraudulent transfers because the Debtors had the actual intent to hinder, delay, or

---

[1] Claims against Net Winners who reside outside the United States will be brought in a separate action.
[2] Additionally, there are approximately 78,000 persons who are net winners and reside outside of the
United States and who will be subject to a separate action by the Trustee.

defraud creditors; (iv) whether the Net Winner Payments are avoidable as fraudulent transfers

because the transfers were made for less than fair consideration while the Debtors were

insolvent, undercapitalized, or unable to pay debts as they became due; (v) whether the Net

Preference Payments may be recovered as preferential transfers; (vi) whether the Court's finding

that the Debtors engaged in a Ponzi and pyramid scheme may be applied, along with any

applicable presumptions, in determining the Trustee's claims.

      36.     The named Defendants are Net Winners in the following amounts:

| Named Defendant | Net Winner Payment | Net Preference Payment[3] |
|---|---|---|
| Benjamin Argueta | $4,014,207 | $2,257,301 |
| Alexandro Rocha | $3,115,717 | $1,738,331 |
| Jose Neto | $2,604,994 | $ 877,963 |
| Julio C. Paz | $2,401,578 | $1,182,816 |
| Euzebio Sudre Neto | $1,677,831 | $1,116,774 |
| Hugo Alvarado | $1,343,234 | $ 414,092 |
| Ana R. Ramos | $1,325,909 | $ 578,697 |
| Linda Suzanne Hackett | $1,208,132 | $ 185,283 |
| Ruddy Abreau | $1,184,460 | $ 354,861 |
| Marco Almeida | $1,082,464 | $ 665,647 |
| Rodrigo Montemor | $1,006,856 | $ 589,179 |
| Laureano Arellano | $ 859,545 | $ 435,150 |
| Aaron Ataide | $ 855,234 | $ 524,036 |
| Rosane Cruz | $ 819,327 | $ 468,264 |
| Omar Quinonez | $ 739,057 | |
| Carlos C. Dejesus | $ 736,061 | $ 194,353 |
| Bilkish Sunesara | $ 633,692 | $ 234,022 |
| Andres Bolivar Estevez | $ 609,258 | $ 584,991 |
| Jose Lopez | $ 564,454 | $ 255,728 |
| Ana Rosa Lopez | $ 523,495 | $ 53,316 |
| Frantz Balan | $ 516,875 | $ 315,572 |
| Marcelo Dasilva | $ 430,469 | $ 351,356 |
| Gladys Alvarado | $ 259,764 | |

---

[3] Net Preference Payment is defined in paragraph 77 and is a subset of Net Winner Payment.

| | | |
|---|---|---|
| Maria Teresa Milagres Neves | $4,096,689 | $186,133 |
| Marcos Lana | 3,159,865 | 1,702,573 |
| Luiz Antonio Da Silva | 2,707,829 | 1,250,373 |
| Bruno Graziani | 2,400,427 | 1,594,918 |
| Eduardo N Silva | 2,405,821 | 854,647 |
| Michel Cristiano Santolin De Arruda | 2,106,523 | 1,554,364 |
| Francisdalva Siqueira | 2,034,063 | 1,082,321 |
| Alexander N. Aurio | 2,029,732 | 707,215 |
| Amilcar Lopez | 1,762,486 | 607,772 |
| Renato Sacramento | 1,731,637 | (829) |
| Julio Silva | 1,579,488 | 720,889 |
| Davidson R. Teixeira | 1,544,904 | 1,253,810 |
| Jose Carlos Maciel | 1,508,395 | 1,031,618 |
| Jesus Osuna | 1,398,170 | 431,189 |
| Chai Hock Ng | 1,381,440 | 1,425,138 |
| Edilene Storck Navarro | 1,299,826 | 523,408 |
| Helio Barbosa | 1,228,447 | 1,004,841 |
| Gelalin-3377, LLC | 1,268,114 | 457,805 |
| Soraya Ferreira | 1,198,070 | 637,195 |
| Edson F Souza | 1,142,732 | 414,091 |
| Vaming Services | 1,139,570 | 650,067 |
| Jorge Antonio Mejia Sequeira | 1,131,657 | 676,922 |
| Rodrigo Castro | 1,087,836 | 403,584 |
| David Reis | 1,037,716 | 559,150 |
| Ana Santos | 985,770 | 460,592 |
| Wesley Dias | 968,101 | 689,304 |
| Timex Research Consulting Inc. | 919,922 | 800,001 |
| Celso Roberto Silva Filho | 916,169 | 411,021 |
| Team Global Adverting LLC | 896,347 | 481,195 |
| LWC Marketing, Inc. | 895,452 | 41,661 |
| Bartolo Castllo | 888,879 | 136,772 |
| Gaspar Jesus | 882,936 | 544,583 |
| Luisa E. Lopez | 843,008 | 397,195 |
| Marcio Souza Nery | 829,989 | 450,821 |
| Debora C. Brasil | 821,265 | 571,175 |
| Joelito Souza Caldas Junior | 819,345 | 447,817 |
| United Group USA | 819,147 | 1,727 |
| Jean 2004 Enterprise Corp | 811,611 | 320,116 |
| Rudmar Gentil | 763,723 | 577,819 |
| New Generation Med Supply Inc. | 749,315 | 451,156 |
| Daneng Xiong | 748,427 | 401,739 |

