# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 11 Cases |
| TELEXFREE, LLC, | 14-40987-MSH |
| TELEXFREE, INC. and | 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | 14-40989-MSH |
| Debtors. | Jointly Administered |
| STEPHEN B. DARR AS HE IS THE TRUSTEE OF THE CHAPTER 11 ESTATES OF EACH OF THE DEBTORS, | |
| Plaintiff, | |
| v. | |
| BENJAMIN ARGUETA, ALEXANDRO ROCHA, JOSE NETO, JULIO C. PAZ, EUZEBIO SUDRE NETO, HUGO ALVARADO, ANA R. RAMOS, LINDA SUZANNE HACKETT, RUDDY ABREAU, MARCO ALMEIDA, RODRIGO MONTEMOR, LAUREANO ARELLANO, AARON ATAIDE, ROSANE CRUZ, OMAR QUINONEZ, CARLOS C. DEJESUS, BILKISH SUNESARA, ANDRES BOLIVAR ESTEVEZ, JOSE LOPEZ, ANA ROSA LOPEZ, FRANTZ BALAN, MARCELO DASILVA, GLADYS ALVARADO, MARIA TERESA MILAGRES NEVES, MARCOS LANA, LUIZ ANTONIO DA SILVA, BRUNO GRAZIANI, EDUARDO N. SILVA, MICHEL CHRISTIANO SANTOLIN DE ARRUDA, FRANCISDALVA SIQUEIRA, ALEXANDER N. AURIO, AMILCAR LOPEZ, RENATO SACRAMENTO, JULIO SILVA, DAVIDSON R. TEIXEIRA, JOSE CARLOS MACIEL, JESUS OSUNA, CHAI HOCK NG, EDILENE STORCK NAVARRO, SORAYA FERREIRA, EDSON F. SOUZA, VAMING SERVICES, JORGE ANTONIO MEJIA SEQUEIRA, RODRIGO CASTRO, DAVID REIS, | Adversary Proceeding No. 16-04006 |

| |
|---|
| ANA SANTOS, WESLEY DIAS, TIMEX RESEARCH CONSULTING, INC., CELSO ROBERTO SILVA FILHO, TEAM GLOBAL ADVERTISING LLC, LWC MARKETING, INC., BARTOLO CASTLLO, GASPAR JESUS, LUISA E. LOPEZ, MARCIO SOUZA NERY, DEBORA C. BRASIL, JOELITO SOUZA CALDAS JUNIOR, UNITED GROUP USA, JEAN 2004, ENTERPRISE CORP., RUDMAR GENTIL, NEW GENERATION MED SUPPLY, INC., DANEUNG XIONG, CARLOS ALFARO, LUSETTE BALAN, TECHNOVIA, INC., FAITH SLOAN, MARIZA S. MORINELLI, NUBIA R. GLOULART, ROBERTO NUNEZ, GILSON NASSAR, BINGJIAN PAN, YUE CHEN, RODRIGO R. BREDA, PAULO GIULIANO DIOGENES DE BESSA ROSADO, JOSE MIGUEL FILHO, LAN LAN JI, VENERANDO CONTRERAS, JAP INTERNATIONAL NETWORK, LLC, WALACE AUGUSTO DA SILVA, EZAU SOARES FERREIRA, EDDIT ALBERTO DUVERGE, GLOBAL MARKETING STRATEGIES, CAROL VANTERPOOL, DEVENDRA SHAH, PAT JACKSON, SILVERIO REYES, FABIANA ACACIA DA CRUZ DOS SANTOS, GERALD AGNEW, DWAYNE JONES, JOSEPH PIETROPAOLO, JAMILSON MARCO CONCEICAO, SONYA CROSBY, RANDY CROSBY, WESLEY NASCIMENTO ALVESBY, ANTONIO OLIVEIRA, RONEIL BARRETO, MILAGROS ADAMES, LM DAVAR, INC., PARROT BAY HOMES, INC., EDGAR BORELLI, RICHARDO FABIN, DANIEL CHAVEZ, FAUSTINO TORRES, HELIO BARBOSA, GELALIN-3377, LLC AND A DEFENDANT CLASS OF NET WINNERS,<br>　　　　　　Defendant(s). |

**TRUSTEE'S STATUS REPORT RESPECTING CLASS CERTIFICATION**

Stephen B. Darr, as he is Trustee (the "Trustee") of the Chapter 11 Estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, the "Debtors"), respectfully submits this Status Report with respect to the Trustee's Motion for Class Certification that is scheduled for hearing on June 15, 2016.

1. On January 15, 2016, the Trustee commenced this defendant class action proceeding. On the same date, the Trustee filed his Motion for Class Certification. The complaint was amended by order dated April 13, 2016 to add additional named defendants.

2. As set forth in the Motion for Class Certification and supporting Memorandum which are hereby incorporated by reference, the Court may certify the defendant class if: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Bankr. Proc. 7023.

