UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC., | Chapter 11 Cases<br><br>14–40987–MSH<br>14–40988–MSH<br>14–40989–MSH<br><br>Jointly Administered |
| STEPHEN B. DARR, CHAPTER 11 TRUSTEE OF THE DEBTORS,<br><br>          Plaintiff,<br><br>   v.<br><br>BENJAMIN ARGUETA, ALEXANDRO ROCHA, JOSE NETO, JULIO C. PAZ, EUZEBIO SUDRE NETO, HUGO ALVARADO, ANA R. RAMOS, LINDA SUZANNE HACKETT, RUDDY ABREAU, MARCO ALMEIDA, RODRIGO MONTEMOR, LAUREANO ARELLANO, AARON ATAIDE, ROSANE CRUZ, OMAR QUINONEZ, CARLOS C. DEJESUS, BILKISH SUNESARA, ANDRES BOLIVAR ESTEVEZ, JOSE LOPEZ, ANA ROSA LOPEZ, FRANTZ BALAN, MARCELO DASILVA, GLADYS ALVARADO, MARIA TERESA MILAGRES NEVES, MARCOS LANA, LUIZ ANTONIO DA SILVA, BRUNO GRAZIANI, EDUARDO N. SILVA, MICHEL CHRISTIANO SANTOLIN DE ARRUDA, FRANCISDALVA SIQUEIRA, ALEXANDER N. AURIO, AMILCAR LOPEZ, RENATO SACRAMENTO, JULIO SILVA, DAVIDSON R. TEIXEIRA, JOSE CARLOS MACIEL, JESUS OSUNA, CHAI HOCK NG, EDILENE STORCK NAVARRO, SORAYA FERREIRA, EDSON F. SOUZA, VAMING SERVICES, JORGE ANTONIO MEJIA SEQUEIRA, RODRIGO CASTRO, DAVID REIS, ANA SANTOS, WESLEY DIAS, TIMEX RESEARCH CONSULTING, INC., CELSO ROBERTO SILVA FILHO, TEAM GLOBAL ADVERTISING LLC, LWC MARKETING, INC., BARTOLO CASTLLO, GASPAR JESUS, LUISA E. LOPEZ, MARCIO SOUZA NERY, DEBORA C. BRASIL, JOELITO SOUZA CALDAS JUNIOR, UNITED GROUP USA, JEAN 2004, | Adversary Proceeding<br>No. 16–04006 |

ENTERPRISE CORP., RUDMAR GENTIL, NEW GENERATION MED SUPPLY, INC., DANEUNG XIONG, CARLOS ALFARO, LUSETTE BALAN, TECHNOVIA, INC., FAITH SLOAN, MARIZA S. MORINELLI, NUBIA R. GLOULART, ROBERTO NUNEZ, GILSON NASSAR, BINGJIAN PAN, YUE CHEN, RODRIGO R. BREDA, PAULO GIULIANO DIOGENES DE BESSA ROSADO, JOSE MIGUEL FILHO, LAN LAN JI, VENERANDO CONTRERAS, JAP INTERNATIONAL NETWORK, LLC, WALACE AUGUSTO DA SILVA, EZAU SOARES FERREIRA, EDDIT ALBERTO DUVERGE, GLOBAL MARKETING STRATEGIES, CAROL VANTERPOOL, DEVENDRA SHAH, PAT JACKSON, SILVERIO REYES, FABIANA ACACIA DA CRUZ DOS SANTOS, GERALD AGNEW, DWAYNE JONES, JOSEPH PIETROPAOLO, JAMILSON MARCO CONCEICAO, SONYA CROSBY, RANDY CROSBY, WESLEY NASCIMENTO ALVESBY, ANTONIO OLIVEIRA, RONEIL BARRETO, MILAGROS ADAMES, LM DAVAR, INC., PARROT BAY HOMES, INC., EDGAR BORELLI, RICHARDO FABIN, DANIEL CHAVEZ, FAUSTINO TORRES, HELIO BARBOSA, GELALIN-3377, LLC AND A DEFENDANT CLASS OF NET WINNERS,

                     Defendants.

**MOTION TO DESIGNATE CLASS REPRESENTATIVE, APPOINT MILLIGAN RONA DURAN & KING LLC AS CLASS COUNSEL, AND CREATE DEFENSE FUND, ASSENTED-TO BY TRUSTEE IN ALL RESPECTS EXCEPT AS TO AMOUNT OF PROPOSED FUND**

Pursuant to Bankr. R. 7023 (g)(1), Defendant Frantz Balan hereby respectfully moves for an order: (1) designating Frantz Balan class representative in this defendant class action; (2) appointing Milligan Rona Duran & King LLC ("MRDK") class counsel, subject to the availability of reasonable and limited funding by the Estate; and (3) creating a defense fund as set forth below. This motion is assented-to by the Trustee in all respects except as to the amount of the proposed defense fund discussed below.

