United States Bankruptcy Court
District of Massachusetts

Darr,
    Plaintiff

Argueta,
    Defendant

Adv. Proc. No. 16-04006-msh

# CERTIFICATE OF NOTICE

District/off: 0101-4          User: meh                    Page 1 of 2              Date Rcvd: Oct 06, 2016
                              Form ID: pdf012              Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 08, 2016.
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust             +E-mail/Text: USTPRegion01.WO.ECF@usdoj.gov Oct 06 2016 23:15:56      Richard King,
                  Office of US. Trustee,   446 Main Street,   14th Floor,   Worcester, MA 01608-2361
                                                                                                              TOTAL: 1

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 08, 2016                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 6, 2016 at the address(es) listed below:
              Andrew G. Lizotte    on behalf of Plaintiff Stephen B. Darr agl@murphyking.com,
               bankruptcy@murphyking.com;pas@murphyking.com;ddk@murphyking.com;agl@murphyking.com
              Charles R. Bennett, Jr.    on behalf of Plaintiff Stephen B. Darr cbennett@murphyking.com,
               bankruptcy@murphyking.com;imccormack@murphyking.com
              Elton  Watkins, III    on behalf of Defendant Milagros  Adames watkinslaw@comcast.net
              Elton  Watkins, III    on behalf of Defendant Ricardo  Fabin watkinslaw@comcast.net
              Evans J. Carter    on behalf of Defendant Bilkish  Sunesara ejcatty1@verizon.net
              Gary W. Cruickshank    on behalf of Defendant Jose Miguel  Filho gwc@cruickshank-law.com
              Hilary  Schultz    on behalf of Defendant Bruno  Graziani hschultz@engelschultz.com
              Ilyas J. Rona    on behalf of Defendant Frantz  Balan ijr@milliganrona.com,  gnc@milliganrona.com
              Ilyas J. Rona    on behalf of Defendant Julio  Silva ijr@milliganrona.com,  gnc@milliganrona.com
              James P. Ehrhard    on behalf of Defendant Andres Bolivar Estevez ehrhard@ehrhardlaw.com,
               cote@ehrhardlaw.com
              Jordan L. Shapiro    on behalf of Defendant Linda Suzanne Hackett JSLAWMA@aol.com
              Matthew  Shayefar    on behalf of Defendant  Timex Research Consulting Inc.
               matt@bostonlawgroup.com
              Matthew  Shayefar    on behalf of Defendant  New Generation Med Supply Inc.
               matt@bostonlawgroup.com
              Michael K. O'Neil    on behalf of Plaintiff Stephen B. Darr moneil@murphyking.com,
               imccormack@murphyking.com
              Michael M. McArdle    on behalf of Defendant Ruddy  Abreau mike@mikemcardlelaw.com
              Michael M. McArdle    on behalf of Defendant Ana Rosa Lopez mike@mikemcardlelaw.com
              Timothy J. Durken    on behalf of Defendant Ana R. Ramos tdurken@jagersmith.com,
               bankruptcy@jagersmith.com;tdurken@ecf.inforuptcy.com
              Timothy J. Durken    on behalf of Defendant Benjamin  Argueta tdurken@jagersmith.com,
               bankruptcy@jagersmith.com;tdurken@ecf.inforuptcy.com
              Timothy J. Durken    on behalf of Defendant Carlos C. DeJesus tdurken@jagersmith.com,
               bankruptcy@jagersmith.com;tdurken@ecf.inforuptcy.com
              Valentin D. Gurvits    on behalf of Defendant  Timex Research Consulting Inc.
               vgurvits@bostonlawgroup.com
              Valentin D. Gurvits    on behalf of Defendant  New Generation Med Supply Inc.
