**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>                       Debtors. | Chapter 11<br><br>Case NO. 14-40987-MSH<br><br>Jointly Administered |
| STEPHEN B. DARR AS TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>                       Plaintiff,<br><br>v.<br><br>BENJAMIN ARGUETA, et al.,<br><br>                       Defendants. | Adversary Proceeding<br>No. 16-04006-MSH |

**TRUSTEE'S MOTION TO STRIKE PIEC'S RESPONSE TO CLASS**
**CERTIFICATION ORDER AND APPROVAL OF COUNSEL**

Stephen B. Darr, as Trustee (the "Trustee") of the Estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, "TelexFree"), moves to strike the Response by the Plaintiff's Interim Executive Committee (the "PIEC") to Class Certification Order and Approval of Counsel on the basis that the PIEC lacks standing to object either to the Certification Order or the Appointment of Counsel. The PIEC does not represent any party in this action, nor does it represent any individual who is either named and/or potentially a member of the Defendant Class. Therefore, the PIEC has no standing, and its Response should be stricken.

In further support of his Motion, the Trustee states as follows:

1.      The action brought by the Trustee seeks to recover transfers made to Net Winners as fraudulent conveyances and/or preferences.  The Trustee's claims arise under the Bankruptcy Code and are uniquely those of the Trustee.  The Defendants against whom the Trustee seeks to make these recoveries are a class of individuals who profited by their participation in the TelexFree Ponzi scheme and, as such, are "Net Winners."

2.      The PIEC neither represents the Trustee nor any member of the Defendant class.[1]  The PIEC purports to represent a putative class of individuals who lost money as a result of their participation in the TelexFree Ponzi scheme and are, therefore, "Net Losers."  Accordingly, the PIEC's clients are strangers to the litigation and have no rights in the litigation nor interest in the litigation except to the extent the members of their putative class may be holders of claims in the TelexFree case, in which case they will benefit with all other creditors from the Trustee's recoveries.

3.      The PIEC does not assert in its Response that it in fact has interest in the litigation, but merely references that certain "issues implicated by the Certification and Motion and Order are currently the subject of ongoing mediation."  Presumably, the reference by the PIEC to "issues implicated" refers to the PIEC's assertion that the Trustee lacks standing to prosecute preference or fraudulent conveyance claims to the extent that they are premised upon "Triangular Transactions" and the PIEC's assertion that such transactions do not implicate property of the estates.  That issue is not "implicated" by the Certification Motion.

4.      Regardless of the PIEC's position concerning the Trustee's standing to prosecute those claims, the Defendants in the class action have an independent right to assert the same argument as an affirmative defense, and any determination by the Court with respect to the

---

[1] In fact, the interests of the individuals the PIEC purports to represent are directly adverse to those of the Defendant class.

PIEC's Motion relating to the issue of the Trustee's standing to prosecute Triangular Transactions will not be binding on the Defendant Class.

5.    Further, to the extent that the Trustee and the PIEC resolve any of the issues that exist between them in mediation, such a resolution will not bind the Defendants in the class action and will not affect their rights to assert as an affirmative defense the same arguments being raised by the PIEC.  Therefore, the Certification of the Class and the Approval of Class Counsel do not implicate any issues that are the subject of the mediation.

WHEREFORE, Stephen B. Darr, as Trustee of the Estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc., respectfully prays that the Response by the Plaintiff's Interim Executive Committee be stricken; and for such other relief as the Court deems appropriate.

STEPHEN B. DARR TRUSTEE OF THE ESTATES OF TELEXFREE, LLC, TELEXFREE, INC. AND TELEXFREE FINANCIAL, INC.

By his attorneys,

 /s/ Charles R. Bennett, Jr.
Charles R. Bennett, Jr. (BBO #037380)
Harold B. Murphy (BBO #326610)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400
CBennett@murphyking.com
HMurphy@murphyking.com

Dated: November 3, 2016

717184

## CERTIFICATE OF SERVICE

I, Charles R. Bennett, Jr., certify that I served the foregoing *Trustee's Motion To Strike PIEC's Response To Class Certification Order And Approval Of Counsel* electronically through the ECF System to the registered participants as identified on the Notice of Electronic Filing.

                                                /s/ Charles R. Bennett, Jr.
                                                Charles R. Bennett, Jr.

Dated: November 3, 2016