# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC.,<br>TELEXFREE FINANCIAL, INC.,<br><br>Debtors | Chapter 11<br>Case No. 14-40987-MSH<br>Case No. 14-40988-MSH<br>Case No. 14-40989-MSH<br><br>Jointly Administered |
| STEPHEN B. DARR, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN ARGUETA, ET AL, AND A DEFENDANT CLASS OF NET WINNERS,<br><br>Defendants | Adv. Proc. No. 16-04006 |

**STIPULATION BETWEEN TRUSTEE AND DEFENDANT CLASS RESPECTING FILING OF CLASS PROOFS OF CLAIM**

This Stipulation is entered into this 9th day of May, 2017, by and between Stephen Darr, the duly appointed Chapter 11 trustee (the "Trustee") of the bankruptcy estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, the "Debtors" or "TelexFree") and Frantz Balan on his own behalf and as class representative on behalf of all similarly situated parties (the "Class Representative").

**Recitals**

1.	On April 13, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Nevada.

2.	The Debtors initially operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.	On the Petition Date, the Debtors filed a motion for joint administration of the cases, with TelexFree, LLC designated as the lead case. By order dated April 24, 2014, the motion for joint administration was approved.

4.	On May 6, 2014, the Court allowed the motion by the Securities and Exchange Commission to change the venue of the cases to the United States Bankruptcy Court for the District of Massachusetts (the "Court"). The cases were transferred to the Court on May 9, 2014.

5.	On May 30, 2014, this Court allowed the motion by the Office of the United States Trustee's to appoint a Chapter 11 trustee, and the Trustee was appointed on June 6, 2014.

6.	On May 27, 2016, the Trustee filed a *Notice of Deadline for Filing Electronic Proofs of Claim and Claims Procedures* (the "Bar Date Notice"). The Bar Date Notice established a bar date of September 26, 2016 for the filing of electronic proofs of claim ("ePOC"). On or about September 21, 2016, the Trustee filed a motion to extend the deadline for filing an ePOC to December 31, 2016. The bar date was later extended by order of the Court to March 15, 2017.

7.	On January 15, 2016, the Trustee commenced this adversary proceeding by filing a class action complaint (the "Complaint"). On or about October 16, 2016, the Court entered an

order certifying a defendant class, appointing Frantz Balan as Class Representative, and appointing Milligan Rona Duran & King, LLC as class counsel.

8. On March 15, 2017, the Class Representative manually filed three proofs of claim with the Court.

9. The Class Representative states that he also attempted to file the claims through the internet portal ("Portal") hosting the ePOC filing process in a timely manner, but due to unresolvable technical errors, the Portal would not allow the claims to be filed.

10. The Class Representative believes that the ePOC system and Portal did not contemplate claims filed by a class representative on behalf of a class.

11. The Trustee disputes any contention that the Portal did not permit the Class Representative to submit timely claims.

12. Notwithstanding the contentions of the parties, in an effort to resolve the dispute consensually, the parties hereby stipulate and agree as follows:

**Stipulation**

13. A class proof of claim filed by the Class Representative will be considered timely filed only if such claim or claims are filed through the Portal prior to or within three (3) business days of the approval by the Court of this Stipulation. Any claims filed by the Class Representative after such date shall be deemed late filed.

14. Except as to timely nature of the Class Representative's claim filed in accordance with this Stipulation, the Trustee otherwise reserves all rights to object to claims filed by the Class Representative, including but not limited to objections to the validity, priority, amount, or enforceability of such claims.

15. The orders entered by the Court respecting the filing of claims otherwise remain

in full force and effect.

16. This Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

17. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or portable document format ("pdf").

18. The Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

19. This Stipulation shall have no force or effect unless it is approved by the Court.

[This space left blank intentionally]

STEPHEN B. DARR AS TRUSTEE
OF THE CHAPTER 11 ESTATES OF
TELEXFREE, LLC, TELEXFREE, INC.
AND TELEXFREE FINANCIAL, INC.

By his counsel,


 /s/ Andrew G. Lizotte
Charles R. Bennett, Jr. (BBO #037380)
Andrew G. Lizotte (BBO #559609)
Murphy & King Professional Corporation
One Beacon Street
Boston, Massachusetts  02108
(617) 423-0400
ALizotte@murphyking.com



DEFENDANT CLASS
REPRESENTATIVE FRANTZ BALAN

By his  counsel,


*Ilyas J. Rona*
Ilyas J. Rona, Esq. (BBO #642964)
MILLIGAN RONA DURAN & KING LLC
50 Congress Street, Suite 600
Boston, Massachusetts 02109
(617) 395-9570
ijr@mrdklaw.com

726765