# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>        Debtors. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered |
| STEPHEN DARR, AS HE IS THE TRUSTEE<br>OF THE CHAPTER 11 ESTATES OF EACH<br>OF THE DEBTORS,<br><br>        Plaintiff,<br><br>v.<br><br>BENJAMIN ARGUETA, et al<br>      Defendants. | Adversary Proceeding<br>No. 16-4006 |

## STIPULATION OF SETTLEMENT BETWEEN CHAPTER 11 TRUSTEE AND RANDY CROSBY AND SONYA CROSBY

This Stipulation of Settlement ("Stipulation") is entered into this 21st day of March, 2018 by and between Stephen B. Darr, the duly appointed Chapter 11 Trustee (the "Trustee") of the bankruptcy estates ("Estates") of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, "TelexFree" or the "Debtors") and Randy Crosby ("R Crosby") and Sonya Crosby ("S Crosby"). R Crosby and S Crosby are referred to collectively as the "Crosbys", and the Trustee and the Crosbys are referred to collectively as the "Parties".

### RECITALS

1.      On April 13, 2014 (the "Petition Date"), the Debtors filed voluntary Chapter 11 petitions with the United States Bankruptcy Court for the District of Nevada.

2.   By order dated May 6, 2014, the Nevada Bankruptcy Court approved a motion to change venue filed by the Securities and Exchange Commission ("SEC"). The cases were transferred to this Court on May 9, 2014.

3.   On May 30, 2014, the Court approved the motion of the Office of the United States Trustee to appoint a Chapter 11 trustee, and the Trustee was appointed on June 6, 2014.

4.   The Debtors ostensibly operated a "multi-level marketing" company with its headquarters in Marlborough, Massachusetts. It represented itself as being in the business of selling telephone service plans that use "voice over internet protocol" ("VoIP") technology. The sale of VoIP, however, constituted only a minor portion of their business; the Debtors' actual business was the recruitment of participants ("Participants"). The Debtors operated a massive Ponzi and pyramid scheme which involved more than a million Participants from multiple countries.

5.   On November 25, 2015, the Court, on motion by the Trustee and after notice, entered an Order, as amended on December 21, 2015, finding that the Debtors were engaged in a Ponzi scheme and that this ruling was the law of the case in each of the jointly administered cases.

6.   On January 26, 2016, the Court entered an order approving a process for the determination of Participant claims based upon their involvement in the TelexFree scheme. The order approved the use of the "Net Equity" formula in determining a Participant's claim against the Estates. Specifically, in determining whether a Participant was a Net Winner or Net Loser, the Court would consider amounts invested by a Participant, including amounts invested

pursuant to Triangular Transactions,[1] less amounts received by the Participant from involvement

in the scheme, including amounts received through Triangular Transactions.

7.    According to the Debtors' records of Participant activity, R Crosby was allegedly

a Net Winner in the aggregate amount of $487,620.61 on account of both direct transactions with

TelexFree and Triangular Transactions.  S Crosby was allegedly a Net Winner in the aggregate

amount of $541,450.34 on account of both direct transactions with TelexFree and Triangular

Transactions.

**I.    Trustee Litigation**

8.    The Crosbys are named defendants in the domestic class action suit: (Adversary

Proceeding Number 16-4006), in which the Trustee seeks the recovery of fraudulent and

preferential transfers from all Net Winners located in the United States (the "Domestic Class

Action").

9.    The defendant class has been certified and class counsel has been retained in the

Domestic Class Action.

**II.    SEC Litigation**

10.    On April 15, 2014, the SEC commenced an action in the United States District Court

for the District of Massachusetts ("District Court") against the Debtors and several high-level

promoters, including Randy Crosby, case no. 1:14-cv-11858-DJC (the "SEC Action").  The SEC

Action seeks a determination that the defendants violated Section 10(b) of the Exchange Act, Rule

10(b)-5 thereunder, Section 17(a) of the Securities Act,  and Section 5(a) and 5(c) of the Securities

Act.

---

[1] "Triangular Transactions" refer generally to transactions where a Participant purchased a TelexFree membership plan or phone package from the Debtors and paid the associated fee to the recruiting Participant, rather than directly to the Debtors, and the recruiting Participant satisfied the new recruit's invoice through the application of accumulated credits "earned" from involvement in the TelexFree program.

11.    On April 16, 2014, the District Court entered a Temporary Restraining Order, Order Freezing Assets and for Other Equitable Relief ("TRO"). The TRO ordered the defendants to hold and retain all funds and other assets in their direct or indirect control. The TRO also restrained the defendants from taking any action to dissipate such funds and other assets.

