# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>        Debtors.<br><hr>STEPHEN DARR, AS HE IS THE TRUSTEE<br>OF THE CHAPTER 11 ESTATES OF EACH<br>OF THE DEBTORS,<br><br>        Plaintiff,<br><br>v.<br><br>BENJAMIN ARGUETA, et al<br>        Defendants. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered<br><br><br>Adversary Proceeding<br>No. 16-4006 |

## STIPULATION OF SETTLEMENT BETWEEN CHAPTER 11 TRUSTEE AND SANTIAGO DE LA ROSA AND MADELYN GUERRERO

This Stipulation of Settlement ("Stipulation") is entered into this 29th day of June, 2018 by and between Stephen B. Darr, the duly appointed Chapter 11 Trustee (the "Trustee") of the bankruptcy estates ("Estates") of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, "TelexFree" or the "Debtors") and Santiago de la Rosa ("de la Rosa") and Madelyn Guerrero ("Guerrero"). De la Rosa and Guerrero, husband and wife, are referred to collectively as the "Defendants", and the Trustee and the Defendants are referred to collectively as the "Parties".

### RECITALS

1.      On April 13, 2014 (the "Petition Date"), the Debtors filed voluntary Chapter 11 petitions with the United States Bankruptcy Court for the District of Nevada.

2.      By order dated May 6, 2014, the Nevada Bankruptcy Court approved a motion to change venue filed by the Securities and Exchange Commission ("SEC"). The cases were transferred to this Court on May 9, 2014.

3.      On May 30, 2014, the Court approved the motion of the Office of the United States Trustee to appoint a Chapter 11 trustee, and the Trustee was appointed on June 6, 2014.

4.      The Debtors ostensibly operated a "multi-level marketing" company with its headquarters in Marlborough, Massachusetts. It represented itself as being in the business of selling telephone service plans that use "voice over internet protocol" ("VoIP") technology. The sale of VoIP, however, constituted only a minor portion of their business; the Debtors' actual business was the recruitment of participants ("Participants") and the use of membership fees paid by new Participants to compensate earlier Participants. The Debtors thereby operated a massive Ponzi and pyramid scheme which involved more than a million Participants from multiple countries.

5.      On November 25, 2015, the Court, on motion by the Trustee and after notice, entered an Order, as amended on December 21, 2015, finding that the Debtors were engaged in a Ponzi scheme and that this ruling was the law of the case in each of the jointly administered cases.

6.      On January 26, 2016, the Court entered an order approving a process for the determination of Participant claims based upon their involvement in the TelexFree scheme. The order approved the use of the "Net Equity" formula in determining a Participant's claim against the Estates. Specifically, in determining whether a Participant was a Net Winner or Net Loser, the Court would consider amounts invested by a Participant, including amounts invested

pursuant to Triangular Transactions,[1] less amounts received by the Participant from involvement

in the scheme, including amounts received through Triangular Transactions.

7.      According to the Debtors' records of Participant activity, de la Rosa was allegedly

a Net Winner in the aggregate amount of $543,175 on account of both direct transactions with

TelexFree and Triangular Transactions.  Guerrero was allegedly a Net Winner in the aggregate

amount of $42,556 on account of both direct transactions with TelexFree and Triangular

Transactions.

## I.    Trustee Litigation

8.      The Defendants are unnamed defendants in the domestic class action suit:

(Adversary Proceeding Number 16-4006), in which the Trustee seeks the recovery of fraudulent and

preferential transfers from all Net Winners located in the United States (the "Domestic Class

Action").

9.      The defendant class has been certified and class counsel has been retained in the

Domestic Class Action.

## II.   SEC Litigation

10.     On April 15, 2014, the SEC commenced an action in the United States District Court

for the District of Massachusetts ("District Court") against the Debtors and several high-level

promoters, including de la Rosa, case no. 1:14-cv-11858-DJC (the "SEC Action").  The SEC

Action seeks a determination that the defendants violated Section 10(b) of the Exchange Act, Rule

10(b)-5 thereunder, Section 17(a) of the Securities Act,  and Section 5(a) and 5(c) of the Securities

Act.

---

[1] "Triangular Transactions" refer generally to transactions where a Participant purchased a TelexFree
membership plan or phone package from the Debtors and paid the associated fee to the recruiting
Participant, rather than directly to the Debtors, and the recruiting Participant satisfied the new recruit's
invoice through the application of accumulated credits "earned" from involvement in the TelexFree
program.

