## MOTION & NOTICE OF OBJECTION

1/31/2019

U.S. BANKRUPTCY COURT
2019 JAN 31  P 4: 13

TO: Mr Judge Timothy S Hillman, D.J.,  Mr. Judge Melvin S. Hoffman, Mr.Deputy Clerk Mr Toni Elam., Mr Clerk Marin Castles

RE: Fabio & Claudia Wanzeler

Dear Mr Judge Timothy S Hillman, D.J.,  Mr. Judge Melvin S. Hoffman, Mr.Deputy Clerk Mr Toni Elam

Motion by Fabio Wanzeler

I am Fabio Wanzeler who intervened as an interested person (IP) in the criminal case against James Merrill and Carlos Wanzeler in Massachusetts Federal Court (Case no. 14-40028-TSH). I am Carlos Wanzeler's brother. In connection with that criminal case, the US government sought forfeiture of certain real property including my primary residence located at 4506 San Mellina Drive, Coconut Creek, Florida 33073, and my other Florida property located at 10556 Cape Delabra Court, Boynton Beach, Florida 33473. I, Fabio Wanzeler, intervened in the criminal case and filed a claim contesting the forfeiture matter, and in that claim I provided many details describing the process through which I purchased the above-mentioned Florida properties. These details included e-mails showing that the purchase of these properties was in no way connected with Mr. James Merrill. I, Fabio Wanzeler, asserted that the two properties should not be forfeited because they belonged to me, and were not forfeitable to the United States.

A settlement was reached and signed regarding the case No. 14-40028-TSH, and the two lawsuits in the Telexfree Bankruptcy court that was filed against me Fabio Wanzeler, cases No. 16-4006, and No 16-4032.

Objection Notice by Fabio Wanzeler

This notice of objection is being filed to contest that the above-mentioned settlement was altered with an addendum of 26 pages not signed by myself and then recorded as if it has been signed, i.e. as if no additional pages has been added.

Said addendum was added by the Trustee in the abovementioned case and/or by his legal team. It was added in as if it were a part of the official settlement agreement and was filed in the Bankruptcy Court without my knowledge or consent. It is to these actions that I, Fabio Wanzeler, object.

### BACKGROUNDS (1)

Fabio Wanzeler was a partner with his brother Carlos Wanzeler for approximately 9 years, between 2001 until 2010, through the companies named, Common Cent's

Communications Inc., and Brazilian Help (Diskavontade). For most of these years, Fabio Wanzeler had almost no compensation for this partnership. Most of the companies' revenue was used by his brother to purchase telecommunication servers, and was then re-invested to grow the infrastructure of the companies in the United States and in Brazil.

On May 24, 2010, Fabio's brother and Fabio ended their partnership. In order to resolve the outstanding compensation issues, it was agreed that Fabio Wanzeler would receive between $10 and $15 for each client that he had brought into the business and that they would divide the telecommunication servers and customers into two companies within a 90-day period from that date. Fabio's brother did not satisfy the agreement as was accepted by both parties.

WHEREAS,
Between 2012-2013, Fabio requested that his brother Carlos Wanzeler satisfy the pending settlement that was agreed with a lump sum amount to settle all past partnership issues,

WHEREAS,
Both parties agreed on a compensation amount and it was paid between 2012-2013. It was with part of this settlement that Fabio Wanzeler purchased the Florida properties cited above, San Mellina Drive and Cape Delabra Court properties.

WHEREAS,
Afterward, Fabio Wanzeler received Notice of lis Pendens with information that his properties were subject to a forfeiture action related to the criminal case cited above, the criminal case against James Merrill and Carlos Wanzeler in Massachusetts Federal Court (Case no. 14-40028-TSH).

WHEREAS,
Fabio Wanzeler then requested brother Carlos Wanzeler inform him of method used to transfer funds (used for purchase of homes) as compensation for work in the companies as described above.

WHEREAS,
Carlos Wanzeler advised Fabio Wanzeler that these funds came from his personal accounts in Brazil into his personal bank accounts in the United States and were then transferred to his Real Estate & Investment Company (called Above Beyong) to purchase properties in the United States.

WHEREAS,
Carlos Wanzeler further advised Fabio Wanzeler that the funds were transferred to the builders of the San Mellina Drive property from his business account Above Beyong (directly) and the Cape Delabra Court property (indirectly). Said funds were transferred from his personal bank account at HSBC Bank.

- Regarding the SAN MELLINA DRIVE property purchase;

WHEREAS, on the date 12/3/2013, Fabio Wanzeler and Claudia Wanzeler purchased the property at 4506 San Mellina Drive, and part of the payment came from his brother Carlos Wanzeler as part of the settlement. This was a payment in the amount of $300,000 and was sent by his brother Carlos Wanzeler directly to the Builder. These funds came from Above Beyong.