| | | |
|---|---|---|
| Carlos Alfaro | 735,050 | 318,313 |
| Lusette Balan | 721,287 | 328,169 |
| Technovia Inc. | 713,262 | 155,122 |
| Faith Sloan | 710,319 | 138,517 |
| Mariza S Morinelli | 701,140 | 427,593 |
| Nubia R Goulart | 689,351 | 515,317 |
| Roberto Nunez | 685,145 | 392,660 |
| Gilson Nassar | 681,059 | - |
| Bingjian Pan | 665,567 | 186,736 |
| Chen, Yue | 646,533 | 129,012 |
| Rodrigo R Breda | 645,136 | 584,953 |
| Paulo Giuliano Diogenes De Bessa Rosado | 643,139 | 513,808 |
| Jose Miguel Filho | 634,336 | 261,898 |
| Lan Lan Ji | 626,604 | 109,840 |
| Venerando Contreras | 621,856 | 241,997 |
| Jap International Network LLC | 612,248 | 299,016 |
| Walace Augusto Da Silva | 599,048 | 285,200 |
| Ezau Soares Ferreira | 625,373 | 348,872 |
| Eddie Alberto Duverge | 589,258 | 406,596 |
| Global Marketing Strategies | 584,816 | 85,240 |
| Carlos Vanterpool | 583,242 | 39,946 |
| Devendra Shah | 576,112 | 292,166 |
| Pat Jackson | 573,572 | 194,839 |
| Silverio Reyes | 572,581 | 194,902 |
| Fabiana Acacia Da Cruz Dos Santos | 590,563 | 439,848 |
| Dwayne Jones | 561,487 | 131,374 |
| Gerald Agnew | 551,046 | - |
| Joseph Pietropaolo | 548,479 | 135,204 |
| Jamilson Marcos Conceicao | 545,711 | 440,232 |
| Sonya Crosby | 541,450 | 3,678 |
| Wesley Nascimento Alves | 538,507 | 354,457 |
| Antonio Oliveira | 534,087 | 279,358 |
| Ronei Barreto | 524,096 | 339,001 |
| Milagros Adames | 520,902 | 187,021 |
| Lm Davar Inc. | 518,677 | 403,935 |
| Parrot Bay Homes, Inc. | 516,365 | 71,916 |
| Edgar Borelli | 512,609 | 57,841 |
| Ricardo Fabin | 507,693 | 211,976 |
| Daniel Chavez | 505,079 | 218,289 |
| Faustino Torres | 502,770 | 246,589 |
| Randy Crosby | 487,621 | 120,211 |

37.     The named individual defendants were among the largest Net Winners of the Debtors' scheme and should be appointed, without cost to the Estates, as representatives of the Net Winner Class (the "Class Representatives").