3. There are a number of issues associated with appointing a defendant class representative and class counsel, including issues associated with adequacy of class representation and funding of class counsel costs.

4. Adequacy of class representation has been held to encompass consideration of two factors: (a) the attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the named representatives must not have interests antagonistic to those of the class. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3rd Cir.), *cert. denied,* 421 U.S. 1011, 95 S. Ct. 2415, 44 L. Ed. 2d 679 (1975); *Santiago v. City of Philadelphia,* 72 F.R.D. 619, 625 (E.D. Pa. 1976). Whether or not the representative parties can adequately

3

represent a class "depends on all the circumstances of the particular case." *Wetzel, supra,* 508 F.2d at 247.

5.  With respect to funding of defendant class counsel, issues exist as to the extent to which the named representative(s) may look to the plaintiff for reimbursement of fees and costs associated with class defense. In this regard, *see, e.g., Hanson v. Schilling*, 418 F. Supp. (N.D. Ill. 1976)(court shifted noticing costs for the defendant class to the plaintiff; with this adjustment, adequacy of representation was found to exist despite objections as to budgetary constraints); *In re Dehon*, 298 B.R. 206 (Bankr. D. Mass. 2003)(court authorized payment of class defense costs from the bankruptcy estate in the context of the estate's objection to numerous rescission claims; court authorized payments based upon substantial contribution by creditors pursuant to 11 U.S.C. §503); *Bell v. Disner*, Civ. No. 3:14-CV-00091 (W.D.N.C. Feb. 10, 2015)(receivership estate required to help fund costs of defense, subject to evidence of defendants' financial ability).

6.  With respect to class counsel funding concerns, the court also may consider the extent to which defense costs may be paid from the proceeds of any settlements or recoveries from defendants. *See In re Integra Realty Resources, Inc.*, 354 F.3d 1246 (10th Cir. 2004)(Fidelity not disqualified as class representative even though class counsel costs incurred by Fidelity could be offset from proceeds of settlements or recoveries).

7.  The court may compel a defendant to serve as class representative over their objection. *See, e.g., Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2nd Cir. 1995)(FRCP 23(a)(4) does not require a willing representative, merely an adequate one). *See also Marcera v. Chinlund,* 595 F.2d 1231, 1239 (2d Cir. 1979) (*vacated sub nom. Lombard v. Marcera*, 442 U.S. 915 (1979)) ("courts must not readily accede to the wishes of named defendants" who refuse to be representatives); *Monaco v. Stone*, 187 F.R.D. 50, 65 (E.D.N.Y.

1999) (certifying class representative despite claim that unwillingness made her inadequate); *In re Integra Realty Res., Inc.*, 179 B.R. 264, 271 (Bankr. D. Colo. 1995), subsequently aff'd, 354 F.3d 1246 (10th Cir. 2004) ("The fact that a defendant is an unwilling class representative should not deter the court from naming it as representative."); *In re Gap Stores Sec. Litig.*, 79 F.R.D. 283, 290 (N.D. Cal. 1978) ("Ironically, the best defendant class representative may well be the one who most vigorously and persuasively opposes certification since he is the one most likely to guarantee an adversary presentation of the issues.").

8. Since the commencement of the action, approximately twenty-two (22) answers have been filed. Several answers were filed *pro se*. At least eight (8) different law firms have filed answers on behalf of the other responding defendants. None of the defendants that have appeared, nor their counsel, has expressed a willingness to serve as class representative or class counsel.

9. Ilyas Rona and the firm of Milligan, Rona, Duran & King, LLC ("MRDK") has not formally appeared on behalf of any defendant. MRDK represented to the Trustee, however, that it has been contacted by or on behalf of approximately fifty (50) named defendants in this litigation and has expressed a willingness in serving as defendant class counsel, subject to the resolution of funding concerns.

10. MRDK, on behalf of the potential class representatives, and the Trustee have had discussions concerning the terms pursuant to which MRDK could act as counsel for the class representatives and be compensated for those services.

11. While these discussions are ongoing, two potential sources of compensation are being considered. MRDK would be entitled to seek compensation from the estate, not to exceed an agreed-upon amount, and from a pool of assets arising from recoveries in the class action

litigation not to exceed an agreed-upon amount, and each being subject to notice, review and allowance by this Court.

12. Any agreement among the Trustee, MRDK and the class representatives as to compensating MRDK for acting as counsel to the class representatives shall be subject to an order of this Court entered after notice and a hearing to address the appropriateness of the methodology and objections, if any, including any ethical issues relating to the agreement.

        STEPHEN B. DARR AS TRUSTEE
OF THE CHAPTER 11 ESTATES OF
TELEXFREE, LLC, TELEXFREE, INC.
AND TELEXFREE FINANCIAL, INC.

By his attorneys,

/s/ Charles R. Bennett, Jr.
Charles R. Bennett, Jr. (BBO #037380)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400
CBennett@murphyking.com

Dated: June 9, 2016

710108