2

As grounds for this motion, Defendant Balan states as follows:

BACKGROUND

1.  Trustee has brought this defendant class action (for the sake of clarity, referred to herein as a "reverse class action"), arising from the sales and marketing of TelexFree's VoIP services. The Trustee contends that TelexFree collapsed because it was a Ponzi/pyramid scheme.

2.  The Trustee claims that thousands of individuals involved with TelexFree received, in aggregate, more money from their involvement—either as commissions or bonuses—than that person paid to TelexFree in connection with the purchase of VoIP services. The Trustee refers to these individuals as "Net Winners," and the Trustee refers to aggregate net amounts they received as "Net Winner Payments." The Trustee is seeking to claw back Net Winner Payments by means of a reverse class action.

3.  Domestically, the Trustee estimates that there are potentially as many as 15,000 "Net Winners." (Amended Complaint, ¶ 34.) The Amended Complaint individually names 105 Defendants who are alleged to be Net Winners. The Trustee alleges that at least one of the named Defendants would be a suitable class representative for purposes of this reverse class action.

MR. BALAN SATISFIES THE TYPICALITY & ADEQUACY REQUIREMENTS

4.  Defendant Frantz Balan is one of the 105 named Defendants in this action. Mr. Balan has agreed to serve as class representative, provided that MRDK be appointed class counsel and further provided that the Estate provide a fund from which

3

to pay the reasonable fees and expenses incurred in connection with any class proceedings.

5.    Because the Trustee is the party seeking class certification, the burden rests with the Trustee to "affirmatively demonstrate" that the following four prerequisites of Rule 23 are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

6.    The first two prerequisites of Rule 23 do not turn on the identity of the class representative; satisfaction of these prerequisites does not depend in any way on whether Defendant Balan is the class representative (or not). Nor are these prerequisites in any serious dispute at this point. Because the Trustee contends that there are thousands of so-called "Net Winners," joinder of all class members is impractical. Further, there are clearly questions of law or fact common to the class.[1] Thus the only perquisites that could be genuinely questioned are the typicality and adequacy of the class representative chosen.

7.    Mr. Balan meets both the typicality and adequacy requirements.

---

[1] If after discovery it appears that individualized questions of law and fact predominate over the common questions, "the Court may always cure factual or legal variations between class members by decertification, in whole or in part, or by the creation of sub-classes, as the situation warrants." *In re Dehon, Inc.*, 298 B.R. 206, 215 (Bankr. D. Mass. 2003) (Boroff, J.).

8.  The typicality requirement is fulfilled when the claims arise from the "same course of conduct and are based on the same legal theory as the class claims." *In re Evergreen Ultra Short Opportunities Sec. Litig.*, 275 F.R.D. 382, 389 (D. Mass. 2011); *accord In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52, 58 (D. Mass. 2011); *Natchitoches Parish Hosp. v. Service Dist. Tyco Int'l, Ltd.*, 247 F.R.D. 253, 264 (D. Mass. 2008); *In re Carbon Black, Antitrust Litig.*, Civ. A. No. 03-10191-DPW, 2005 WL 102966, *12 (D. Mass. Jan. 18, 2005). Typicality does not require that the situations of the named representatives and the class members be "identical." *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 511 (S.D.N.Y. 1996).  To the contrary, a class representative's claims can be considered typical "even where there is some factual variation among the claims." *Evergreen*, 275 F.R.D. at 390.

9.  Here, the claims against Mr. Balan arise from the same course of conduct as the other class members. The Trustee alleges that Mr. Balan participated in the TelexFree Ponzi/pyramid scheme and was "Net Winner" in the amount of $516,875. The Trustee also alleges that Mr. Balan was the recipient of $315,572 in net preference payments.  These allegations against Mr. Balan are typical of—and other than the exact dollar amounts, are a verbatim copy of—the allegations against all 104 other named Defendants.  And even the amount that Mr. Balan received is fairly middle-of-the-road; while many Defendants are alleged to have received a larger "Net Winner Payment" than Mr. Balan, there are several who are alleged to have received smaller payments.

10.  To demonstrate adequacy of representation, there are two prongs.  First, the interests of the class representatives must not be antagonistic to those of the class.