               vgurvits@bostonlawgroup.com
              Wendy M. Mead    on behalf of Defendant Gladys  Alvarado wendymeadpc@verizon.net
              Wendy M. Mead    on behalf of Defendant Carlos C. DeJesus wendymeadpc@verizon.net
              Wendy M. Mead    on behalf of Defendant Luisa E. Lopez wendymeadpc@verizon.net
              Wendy M. Mead    on behalf of Defendant Lan Lan  Ji wendymeadpc@verizon.net
              Wendy M. Mead    on behalf of Defendant Hugo  Alvarado wendymeadpc@verizon.net
              Wendy M. Mead    on behalf of Defendant Ana R. Ramos wendymeadpc@verizon.net

```
District/off: 0101-4              User: meh                   Page 2 of 2               Date Rcvd: Oct 06, 2016
                                  Form ID: pdf012             Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
        Wendy M. Mead    on behalf of Defendant Benjamin  Argueta wendymeadpc@verizon.net
        Wendy M. Mead    on behalf of Defendant Roberto   Nunez wendymeadpc@verizon.net
                                                                                        TOTAL: 29

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 11 Cases |
| TELEXFREE, LLC, | 14-40987-MSH |
| TELEXFREE, INC. and | 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | 14-40989-MSH |
| Debtors. | Jointly Administered |
| STEPHEN B. DARR AS HE IS THE TRUSTEE OF THE CHAPTER 11 ESTATES OF EACH OF THE DEBTORS, | |
| Plaintiff, | |
| v. | |
| BENJAMIN ARGUETA, ALEXANDRO ROCHA, JOSE NETO, JULIO C. PAZ, EUZEBIO SUDRE NETO, HUGO ALVARADO, ANA R. RAMOS, LINDA SUZANNE HACKETT, RUDDY ABREAU, MARCO ALMEIDA, RODRIGO MONTEMOR, LAUREANO ARELLANO, AARON ATAIDE, ROSANE CRUZ, OMAR QUINONEZ, CARLOS C. DEJESUS, BILKISH SUNESARA, ANDRES BOLIVAR ESTEVEZ, JOSE LOPEZ, ANA ROSA LOPEZ, FRANTZ BALAN, MARCELO DASILVA, GLADYS ALVARADO, MARIA TERESA MILAGRES NEVES, MARCOS LANA, LUIZ ANTONIO DA SILVA, BRUNO GRAZIANI, EDUARDO N. SILVA, MICHEL CHRISTIANO SANTOLIN DE ARRUDA, FRANCISDALVA SIQUEIRA, ALEXANDER N. AURIO, AMILCAR LOPEZ, RENATO SACRAMENTO, JULIO SILVA, DAVIDSON R. TEIXEIRA, JOSE CARLOS MACIEL, JESUS OSUNA, CHAI HOCK NG, EDILENE STORCK NAVARRO, SORAYA FERREIRA, EDSON F. SOUZA, VAMING SERVICES, JORGE ANTONIO MEJIA SEQUEIRA, RODRIGO CASTRO, DAVID REIS, | Adversary Proceeding No. 16-04006 |

| |
|---|
| ANA SANTOS, WESLEY DIAS, TIMEX RESEARCH CONSULTING, INC., CELSO ROBERTO SILVA FILHO, TEAM GLOBAL ADVERTISING LLC, LWC MARKETING, INC., BARTOLO CASTLLO, GASPAR JESUS, LUISA E. LOPEZ, MARCIO SOUZA NERY, DEBORA C. BRASIL, JOELITO SOUZA CALDAS JUNIOR, UNITED GROUP USA, JEAN 2004, ENTERPRISE CORP., RUDMAR GENTIL, NEW GENERATION MED SUPPLY, INC., DANEUNG XIONG, CARLOS ALFARO, LUSETTE BALAN, TECHNOVIA, INC., FAITH SLOAN, MARIZA S. MORINELLI, NUBIA R. GLOULART, ROBERTO NUNEZ, GILSON NASSAR, BINGJIAN PAN, YUE CHEN, RODRIGO R. BREDA, PAULO GIULIANO DIOGENES DE BESSA ROSADO, JOSE MIGUEL FILHO, LAN LAN JI, VENERANDO CONTRERAS, JAP INTERNATIONAL NETWORK, LLC, WALACE AUGUSTO DA SILVA, EZAU SOARES FERREIRA, EDDIT ALBERTO DUVERGE, GLOBAL MARKETING STRATEGIES, CAROL VANTERPOOL, DEVENDRA SHAH, PAT JACKSON, SILVERIO REYES, FABIANA ACACIA DA CRUZ DOS SANTOS, GERALD AGNEW, DWAYNE JONES, JOSEPH PIETROPAOLO, JAMILSON MARCO CONCEICAO, SONYA CROSBY, RANDY CROSBY, WESLEY NASCIMENTO ALVESBY, ANTONIO OLIVEIRA, RONEIL BARRETO, MILAGROS ADAMES, LM DAVAR, INC., PARROT BAY HOMES, INC., EDGAR BORELLI, RICHARDO FABIN, DANIEL CHAVEZ, FAUSTINO TORRES, HELIO BARBOSA, GELALIN-3377, LLC AND A DEFENDANT CLASS OF NET WINNERS, Defendant(s). |

**CLASS CERTIFICATION ORDER**
**AND APPROVAL OF CLASS COUNSEL**

2