12.    On April 30, 2014, the District Court entered a Preliminary Injunction, Order Freezing Assets, and Order for Other Equitable Relief as to R Crosby ("Injunction"). The Injunction was modified by order dated November 7, 2014.

13.    The SEC has asserted claims against R Crosby in the amount of $530,009.11, with prejudgment interest thereon in the amount of $75,273.82, and a civil penalty in an undetermined amount (the "SEC Obligation").

14.    The SEC and the Trustee have identified certain personal property and real property in which the Crosbys, or entities controlled by the Crosbys, maintain an interest, as further set forth herein.

15.    The Trustee, the SEC, and the Crosbys have entered into negotiations respecting a settlement of the SEC Obligation and the claims asserted by the Trustee against the Crosbys in the Domestic Class Action. As a result of these negotiations, the SEC has accepted R Crosby's proposal of settlement,[2] subject to the entry of a proposed final judgment by the District Court, and the Trustee and the Crosbys have entered into this Stipulation.

16.    Now therefore, for good and valuable consideration, the parties agree and stipulate as follows:

---

[2] The SEC asserted claims only against R Crosby. The final judgment agreed to by the SEC and R Crosby, however, was based upon personal financial statements provided to the SEC by both R Crosby and S Crosby and requires the turnover of assets owned by each. The Settlement of the SEC Action contains additional terms not relevant to the Stipulation.

### Stipulation of Settlement

A.    Within thirty (30) days of entry of the judgment against R Crosby in the SEC Action (the "Judgment"), the following institutions shall transfer to the Trustee the assets held in the following accounts as noted below, and the Crosbys shall provide any cooperation required to effectuate the transfer of such assets:

| # | Name(s) on Account | Bank | Account No. | Amount |
|---|---|---|---|---|
| 1 | Randy Crosby | SunTrust Bank | xxx2437 | All funds in account |
| 2 | Randy Crosby and Sondra (Sonya) Crosby | SMC Management | xxw23 | $50,000 |

B.    Within sixty (60) days of entry of the Judgment, the Crosbys shall endorse and deliver titles and physical possession of the following motor vehicles ("Vehicles") to the Trustee at a time and place specified by the Trustee, but to be located within the State of Florida, and to be no sooner than 30 days after the transfer of the assets described in Section (A) above: (i) 2014 Porsche Cayenne Diesel, VIN WP1AF2A29ELA32898; and (ii) 2014 Porsche Panamera S Hybrid, VIN WP0AD2A79EL044276.

C.    The Crosbys release and waive any right, claim, interest, or exemption they may have in the Vehicles and the foregoing financial accounts in the amounts indicated above.

D.    Upon full compliance by the Crosbys with Sections A, B, and C above, the Trustee shall have released the Crosbys, their successors, heirs and attorneys of any and all claims that the Trustee may have against the Crosbys.

E.    The Crosbys hereby release and waive any and all claims they may have against the Trustee or the TelexFree estates, their successors, heirs, and attorneys.

F.    Nothing herein is intended to grant a release by the Trustee to any party other than

R Crosby and S Crosby.

G.    The effectiveness of the Stipulation shall be contingent upon, and subject to, the entry of the Judgment.

H.    This Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

I.    As set forth in the Judgment, the Trustee shall not assess any costs or expenses against the assets recovered pursuant to this settlement, other than the Trustee's commission, and the fees and expenses associated with the liquidation and distribution of the assets and proceeds thereof recovered in the settlement, including reasonable attorneys' fees.  No other administrative claims shall be charged against the funds attributable to the SEC Obligation.

J.    This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

K.    This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) and the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

L.    This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or portable document format ("pdf").

M.    Each party represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties

hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Stipulation and (b) that each party signing this Stipulation is entering into this Stipulation knowingly, voluntarily and of its own free will.

    N.    The Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

    O.    This Stipulation shall have no force or effect unless it is approved by the Court.

STEPHEN DARR AS HE IS THE
TRUSTEE OF THE CHAPTER 11
ESTATES OF EACH OF THE DEBTORS
By his attorneys,

 /s/ Andrew G. Lizotte
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400
ALizotte@murphyking.com

Randy Crosby and Sonya Crosby,
By counsel:

Sarah Kelly
Nutter McClennen and Fish
155 Seaport Blvd.
Boston, MA 02110

739668

7