11.     On April 16, 2014, the District Court entered a Temporary Restraining Order, Order

Freezing Assets and for Other Equitable Relief ("TRO") in the SEC Action.  The TRO ordered the

defendants to hold and retain all funds and other assets in their direct or indirect control.   The TRO

also restrained the defendants from taking any action to dissipate such funds and other assets.

12.     On April 30, 2014, the District Court entered a Preliminary Injunction, Order

Freezing Assets, and Order for Other Equitable Relief as to de la Rosa ("Injunction").  The

Injunction was modified by order dated June 12, 2014.

13.     On November 10, 2017, de la Rosa filed a motion to dismiss the SEC Action as to

him, which was denied by order of the District Court dated March 16, 2018.

14.     The SEC has asserted claims against de la Rosa in the amount of $1,527,770, with

prejudgment interest thereon in the amount of $218,264.91, for a total of $1,746,034.91 (the "SEC

Obligation").

15.     The SEC and the Trustee have identified certain personal property and real property

in which the Defendants, or entities controlled by the Defendants, maintain an interest, as further set

forth herein.

16.     The Trustee, the SEC, and the Defendants have entered into negotiations respecting

a settlement of the SEC Obligation and the claims asserted by the Trustee against the Defendants in

the Domestic Class Action.  As a result of these negotiations, the SEC has accepted de la Rosa's

proposal of settlement,[2] subject to the entry of a proposed final judgment by the District Court, and

the Trustee and the Defendants have entered into this Stipulation.

---

[2] The SEC asserted claims against de la Rosa only.  The final judgment agreed to by the SEC and de la
Rosa, however, was based upon personal financial statements provided to the SEC by both Defendants
and requires the turnover of assets owned by each.  The Settlement of the SEC Action contains additional
terms not relevant to the Stipulation.

17.     Now therefore, for good and valuable consideration, the parties agree and stipulate

as follows:

### Stipulation of Settlement

A.     Within thirty (30) days of entry of the judgment against de la Rosa in the SEC

Action (the "Judgment"), the following institutions shall transfer to the Trustee the assets held in

the following accounts as noted below, and the Defendants shall provide any cooperation

required to effectuate the transfer of such assets:

| # | Name(s) on Account | Bank | Account No. | Amount |
|---|---|---|---|---|
| 1 | Santiago de la Rosa | East Boston Savings Bank | xxxxxx5995 | All funds in account |
| 2 | Santiago de la Rosa | East Boston Savings Bank | xxxxx7974 | All funds in account |
| 3 | Magica Media Corp. | SMC Management | xxw23 | All funds in account |

B.     Within sixty (60) days of entry of the Judgment, the Defendants shall transfer the

additional sum of $100,000 to the Trustee.

C.     The Defendants release and waive any right, claim, interest, or exemption they

may have in the foregoing financial accounts.

D.     Upon full compliance by the Defendants with Sections A and B above, the

Trustee shall have released the Defendants, their successors, heirs and attorneys of any and all

claims that the Trustee may have against the Defendants.

E.     The Defendants hereby release and waive any and all claims they may have

against the Trustee or the TelexFree Estates, their successors, heirs, and attorneys.

F.     Nothing herein is intended to grant a release by the Trustee to any party other than

Santiago de la Rosa or Madelyn Guerrero.

G.    The effectiveness of the Stipulation shall be contingent upon, and subject to, the entry of the Judgment.

H.    This Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

I.    As set forth in the Judgment, the Trustee shall not assess any costs or expenses against the assets recovered pursuant to this settlement, other than the Trustee's commission, and the fees and expenses associated with the liquidation and distribution of the assets and proceeds thereof recovered in the settlement, including reasonable attorneys' fees. No other administrative claims shall be charged against the funds attributable to the SEC Obligation.

J.    This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

K.    This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) and the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

L.    This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or portable document format ("pdf").

M.    Each party represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties

6

hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Stipulation and (b) that each party signing this Stipulation is entering into this Stipulation knowingly, voluntarily and of its own free will.

N.    The Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

O.    This Stipulation shall have no force or effect unless it is approved by the Court.

STEPHEN DARR AS HE IS THE
TRUSTEE OF THE CHAPTER 11
ESTATES OF EACH OF THE DEBTORS
By his attorneys,

Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400
ALizotte@murphyking.com

Santiago de la Rosa and Madelyn Guerrero,
By counsel:

Stephen G. Huggard
Locke Lord LLP
111 Huntingon Avenue
Boston, MA 02199
617-239-0769
Fax: 866-955-8807
stephen.huggard@lockelord.com

743999