- Regarding the 10556 CAPE DELABRA COURT property purchase;

WHEREAS, prior to the purchase of the Cape Delabra Ct property, the primary buyer was Carvalho A. S. JR., and Mr. Carvalho was having an issue getting the financing of the property. Mr. Carvalho then cancelled the purchase, thereby releasing the property back to the Builder. Weeks before, Fabio Wanzeler received an email from Mr. Carvalho offering him the option to purchase the property below retail value, with the condition of getting his deposit back from the builder at closing if Fabio Wanzeler purchased the property.

WHEREAS, Fabio Wanzeler decided to purchase the Cape Delabra Court property.

WHEREAS, at the Builder's request, in order for Fabio Wanzeler to purchase the property below retail value, the property had to first be purchased by Mr. Carvalho A. S. JR. (as can be seen on the deed with registration date Jan/2014, available at the West Palm Beach property record office).

WHEREAS, on the closing date (Jan/2014), Fabio Wanzeler requested that Carlos Wanzeler pay $280,000 as part of the original settlement between the two brothers, and a payment was sent from Carlos Wanzeler's personal account (at HSB bank) directly to Builder.

WHEREAS, after the transaction was satisfied by Builder, the warranty deed was registered under Fabio Wanzeler and Claudia Wanzeler by Nova Title and recorded (Feb-2014) in the West Palm Beach property record.

WHEREAS, Fabio Wanzeler and his wife, Claudia Wanzeler, had no knowledge about whether or if the funds received from Mr. Wanzeler's brother, Carlos Wanzeler, were connected with Mr. Merrill and/or the criminal case (Case no. 14-40028-TSH,).

## BACKGROUNDS (2)

The Adversary Proceeding in the Telexfree Bankruptcy

WHEREAS;
Fabio Wanzeler became an investor in the Telexfree States by purchasing many Telexfree Ad-Family package plans.

WHEREAS; Fabio Wanzeler promoted Telexfree the same was as many others involved in the business (1,000,000 participants according to court records),

WHEREAS; on the date 12/31/2012, Fabio Wanzeler made a deposit payment in the amount of $46,000 in one of Telexfree's bank accounts at the TD Bank Branch, located at 3600 N Federal Hwy, Lighthouse Point Florida 33064

This deposit was made to purchase Ad-Family packages offered by Telexfree. After the payment was satisfied in the Telexfree bank account, a Manual Credit in the amount of $46,000 was added in the USER account (almega2).

WHEREAS;
Fabio Wanzeler did not offer the Telexfree opportunity to many people and did not participate in the Telexfree meetings, events, or online presence. (Unfortunately) Fabio Wanzeler became a net winner like thousands other net winners.

WHEREAS;
According to court documents, TELEXFREE (the COMPANY) generated billions of dollars in a short period of time, with over 1,000,000 representatives (participants) worldwide.
Additionally, the COMPANY had one of the Best MLM lawyers showing on its main Webpage, which made it hard for any participant to think that the company was running an illegal and unlawful business.

WHEREAS;

According to the TELEXFREE founders, the company was completing a powerful ecommerce platform that would have thousands of products and services available to be promoted, sold and used by the participants on a daily basis, as an ecommerce project called TELEXCOMMERCE that could generate billions of dollars in sales through the 1,000,000 participants.

WHEREAS;
Fabio Wanzeler had no knowledge of the inside transactions of the Company or that the company was using investors' money to compensate people for additional VOIP accounts.

According to www.alexa.com records the company WEBSITE www.telexfree.com was one of the most popular worldwide, with rank # 38 in Brazil alone and 998 worldwide.

WHEREAS; The Chapter 11 Trustee has asserted that (Fabio Wanzeler) was a net winner in the approximate amount of $630,000. This amount shows in the settlement agreement; however, this amount is higher than the correct amount but was agreed to by Fabio Wanzeler in order to get the settlement finalized.

WHEREAS;
The adversary proceeding has two lawsuits in the Telexfree Bankruptcy court against Fabio Wanzeler, cases No. 16-4006, and No 16-4032,

WHEREAS;
Fabio Wanzeler requested that the United States Attorney settle ALL cases in one.

WHEREAS;
The United States, The Trustee, and Fabio Wanzeler have entered into a settlement agreement regarding the two properties listed above (Case No. 14-40028-TSH) and the adversary proceeding that was filed in the Telexfree Bankruptcy Court, cases No. 16-4006, and No 16-4032, and upon satisfaction of the obligations set out in that settlement agreement, these cases will be completed and final.

( WHEREAS, all parties acknowledge that the settlement agreement does not constitute an admission by me (Fabio) or my wife (Claudia) of any facts or liability or wrongdoing, and that I (Fabio) or my wife (Claudia) we are innocent owners of, or bona fide purchasers for value of, the San Mellina Property and the Cape Delabra property.)

WHEREAS;
The United States filed a restraining order modification in United State District court to approve the settlement agreement

WHEREAS;
The settlement agreement was approved in the United States District court on the date 11-02-2018

WHEREAS;

In order for the settlement agreement become 100% approved, The Trustee Chapter 11 had to file the settlement agreement with the Bankruptcy Court as well.