38.     The Class Representatives will be adequate and appropriate representatives of the Net Winner Class in the course of and by virtue of their own defense to the same claims. Because they have substantially more (or certainly at least as much) incentive to vigorously defend against the Trustee's claims as any unnamed class member, these Defendants will fairly and adequately protect and represent the interests of the unnamed members of the Net Winner Class.

39.     The claims against and anticipated defenses of the Class Representatives are typical of the claims against and anticipated defenses of the unnamed members of the Net Winner Class.  Like the Class Representatives, each of the unnamed members of the Net Winner Class participated in the Debtors' Ponzi and pyramid scheme and received more money than they paid during the course of their participation.  The claims for return of "net winnings" against all the Net Winners are the same and should be calculated the same way for all class members.

40.     The nature of the defenses that may be asserted by the Class Representatives also would be the same, as liability for repayment of the fraudulent transfers made by the Debtors to the Net Winner Class does not depend on the personal circumstances of particular individuals (other than in the mathematical calculation of the amount of their liability, which will be resolved independently of the determination of liability).

41.     Prosecuting separate actions against individual class members would create a risk of inconsistent judgments with respect to individual class members.

### Statement of Facts

42.     The Debtors operated a massive Ponzi and pyramid scheme, which involved as many as 1,900,000 participants ("Participants") from multiple countries under the guise of a "multi-level marketing" company with its headquarters in Marlborough, Massachusetts.  The Debtors represented themselves as being in the business of selling telephone service plans that use "voice over Internet" ("VoIP") technology.  However, the sale of VoIP constituted only a minor portion of their business; the Debtors' actual business was the recruitment of Participants.

43.     From April 2012 to April 2014, individuals throughout the world, including many Participants of the Brazilian and Dominican immigrant communities in the United States, purchased membership plans with a transaction value of approximately $3,000,000,000.  The memberships promised substantial returns – 200% per year or more – for becoming "promoters" of the business.  The Debtors promised to pay Participants for placing ads on obscure classified ad sites on the internet and recruiting other Participants to do the same.

44.     The basic features of the Debtors' membership program had all the hallmarks of a Ponzi and pyramid scheme:  (1) Participants were promised unusually high returns – over 200% per year – for doing virtually nothing except posting meaningless internet ads; (2) Participants were promised bonuses if they recruited new Participants, who would do virtually nothing except post ads and recruit new Participants (and so on and so on); and (3) while there were some VoIP plans sold, Participants did not have to sell the plans in order to receive redeemable credits. Because Participants were strongly encouraged to recruit new Participants and were not required to sell the VoIP plans, the Debtors were using funds from later Participants to pay earlier Participants.

45.     The membership fees from Participants constituted more than ninety-nine percent (99%) of the monies taken in by the Debtors.  Prior to March 9, 2014, the Debtors did not require Participants to sell the VoIP service in order to qualify for credits which could be monetized.

46.     The revenues from retail VoIP sales were only a tiny fraction of the money the Debtors promised to pay to Participants.  Credit card and banking transactions indicate that, from August 2012 to March 2014, the Debtors received approximately $6,600,000 from the retail sale of monthly VoIP contracts.  During the same period, the Debtors received more than $340,000,000 from Participants who purchased contracts.  Through the sale of those one-year contracts, the Debtors effectively promised to pay more than $5,000,000,000 to the Participants on account of the guaranteed return for posting internet advertisements.  In other words, the revenues from retail VoIP sales covered barely 0.1% of the Debtors' obligations to pay Participants for placing advertisements, without taking into account obligations to pay Participants the commissions associated with recruiting other Participants.  As a result, the Debtors paid earlier Participants not with revenues from selling the VoIP services but with money received from later Participants.

47.     On November 25, 2015, the Court, on motion by the Trustee and after notice and hearing, entered an Order, as amended on December 21, 2015, finding that the Debtors were engaged in a Ponzi scheme and that this ruling was the law of the case in each of the jointly administered cases.

**User Accounts**

48.     Each time that a Participant purchased a membership plan or VoIP Package, the Participant established an account with the Debtors (the "User Account") that recorded the

Participant's transactions with the Debtors, including payments of invoices, accumulation of credits, bonuses, and commissions, use of credits to satisfy invoices, and cash receipts.