5

*Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). Second, Plaintiffs must be represented by counsel who are "qualified, experienced and able to vigorously conduct the proposed litigation." *Id.*

11. With regard to the adequacy of the proposed class representatives, the named representative need not be "an expert" or possess anything more than "general knowledge" of the conduct alleged. " *Natchitoches Parish Hosp.*, 247 F.R.D. at 265; *Carbon Black*, 2005 WL 102966, at *14; *In re Transkaryotic Therapies, Inc. Sec. Litig.*, No. 03-10165, 2005 WL 3178162, at *4 (D. Mass. Nov. 28, 2005) (in complex cases, '"[a] great deal of reliance on the expertise of counsel is to be expected."'). Adequacy is a fairly lenient requirement, and only conflicts of loyalty "that are fundamental to the suit and that go to the heart of the litigation" are disqualifying. *See Matamoros v. Starbucks Corp.*, 699 F.3d 129, 138 (1st Cir. 2012).

12. Here, Mr. Balan possesses general knowledge of TelexFree and the ways in which individuals who participated in the sales and marketing of TelexFree services were compensated for their efforts. (Rona Declaration, ¶ 27.) Mr. Balan is not aware of any conflicts between him, the other named Defendants, and any other members of the class. Mr. Balan has a significant financial stake in the outcome of the litigation and shares the same "core objectives" of minimizing the scope of the class and class member liability. *See Carbon Black*, 2005 WL 102966, at *14 (adequacy established when "named plaintiffs and their counsel have the same core objectives as would absent class members").

13. Mr. Balan understands the duties of a class representative and intends to the best of his abilities to carry out these duties responsibly. Accordingly, Mr. Balan is sufficiently qualified to represent the class of "Net Winners."

MRDK SATISFIES THE STANDARD FOR APPOINTMENT OF CLASS COUNSEL

14. Mr. Balan has agreed to have MRDK represent him in class proceedings, and he seeks to have MRDK appointed class counsel. (Rona Declaration, ¶ 28.)

15. To decide whether MRDK will "fairly and adequately represent the interests of the class," as required by Rule 23(g), the Court is to consider "the work counsel has done in identifying or investigating potential claims in the action, counsel's experience . . . , counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(B)-(C)(i). Additionally, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C)(ii).

16. To date, MRDK has expended a significant amount of attorney time communicating with named or potential class members, investigating the claims against them, and developing the factual evidence and legal theories to support potential defenses. MRDK has hosted a number of conference calls with class members to inform them of the current status of this case, to obtain new information, and to hear their concerns. MRDK has met and conferred on a number of occasions with counsel for the Trustee about the scope of class certification and the availability of funding. MRDK has researched the pros and cons of class certification and the legal justification for having reverse class action defense costs funded by bankrupt estates. MRDK has also met with

forensic financial and data analysis consultants to determine whether the consultants can assist the class defense effort. (Rona Declaration, ¶¶ 11, 12, 23.)

17. MRDK has not received any compensation for this work. (Rona Declaration, ¶ 12.)

THE NECESSITY OF ESTABLISHING A DEFENSE FUND FROM ESTATE FUNDS

18. Based on the MRDK's review, MRDK believes that defendants and unnamed class members will benefit from class certification. However, MRDK does not believe that named defendants will be able to or willing to fund a class defense. (Rona Declaration, ¶¶ 10, 13.)

19. MRDK is willing to serve as class counsel, provided that reasonable funds from the Estate are made available. MRDK is unwilling, however, to serve as class counsel if reasonably sufficient funds from the Estate are not made available. (Rona Declaration, ¶ 24.)

20. There is a significant body of legal and economic research describing the problems if a class defense cannot obtain funding and exploring the justifications for fee-shifting in defendant class actions. Examples of this research include Francis X. Shen, *The Overlooked Utility of the Defendant Class Action*, 88 Denv. U. L. Rev. 73, 122-24 (2010) and Assaf Hamdani and Alon Klement, *The Class Defense*, 93 Cal. L. Rev. 685, 715-17 (2005).

21. A degree of fee shifting is needed in this case for the following reason. In conventional class actions, class attorneys typically receive a share of any settlement or judgment, which provides sufficient incentives to litigate the case and obtain a recovery.

"In the class defense setting, however, this method is practically unworkable because when the class wins—*i.e.*, when the court determines that the defendants owe nothing to the plaintiff—no money changes hands." Hamdani & Klement, 93 Cal. L. Rev., at 691. There is thus nothing to tax.

22.     What results is the classic free rider problem:

> defendant class members who are not litigating stand to benefit without cost from a successful class defense. Unlike plaintiff classes, where litigation costs can be subtracted out of a settlement, it is more difficult to extract money from passive defendants in the class.

Shen, 88 Denv. U. L. Rev., at 86.