After notice and hearing, and for good cause shown, the Motion for Certification of a Defendant Class consisting of Net Winners[1] [docket entry 2] filed by Stephen B. Darr (the "Trustee") is granted under Rule 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure. The Court makes the following findings:

I.   BACKGROUND

1.   This litigation was commenced by the Trustee seeking to recover money paid to various Participants who received more in payments (both in direct transactions and Triangular Transactions) than the Participants paid directly or through Triangular Transactions to the Debtors, e.g., Net Winners. The Trustee has brought this action seeking a certification of a class of defendants consisting of all Net Winners residing in the United States of America. The Trustee asserts that the domestic Net Winner class consists of approximately 15,000 individuals or entities and the aggregate Net Winner payments exceed one hundred million dollars ($100,000,000.00).

2.   The Trustee asserts that he may recover the payments to Net Winners as Fraudulent Transfers pursuant to Section 548 of the Bankruptcy Code and the payments made within ninety (90) days of the commencement of these proceedings as preferences pursuant to Section 547 of the Bankruptcy Code. The Court has previously ruled that (1) the Debtors engaged in a Ponzi scheme, (2) claims are to be determined on a net equity basis and only Participants who paid more to the Debtors, either directly or through Triangular Transactions, than they received from the Debtors, either directly or through Triangular Transactions, will have an Allowed Claim ("Net Losers") [docket entries 654, 687 in case no. 14-40987].

---

[1] Terms not otherwise defined herein shall have the meaning set forth in the *Memorandum in Support of Plaintiff's Motion for Class Certification*, docket entry 3.

3

**II.    DISCUSSION**

3.    The Federal Rules of Civil Procedure allow for a Defendant Class. Rule 23(a) states that "[o]ne or more members of a class may sue *or be sued* . . . ." Fed. R. Civ. P. 23(a) (It is apparent from the words of Rule 23(a) "sue or be sued as representative parties" that [suits] against a Defendant Class are permitted. *See Tilley v. TJX Companies, Inc.*, 345 F.3d 34, 37 (1st Cir. 2003) (Rule 23 treats plaintiff and defendant classes the same). Defendant Class actions have been certified when, as here, there is a need for a "procedural device that allows one who has a common grievance against a multitude of persons to resolve . . . the dispute by using only a few members of the class.") *Broadhollow Funding Corp. v. Fitzmaurice (In re Broadhollow Funding Corp.*), 66 B.R. 1005, 1007 (Bankr. E.D.N.Y. 1986).

4.    A Defendant Class may be certified if it meets four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) fair and adequate representation. Fed. R. Civ. P. 23(a). In addition to meeting the four prerequisites of Rule 23(a), certification of the proposed class requires satisfaction of one of the class requirements set forth in Rule 23(b).

**A.    Rule 23(a) Analysis**

<u>Numerosity</u>

5.    It is undisputed that the proposed class meets the numerosity requirements, as it consists of approximately 15,000 Net Winner Defendants, who are dispersed throughout the United States. [Darr Decl. ¶ 31] The sheer number of the members of the proposed class and geographic diversity satisfy the numerosity requirement. *Kerrigan v. Phila. Bd. of Edu.*, 284 F.R.D. 740 (E.D.P. 2008); and *In re Carbon Black Antitrust Litig.*, 03-10191-DPW, 2005 WL 102966 (D. Mass. Jan. 18, 2005).