WHEREAS;
Fabio Wanzeler, in need of a loan for the Cape Delabra Property per terms of settlement Agreement, and in order to speed the process of applying for said loan, agreed to the United States District Court settlement approval, and Fabio Wanzeler then started the process of getting a loan for the Cape Delabra Ct property, per the terms of the settlement Agreement.

WHEREAS;
Fabio Wanzeler was approved by a private lender. Days before the closing date of the Loan, Fabio Wanzeler was notified by the lender that lender would not go forward with the loan due to filings that had recently been added on www.pacer.gov

WHEREAS;
During the same week, Fabio Wanzeler noticed that www.behindmlm.com, a WEBSITE blog, applied information and comments that were not part of the signed settlement agreement.

WHEREAS;
Fabio Wanzeler contacted behindmlm.com and asked the blogger about said material added into their blog, and requested to be removed those material from their blog. During this conversation, the blogger accused Mr. Wanzeler many times of scammer and mentioned that the Trustee applied said comments into the Settlement Agreement and if Fabio Wanzeler needed to file any complaint that would be directly with the Trustee Chapter 11.

WHEREAS;
After Fabio Wanzeler read over the bankruptcy court filings filed by the Trustee Chapter 11 at the Bankruptcy Court, Fabio Wanzeler learned that the Trustee applied an addendum of 26 pages in the Bankruptcy Court filings after the settlement has been signed. This addendum was added into the settlement agreement without Fabio Wanzeler's knowledge or consent.

WHEREAS;
Fabio Wanzeler contacted his attorney to advise attorney regarding addendum situation, that addendum had been added without knowledge or consent and that said addendum was causing harm (in that loan was pulled based on material in addendum).

WHEREAS;
Because Fabio Wanzeler's attorney is not admitted in Bankruptcy Court, attorney cannot help or answer in any way.

WHEREAS;
Fabio Wanzeler hereby requests that the additional 26 additional pages which were added to the settlement after it was signed and which were added without Fabio Wanzeler's knowledge or consent, hereby be removed from the bankruptcy court filings and that the

complete settlement containing all original pages and only all original pages which was agreed to and signed by all relevant parties be filed. Time is of the essence in this removal and refiling. This request is being made in order that the filing in Bankruptcy Court accurately reflect what was signed and agreed to by all parties for just and fair recording for all parties involved.

WHEREAS;
The additional pages filed at the Bankruptcy Court can breach the settlement agreement as was accepted and signed by all parties, including the terms and conditions of the Settlement Agreement available on page 4, (The Adversary Proceeding in the Telexfree Bankruptcy) of the settlement filed with The United States District Court, District of Massachusetts on the date 10/28/2018.

The terms of the settlement were very clear
( WHEREAS, All parties Acknowledge that the settlement agreement does not constitute an admission by me (Fabio) and/or my wife (Claudia) of any facts or liability or wrongdoing, and that I (Fabio) and/or my wife (Claudia) are innocent owners of, or bona fide purchasers for value of, the San Mellina Drive Property and the Cape Delabra property.)

WHEREAS;
Fabio Wanzeler hereby formally requests that the court provide him counsel to support and help him resolve this matter fairly with the Trustee Chapter 11 and The United States Attorney.

Every request made by the United States Attorney to Fabio Wanzeler was complied with by Fabio Wanzeler with integrity, and Fabio Wanzeler had no idea the settlement had been altered and/or filed with aforementioned alterations until he started having problems getting the aforementioned loan due to the addendum, the 26 additional pages, which there unlawfully added to the settlement before it was filed in the Bankruptcy Court filings.

WHEREAS, Fabio Wanzeler advises he is not disputing paying back any amount earned to the Telexfree States,

WHEREAS, Fabio Wanzeler agreed that he became a Net winner in the Telexfree State and that is his responsibility to return those funds back to the Telexfree States to pay back the Victims, also known as Net Losers, in the Telexfree Case.

WHEREAS
This letter is an objection to the addendum added to the original signed Settlement Agreement without Fabio Wanzeler's knowledge or consent and it is also an objection to the filing of the agreement with said added portions (26 pages) that were added without knowledge or consent of Fabio Wanzeler, one of the signers of the original signed Settlement Agreement. It is also a request for counsel to be provided to Fabio Wanzeler.

WHEREAS,

Fabio Wanzeler was only advised that he could file an Objection Notice this past week and has acted in a timely way, noting that time is of the essence.

WHEREAS;

In none of the cases has Fabio Wanzeler ever received class counsel nor has he retained any counsel for the present objection.

WHEREFORE, Fabio Wanzeler fully expects and intends that this court:

1. Approve the Objection for the reasons set forth; and

2. Grant such other relief as is just and proper

as this situation, as it exists at present, is at the very least both inconvenient and unfair.

Sincerely,
Fabio Wanzeler

*Fabio Wanzeler*

Date 01 / 31 / 19