49.    At the time a User Account was established, the Participant was directed to provide his/her name, address, email address, phone numbers, passcodes, and other identifying information (the "Common Identifiers").

50.    A Participant could establish more than one User Account and, in practice, many Participants had multiple User Accounts.

51.    The User Accounts tracked credits issued to Participants for placing advertisements, selling membership plans and VoIP Packages, and the activities of certain other affiliated Participants.  These credits could be redeemed by a Participant for cash, transferred by a Participant to another User Account, or applied by a Participant in satisfaction of an invoice for another User Account in exchange for cash payment from a recruited Participant.

## Types of Transactions

52.    Invoices issued by the Debtors to Participants for the purchase of a membership plan could be satisfied in one of two ways.  Participants could satisfy the invoice by payment in cash to the Debtors, or Participants could use their accumulated credits in one User Account to satisfy an invoice for a membership plan sold to a new User Account, for themselves or for another Participant.

53.    In the case of a Participant satisfying his/her own invoice by payment in cash to the Debtors, the process worked, generally, as follows:

(i)    The Participant established an online account;

(ii)    The Debtors' database recorded the data entered by the new Participant and the identity of the recruiting Participant, and assigned an identification number to the new User Account;

23

(iii)    The Debtors recorded the purchase, issued a numbered invoice, and marked the invoice as 'pending';

(iv)    A Participant could pay the invoice by cash, check, cashier's check, wire transfer, or through a third-party online payment processing account. When the invoice was paid, the Debtors would update the invoice;

(v)    The new Participant could then start building a pyramid underneath the newly created User Account by recruiting other members (or by purchasing new User Accounts themselves) and generating bonuses and commissions.

54.    A Participant could monetize accumulated credits by recruiting a new Participant using his/her accumulated credits to satisfy the invoice issued by the Debtors to the new Participant for the purchase of a membership plan, and the new Participant paid the membership fee to the recruiting member, rather than to the Debtors (hereinafter a "Triangular Transaction").

55.    In the case of a new User Account being opened with the use of accumulated credits in another User Account, the process worked, generally, as follows:

(i)    A Participant created his/her online account, or used their existing account information, to establish a new User Account;

(ii)    The Debtors' database recorded the details entered by the new Participant and assigned an identification number to the new User Account;

(iii)    The Debtors recorded the purchase, issued an invoice to the new User Account, and marked the invoice as 'pending';

(iv)    The new Participant forwarded the invoice to the recruiting Participant, who satisfied the invoice with accumulated credits in the existing User Account;

(v)    The new Participant paid the invoice amount to the recruiting Participant (in those cases where there were two separate Participants involved).

56.    The substantive result of the Triangular Transaction is that funds otherwise payable to the Debtors from Participants for the purchase of membership plans were paid to the

recruiting Participants, who in turn satisfied the invoice issued by the Debtors to the new

Participant by reducing the recruiting Participant's accumulated credits.

## Count One

### Declaratory Judgment for Determination of Net Winner

57.     The Trustee realleges and repeats the allegations contained in paragraphs 1

through 56 above and by reference incorporates them herein.

58.     Participants had multiple User Accounts, which can be identified to the

Participant by, among other means, Common Identifiers.  These multiple User Accounts of a

Participant are hereinafter referred to as "Related User Accounts."

59.     The Trustee has determined the Net Winners by aggregating Related User

Accounts to include money paid to the Debtors, received from the Debtors, and money paid to

and received from other Participants in connection with the purchase or membership plans and

VoIP Packages.

60.     The Trustee is entitled to a judgment declaring that a Net Winner is determined by

aggregating Related User Accounts.

## Count Two

### Fraudulent Transfer -- Constructive – 11 U.S.C. §§ 548(a)(1)(B), 550 and 551

61.     The Trustee realleges and repeats the allegations contained in paragraphs 1

through 60 above and by reference incorporates them herein.