23.     While commentators have been "grappling with this problem—and how to correct it—for many years," Bankruptcy Courts have found a solution. Bankruptcy Courts confronted with similar concerns of free-ridership find that some amount of funding from the Estate is both necessary and appropriate. This includes the following authority: (a) Judge Boroff's decision to approve funding for a defendant class in *Gray v. Shapiro (In re Dehon, Inc.)*, 298 B.R. 206, 217 (Bankr. D. Mass. 2003); (b) a decision from the Western District of North Carolina requiring a receiver to help fund a defendant class of 9,400 alleged Ponzi scheme "net winners" in *Bell v. Disner*, C.A. No. 3:14CV91, 2015 U.S. Dist. LEXIS 15815, *13 (W.D.N.C. Feb. 10, 2015); and (c) the Tenth Circuit's decision in *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 354 F.3d 1246, 1260 (10th Cir. 2004) finding no abuse of discretion to use settlement funds to offset litigation costs incurred by class defendants.

24. Over the last several months, MRDK and counsel for the Trustee have conferred on the issue of Estate funding and have reached an agreement in principle as to the availability of funds for class defense. Certain differences remain on the overall size of the fund, but even on that point the two sides are not very far apart. (Rona Declaration, ¶ 29 n.2.)

25. Based on the discussion with the Trustee, MRDK believes the scope of the class representation will include the following:

> (a) Discovery:
>
>> (i) Data collection, including production of data by Trustee and comparison to data from defendants;
>>
>> (ii) Data review and verification/repair, including retention of expert in data analysis; and
>>
>> (iii) Common issue discovery, including written discovery requests and a limited number of depositions;
>
> (b) Retention of a common issue expert in the field of economics/accounting to determine the value of TelexFree credits, the value of goods and services provided by TelexFree, and the economic value of the work performed by defendants;
>
> (c) Determination of the methodology to be used to determine a "net winner" and the factors to be considered in such a process, including various issues such as the appropriateness of aggregating payments and the proper way to analyze triangular transactions;
>
> (d) Assertion of class-wide defenses;
>
> (e) Filing of a class proof of claim; and
>
> (f) Determination of the procedures to be used to make binding findings as to individual liability and damages.

26. MRDK requests that Court establish a defendant fund which includes:

(a) $250,000 for reasonable attorney's fees and non-expert costs for MRDK; and

(b) $100,000 in expert fees for forensic financial and data analysis. MRDK makes clear, however, that the Trustee's assent to this motion is an agreement in principle as to fund availability, but it does not include these specific amounts.

27.  Based on the discussions and the agreement in principle with the Trustee, and subject to the availability of funds, MRDK will agree to serve as class counsel. (Rona Declaration, ¶ 29.)

28.  The attorneys of MRDK are experienced in the areas of bankruptcy litigation in general and class action litigation in particular, and have successfully litigated large and complex cases in both areas. (Rona Declaration, ¶¶ 31–38.)

29.  For these reasons, MRDK will fairly and adequately represent the interests of the class and should be designated as class counsel under Rule 23(g).

WHEREFORE, Defendant Frantz Balan hereby respectfully moves for an order: (1) designating Frantz Balan class representative; (2) appointing Milligan Rona Duran & King LLC ("MRDK") class counsel pursuant to Bankr. R. 7023 (g)(1); and (3) ordering the availability of reasonable funds by the Estate, including $250,000 for reasonable attorney's fees and non-expert costs for MRDK, and $100,000 in reasonable expert fees and costs for forensic financial and data analysis.

Respectfully submitted,

DEFENDANT FRANTZ BALAN,
By his counsel,

Dated: September 26, 2016 /s/ Ilyas J. Rona
Ilyas J. Rona, Esq. (BBO# 642964)
Gregory N. Corbin, Esq. (BBO# 687957)
MILLIGAN RONA DURAN & KING LLC
50 Congress Street, Suite 600
Boston, Massachusetts 02109
Tel: (617) 395-9570
ijr@mrdklaw.com
gnc@mrdklaw.com

## MLBR 9013-1 CERTIFICATION

On September 21, 2016 and again on September 26, 2016, undersigned counsel for Frantz Balan communicated by email with Charles R. Bennett and Andrew G. Lizotte of Murphy & King, P.C., counsel to the Trustee in this matter, who indicated that the Trustee assents to the above motion in all respects except for the specific amount of the defense fund.

Dated: September 26, 2016 /s/ Ilyas J. Rona
Ilyas J. Rona, Esq.

12

## CERTIFICATE OF SERVICE

I, Ilyas J. Rona, hereby certify that I have caused a copy of the **Motion to Designate Class Representative, Appoint Milligan Rona Duran & King LLC as Class Counsel, And Create Defense Fund, Assented-To By Trustee in All Respects Except as To Amount of Proposed Fund** to be served on counsel for the Trustee by email as follows and all registered electronic filers appearing in this case via the Court's CM/ECF system:

Charles R. Bennett, Jr.
MURPHY & KING P.C.
One Beacon Street, 21st Floor
Boston, MA 02108
cbennett@murphyking.com

Dated: September 26, 2016                               /s/ Ilyas J. Rona
                                                        Ilyas J. Rona, Esq.