<u>Commonality</u>

6. The "commonality" factor examines whether there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, the common questions include, among others, (i) what transfers should be included in the determination of a Net Winner; (ii) whether Net Winners should be determined by an aggregation of Related User Accounts; (iii) whether the Net Winner Payments are avoidable as fraudulent transfers because the Debtors had the actual intent to hinder, delay, or defraud creditors; (iv) whether the Net Winner Payments are avoidable as fraudulent transfers because the transfers were made for less than fair consideration while the Debtors were insolvent, undercapitalized, or unable to pay debts as they became due; (v) whether the Net Preference Payments may be recovered as preferential transfers; (vi) whether the Court's finding that the Debtors engaged in a Ponzi and pyramid scheme may be applied, along with any applicable presumptions, in determining the Trustee's claims. (Darr Decl. ¶33). "It is not required that all factual or legal questions raised in the lawsuit be common so long as a single issue is common to all class members." *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 170 B.R. 264, 270 (Bankr. D. Colo. 1995); *see also In re Cardinal Indus.*, 105 B.R. 834, 844 (Bankr. S.D. Ohio 1989) ("There need only exist one significant issue or fact common to all members of the putative class.") (citing *Newburg on Class Actions* § 3.10).

7. The proposed class members in this action share a common set of facts. The Trustee alleges that all class members had or controlled usernames and accounts with TelexFree through which the Trustee can trace all of the transactions, whether the transaction is direct or a Triangular Transaction. Further, class members are alleged to have received more money from TelexFree than they paid into TelexFree (their "Net Winnings") during the course of their alleged participation in TelexFree's scheme. There are also common questions of law, that is:

whether the payments from TelexFree to class members are fraudulent transfers that must be disgorged and repaid and whether the payments from TelexFree must be disgorged and repaid as preferential transfers.

8. Moreover, individual circumstances do not impact the commonality requirement. As a fraudulent transfer case, the Trustee's case focuses on whether there was a fraudulent transfer to all the Net Winners that must be repaid, without regard to the individual circumstances of participation in the scheme. Accordingly, the Court funds that the core common issues of law and fact that exist herein satisfy the commonality requirement.[2]

Typicality

9. The third prerequisite shifts the focus from the characteristics of the class members to the characteristics of the named class representatives. *See In re Broadhollow*, 66 B.R. at 1009. The typicality requirement addresses whether the "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Frantz Balan, a named Defendant, has been proposed to serve as Class Representatives.

10. The typicality requirement does not mandate that the defenses of the representative parties and the class be completely identical or perfectly coextensive *In re Integra Realty Resources, Inc.*, 175 B.R. 264 (Bankr. D. Colo. 1995, aff'd 354 F.3d 1246 (10th Cir. 2004). Rather, it is sufficient if the defenses are substantially similar and "there is a nexus

---

[2] The Supreme Court's decision in *Wal-Mart,* its most recent look at the commonality requirement, has no bearing on this case. The plaintiffs failed the commonality test in *Wal-Mart,* mainly because of the unique nature of their claims. They sought to represent a class of 1.5 million female employees alleging that Wal-Mart had discriminated against them in employment by delegating pay and promotion decisions to local managers. The Court focused on the absence of a single, common policy that the plaintiffs were challenging; the whole point of their claims was that they were challenging many local policies and practices. There is no such issue here: the Trustee alleges a single Ponzi or pyramid scheme, with essentially identical transactions that carry essentially identical legal consequences for the Net Winners under bankruptcy law.

between class representatives/claims or defenses and common questions of fact or law which unite the class." *In re Integra Realty Resources Inc*, 179 B.R. at 270. Here, the Trustee alleges that the proposed Class Representative and class members participated in the same event and course of conduct that has given rise to the Defendant Class; that is, they are all accused of participating in and receiving more from TelexFree than they paid to TelexFree. Because the Class Representative is alleged to have participated in the same TelexFree scheme, he inevitably shares the same defenses against liability for repayment of the alleged fraudulent transfers made to the class, which does not depend on the personal circumstances of particular affiliates. *See Weinman*, 354 F. 3d at 1265. The Court finds that the typicality requirement is satisfied.