62.     The Net Winner Payments were made within two years of the Petition Date.

63.     Each of the Net Winner Payments constitutes a "transfer," as that term is defined

in 11 U.S.C. § 548, of an asset or interest in an asset of the Debtors.

64.     Each Net Winner Payment was made for less than fair consideration.

65.     Each Net Winner Payment was made while the Debtors were insolvent, undercapitalized, or unable to pay their debts as they became due.

66.     Each of the Net Winner Payments constitutes a fraudulent transfer avoidable by the Trustee pursuant to § 548(a)(1)(B) of the Bankruptcy Code and recoverable from the Defendants and members of the Net Winner Class pursuant to § 550(a) of the Bankruptcy Code.

67.     As a result of the foregoing, pursuant to §§ 548(a)(1)(B), 550(a) and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendants and each member of the Net Winner Class:  (a) avoiding and preserving the Net Winner Payments, (b) directing that the Net Winner Payments be set aside, and (c) recovering the Net Winner Payments, or the value thereof, from the Defendants or members of the Net Winner Class for the benefit of the Estates.

## Count Three

### Fraudulent Transfer -- Actual – 11 U.S.C. §§ 548(a)(1)(A), 550, and 551

68.     The Trustee realleges and repeats the allegations contained in paragraphs 1 through 67 above and by reference incorporates them herein.

69.     Each of the Net Winner Payments was made on or within two years before the commencement of these Chapter 11 cases.

70.     Each of the Net Winner Payments constitutes a "transfer," as that term is defined in 11 U.S.C. § 548, of an asset or interest in an asset of the Debtors.

71.     Each of the Net Winner Payments was made with the actual intent to hinder, delay or defraud some or all of the Debtors' then existing and/or future creditors.

72.     Each of the Net Winner Payments constitutes a fraudulent transfer avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(A) and recoverable from the Defendants pursuant to §§ 550(a) and 551 of the Bankruptcy Code.

73.     As a result of the foregoing, pursuant to 11 U.S.C. § 548, the Trustee is entitled to a judgment against the Defendants and members of the Net Winner Class:  (a) avoiding and preserving the Net Winner Payments, (b) directing that the Net Winner Payments be set aside, and (c) recovering the Net Winner Payments, or the value thereof, from the Defendants and the members of the New Winner Class for the benefit of the Estates.

## Count Four

### Preferences – 11 U.S.C. §§ 547, 550 and 551

74.     The Trustee realleges and repeats the allegations contained in paragraphs 1 through 73 above and by reference incorporates them herein.

75.     Certain members of the Net Winner Class received more payments from the Debtors (whether from payments directly from the Debtors or from Triangular Transactions) than they paid (whether from payments to the Debtors or through Triangular Transactions) within ninety (90) days of the commencement of these cases (the "Net Preference Payment").

76.     To the extent a Defendant received Net Preference Payments of not less than $6,225, such payments were made:

(a)     to or for the benefit of the Defendant, who claims to be a creditor at the time of the transfers;

(b)     for or on account of an antecedent debt owed by the Debtors before such transfer was made;

(c)     while the Debtors were insolvent;

27

(d)     within 90 days (within one year) of the petition date; and

(e)     enabling the Defendant to receive more than a creditor would

receive if the case was one under Chapter 7, the transfer was not

made and the Defendant received payment of such debt to the

extent provided by the provisions of Title 11 of the United States

Code.

77.     The Net Preference Payments, to the extent totaling at least $6,225 as to each

Defendant, may be avoided as a preferential transfer pursuant to 11 U.S.C. § 547 and recovered

from the Defendants pursuant to 11 U.S.C. § 550, and 551.

78.     The Trustee is entitled to a judgment against the Defendants:  (a) avoiding and

preserving the Net Preference Payments, (b) directing that the Net Preference Payments be set

aside, and (c) recovering the Net Preference Payments, or the value thereof, from the Defendants

and the members of the New Winner Class for the benefit of the Estates.

## **Count Five**

### **Declaratory Judgment**

79.     The Trustee realleges and repeats the allegations contained in paragraphs 1

through 78 above and by reference incorporates them herein.