<u>Fairly and Adequately Represent the Class</u>

11. The last prerequisite for certification is that the proposed class representatives and their counsel be able to fairly and adequately represent the interests of the Defendant Class. Fed. R. Civ. P. 23(a)(4). In determining whether a named representative in a class action is "a fair and adequate representative," some courts have applied a two-pronged test: (1) the representative must be able to conduct the litigation; and (2) the representative's interests must not be antagonistic to those of the class members. *See Weinman*, 179 B.R. at 270-71; *see also Baehr v. Creig Northrop Team, P.C.*, WDQ-13-0933, 2014 WL 346635, at *9 (D. Md. Jan. 29, 2014) (noting representation is adequate if the named representatives' interests are not opposed to those of the other class members, and the attorneys are "qualified, experienced and able to conduct the litigation") (citing *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 558 (D. Md. 2006)); *Harris v. Rainey*, 299 F.R.D. 486, 490-91 (W.D. Va. 2014).

12. Here, the proposed Class Representative's interests are not antagonistic to but aligned with, the interests of the unnamed class members because they share the common

7

objective to defend against having to return funds received from TelexFree as demanded by the Trustee. Thus, there is no conflict which would defeat adequacy of representation. *See Harris*, 299 F.R.D. at 491 (recognizing that "[a] conflict must be fundamental to defeat adequacy of representation; a conflict is not fundamental when all class members 'share common objectives and the same factual and legal oppositions and have the same interest in establishing the liability of defendants.'") (quoting *Ward v Dixie Nat. Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) and *Gunnells v. Healthplans Servs., Inc.*, 348 F.3d 417, 431 (4th Cir. 2003)).

13. Further, the named Class Representative Frantz Balan is alleged to be a significant Net Winner of the TelexFree scheme. Allegedly, Frantz Balan received over $500,000 from TelexFree (either individually or together with another family member). The proposed Class Representative is not likely to abandon or return these substantial sums without mounting a vigorous defense. Frantz Balan, the proposed Class Representative, has an arrangement with the law firm of Milligan Rona Duran & King LLC ("MRDK"). MRDK, the law firm proposed to be retained by Mr. Balan, is experienced and has qualified attorneys, fully capable of protecting the interests of their clients and consequently the class [See *Decl. of Ilyas Rona in Support of Motion to Designate Class Representative, Appoint Milligan Rona Duran & King LLC as Class Counsel and Create Defense Fund,* docket entry 189]

14. The participation of Class Counsel will serve to expedite the resolution of the action, resolution of the Class issues and provide for the most expeditious and least expensive method to accomplish these goals. Class Counsel will result in a substantial contribution to the Estates in resolving the claims and maximizing the return to Net Losers. *See Gray v. Shapiro (In re Dehon)*, 298 B.R. 206 (Bankr. D. Mass. 2003).

8

15. The Court finds that Defendants and their counsel can and will adequately represent the class.

**B. Rule 23(b) Analysis**

16. Rule 23(b)(1), under which the Trustee seeks to certify the Net Winner class, permits class certification in instances where prosecuting separate actions would either create:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1).

17. Courts have certified Defendant Classes pursuant to Rule 23(b)(1)(A) in actions involving voidable preferences and fraudulent conveyances "to insure that separate proceedings would not result in inconsistent adjudication of the common issues, thus leaving the trustee in a stalemated position." *In re Broadhollow*, 66 B.R. at 1013 (finding certification under 23(b)(1)(A) warranted and adopting reasoning in *Guys v. Abdulla*, 57 F.R.D. 14 (N.D. Ohio 1972)).[3] If the Trustee herein was forced to file separate actions against the 15,000 Defendants, he would certainly be risking inconsistent and varying adjudications. If one court found that a fraudulent transfer occurred, but another court did not, then those inconsistent decisions would place the Trustee in a stalemated or conflicted position. If the Trustee attempted to enforce a valid judgment against a particular Defendant that Defendant might refuse to pay because other Defendants similarly situated were not held to be liable for the same underlying conduct related to TelexFree. These conflicting results would leave the Trustee in an untenable position, and

---

[3] In *Guy v. Abdulla*, the court certified a defendant class under Rule 23(b)(1)(A) so that the bankruptcy trustee could maintain an action against all parties allegedly holding voidable preferences and property transferred by fraudulent conveyances without the risk of inconsistent adjudication of the common issues.

circumstances such as these are precisely why class actions exist. *See Guy v. Abdulla*, 57 F.R.D. at 17-18.