80.     Upon a judgment that the Net Winner Payments and Net Preference Payments are

recoverable by the Trustee, the Trustee requests the Court enter an order determining the

calculation of the liability of the Defendants and each member of the Net Winner Class to the

Trustee.

81.     The Trustee requests the Court determine that the following constitute an

appropriate procedure for determination of monetary liability:

a.   The Trustee submits to each Defendant and each member of the Net Winner

Class a statement setting forth:

(i)   A listing of all User Accounts identified to each Defendant or member of

the Net Winner Class as a Related User Account,

(ii)   A summary of the transactions within each Related User Account,

(iii)  The net amount due based upon an aggregation of the Related User

Accounts;

b.   Each Defendant and member of the Net Winner Class shall respond within

forty-five (45) days if he/she disagrees with the Trustee's statement of the Net

Winner Payment or Net Preference Payments, and if so, provide a detailed

statement of the basis of the disagreement;

82.   If no timely objection is submitted, the Court shall enter judgment for the amount

of the statement.

83.   If a timely objection is filed, the amount of the judgment shall be determined by

the Court.

## Count Six

### Disallowance of Claims Pursuant to 11 U.S.C. §502(d)

84.   The Trustee realleges and repeats the allegations contained in paragraphs 1

through 83 above and by reference incorporates them herein.

85.   Pursuant to 11 U.S.C. §502(d), the Court shall disallow any claim of a Net

Winner from whom property is recoverable under Section 550 of the Bankruptcy Code, or that is

a transferee of a transfer avoidable under Sections 547 or 548 of the Bankruptcy Code, unless

such Net Winner has paid the amount or turned over any such property for which the Net Winner

is liable under Section 550.

86.     To the extent the a Net Winner fails to pay to the Trustee a Net Winner Payment

or Net Preference Payment, any claims of such Net Winner in these bankruptcy cases shall be

disallowed without further order of Court.

**WHEREFORE**, Stephen Darr as he is the Trustee of the Chapter 11 Estates of

TelexFree, Inc., TelexFree, LLC and TelexFree Financial, Inc. respectfully prays that the Court

enter judgment for him against the Defendants and the members of the New Winner Class as

follows:

1.     On Count One, enter a declaratory judgment in favor of the Trustee that a Net

Winner is to be determined in accordance with the methodology set forth in paragraphs 58

through 60.

2.     On Count Two, pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550(a) and 551 of the

Bankruptcy Code:  (a) avoiding and preserving the Net Winner Payments, (b) directing the Net

Winner Payments be set aside and (c) recovering the Net Winner Payments from the Defendants

and each member of the Net Winner Class for the benefit of the Estates.

3.     On Count Three, pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a) and 551 of the

Bankruptcy Code:  (a) avoiding and preserving Net Winner Payments, (b) directing the Net

Winner Payments be set aside and (c) recovering the Net Winner Payments from the Defendants

and each member of the Net Winner Class for the benefit of the Estates.

4.     On Count Four, pursuant to 11 U.S.C. § 547, (a) avoiding Net Preference

Payments received by each Defendant and each member of the Net Winner Class as preferential

30

payments, to the extent such payments total at least $6,225, and (b) recovering such payments for the benefit of the Estates.

5.      On Count Five, enacting a procedure by which the amount each Defendant and each member of the Net Winner Class owes to the Trustee is determined and upon which a monetary judgment will be entered for the Trustee.

6.      On Count Six, disallowing the claims of any Net Winner who does not pay to the Trustee a Net Winner Payment or Net Preference Payment, in accordance with 11 U.S.C. §502(d).

7.      And for such other and further relief as this Court deems just and proper.

STEPHEN DARR AS HE IS THE
TRUSTEE OF THE CHAPTER 11
ESTATES OF EACH OF THE
TELEXFREE DEBTORS

By his attorneys,

  /s/ Charles R. Bennett, Jr.
Charles R. Bennett, Jr. (BBO #037380)
Harold B. Murphy (BBO #326610
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400
CBennett@murphyking.com
HMurphy@murphyking.com

Dated:  April 14, 2016
701489