18. The Court also finds that Rule 23(b)(1)(B) certification is appropriate. Advisory Notes to Rule 23 indicate that a "fraudulent conveyance" is exactly the type of situation where a class should be certified because separate adjudication "will necessarily or probably have an adverse practical effect." Fed. R. Civ. P. 23 advisory committee's note. In *Integra Realty Resources*, the Court of Appeals for the Tenth Circuit upheld class certification under Rule 23(b)(1)(B) in a class action involving questions of whether a fraudulent transfer occurred and whether there was an unlawful dividend distributed. *Integra Resources*, 354 F 3d at 1263-64. The court noted that the first suit against a defendant or group of defendants could be dispositive of all remaining suits and would decide the rights of absent defendants "without the class action's assurance that they be adequately represented." *Id*. at 1264. The court reasoned that, as here, a defendant "has only a small number of possible individual defenses" and "the primary legal and factual issues in the first case would not only form the basis for the application of stare decisis in subsequent cases; they would almost inevitably prove dispositive in those cases." *Id*.

19. A Defendant Class action certified under Rule 23(b)(1) is fair to the Defendants, particularly relatively small Net Winners. The efficiency of one action in which all parties can argue their case and assert their rights will benefit both TelexFree and small winners and supports the intent behind both Rule 23(b)(1)(A) and (b)(1)(B). While the Court is mindful of due process concerns as well as other problems specific to Defendant Class actions, the Court finds a class action is the only means to reasonably and efficiently resolve the Trustee's claims against 15,000 Net Winners.

Based on the foregoing, the Court makes the following further rulings and findings:

A. The proposed class of defendants (the "Class") is so numerous and geographically dispersed that joinder of all members is impracticable;

B. There are questions of law and fact common to all class members including but not limited to that the common claims, issues, defenses of the Class include but are not limited to: (i) what transfers should be included in the determination of a Net Winner; (ii) whether Net Winners should be determined by an aggregation of Related User Accounts; (iii) whether the initial methodology for determining Related User Accounts is reasonable; (iv) whether the information maintained on the Debtors' SIG records with respect to each Participant transactions with the Debtor and other Participants is reasonably reliable; (v) whether the Net Winner Payments are avoidable as fraudulent transfers because the Debtors had the actual intent to hinder, delay, or defraud creditors; (vi) whether the Net Winner Payments are avoidable as fraudulent transfers because the transfers were made for less than fair consideration while the Debtors were insolvent, undercapitalized, or unable to pay debts as they became due; (vii) whether the Net Preference Payments may be recovered as preferential transfers; (viii) whether the Court's finding that the Debtors engaged in a Ponzi and pyramid scheme may be applied, along with any applicable presumptions, in determining the Trustee's claims.

C. The defenses of Frantz Balan as the putative Class Representative are typical of the defenses of the Class;

D. Franz Balan as the Class Representative will fairly and adequately represent the interests of the Class;

E. The prosecution of separate actions by or against individual members of the Class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the

adjudications, or may be inconsistent or varying, or substantially impair or impede the ability of Class members to protect their interests;

      F.      The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other methods for fair and efficient adjudication of the controversy;

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The proposed class action complaint satisfies the requirements of Fed. R. Civ. P. 23(a) and (b) as adopted by Fed. R. Bankr. P. 7023 and the Motion is granted, except as inconsistent with the terms of this Order.

2. The Court certifies a Class of all persons who reside in the United States, who purchased at least one membership plan ("Plan") or voice over internet ("VoIP") package from one or more of the Debtors ("a Participant"), and who satisfy one or both of the following criteria:

    (i)    Is alleged to be a "Net Winner," that is, a Participant who is alleged to have received more from the Debtors and from other persons in connection with the purchase of Plans or VoIP packages than such Participant paid to the Debtors or to other persons in connection with the purchase of Plans or VoIP packages, as determined based upon an aggregation of all activity in the User Accounts of a Participant ("Related User Accounts");

    (ii)    Is alleged to be a Net Winner as defined in section (i) above who also is alleged to have been a Net Winner with respect to transactions occurring in the 90 days prior to the bankruptcy filings.

3. The Class is certified under Fed. R. Civ. P. 23(a) and 23(b)(1). Accordingly, no member of the Class shall be permitted to opt out of the class, and each and every member of the class shall be bound by all orders or judgments of this Court in this adversary proceeding. At any time during the proceedings, the court may, upon motion or *sua sponte*, exercise its discretion under Fed. R. Civ. P. 23(c) and (d) to create sub-classes, remove or replace the Class Representative, or otherwise condition the conduct of this adversary proceeding in order to fairly and adequately protect the rights of the Class members.

4. Frantz Balan is appointed as the Class Representative.

5. The Class Representative has selected MRDK to serve as class counsel. The Court has reviewed the Affidavit submitted by Attorney Rona as to his qualifications to serve as class counsel and finds him qualified.

6. MRDK is hereby appointed Class Counsel for the Net Winner Class and shall serve until further order of the Court. Notice of the certification of the Net Winner Class and the appointment of MRDK as Class Counsel shall be sent to the members of the Class by the Trustee.

7. The Trustee is authorized to utilize estate funds in an aggregate amount not to exceed Two Hundred and Twenty Five Thousand Dollars ($225,000.00) to pay Class Counsel for legal fees and cost incurred by Class Representative provided that (i) Class counsel submit a fee application that satisfies the requirement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules (MLBR), including without limitation MLBR 2016-1 and applicable case law in this district and (ii) any payment shall be authorized by this Court upon notice and after all interested parties have an opportunity to be heard.

13

8.  The Trustee is authorized to utilize estate funds in an aggregate amount not to exceed Eighty Seven Thousand Five Hundred Dollars ($87,500.00) to pay fees and cost incurred by Class Representative for his Expert to assist Class Counsel in representation of the Class provided that (i) the Expert submit a fee application that satisfies the requirement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the MLBR, including without limitation MLBR 2016-1 and applicable case law in this district and (ii) any payment shall be authorized by this Court upon notice and after all interest parties have an opportunity to be heard.

9.  MRDK is authorized to communicate with the Net Winner Class as it deems reasonable and necessary through such means that it believes to be most efficient and cost-effective. The Trustee will provide to MRDK contact information, primarily email addresses, to facilitate MRDK's communications with the members of the Net Winner Class and the Trustee will assist the Class representative in sending Notices to the Class members.

10. MRDK is authorized and instructed to explain to the Net Winner Class that in the event that liability on one or more of the Trustee's claims is established, the Trustee intends to seek a process to determine the net winnings of each Net Winner Class member. Therefore, it is not necessary for any net winner to communicate with MRDK related to determining the amount of his or her net winnings because each member of the Class will have an opportunity to address those issues in the damages process ordered by the Court.

11. MRDK is authorized and instructed to inform the members of the Net Winner Class, if they have not already done so, to gather and preserve any documents or information (including electronic files) related to the amount each paid into and received from TelexFree so those documents and that information can be used in the later process to determine the amount of their individual net winnings.

14

12. MRDK is hereby appointed to serve without bond and shall have full power and authority to act in the best interests of the Net Winner Class. MRDK and its agents, acting within the scope of MRDK's duties, are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall MRDK be liable to anyone for its good faith compliance with its duties and responsibilities as Class Counsel, nor shall MRDK be liable to anyone for any actions taken or omitted except upon a finding by this Court that it acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of its duties.

13. Subject to this Court's having jurisdiction, this Court shall hear any action filed against MRDK based upon acts or omissions committed in its representative capacity.

14. In the event MRDK decides to resign, it shall first give written notice to the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.

15. The Trustee has expressed a willingness to consider voluntary settlements on the Trustee's claims with TelexFree's Net Winners and others against whom the Trustee has claims. Accordingly, members of the Net Winner Class and the Trustee are permitted to discuss a potential settlement of the Trustee's claims against them even though they have become members of the Net Winner Class.

16. The Trustee is instructed to post, in English, Spanish and Portuguese, a copy of this order on the Claims and Noticing Agent's website and to send a copy to all potential Net Winners. Any member of the Net Winner Class or other interested person who objects to this order must file such objection within 30 days of the date of its entry. The Court finds that there is no just cause to delay the implementation of the agreement reflected in this order pending the

objection period, but may revise or terminate this order after review of any objections filed. However, any fees incurred by MRDK prior to modification of this order shall be paid in accordance with the order.

Dated at Boston this 6th day of October, 2016

_____
Hon. Melvin S. Hoffman
Chief United States Bankruptcy Judge

711465-v1