# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 11 Cases |
| TELEXFREE, LLC, | 14-40987-MSH |
| TELEXFREE, INC. and | 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | 14-40989-MSH |
| Debtors. | Jointly Administered |
| STEPHEN B. DARR AS HE IS TRUSTEE OF THE CHAPTER 11 ESTATES OF TELEXFREE, LLC, TELEXFREE, INC. and TELEXFREE FINANCIAL, INC., | Adversary Proceeding No.16-4032 |
| Plaintiff, v. | |
| CARLOS WANZELER, ET AL, Defendant(s). | |
| STEPHEN B. DARR AS HE IS TRUSTEE OF THE CHAPTER 11 ESTATES OF TELEXFREE, LLC, TELEXFREE, INC. and TELEXFREE FINANCIAL, INC., | Adversary Proceeding No.16-4006 |
| Plaintiff, v. | |
| BENJAMIN ARGUETA, ET AL Defendant(s). | |

**RESPONSE BY TRUSTEE TO "MOTION & NOTICE OF OBJECTION"
FILED BY FABIO WANZELER**

Stephen Darr, the duly appointed Chapter 11 Trustee (the "Chapter 11 Trustee") of

TelexFree, LLC, TelexFree, Inc. and TelexFree Financial, Inc. ("TelexFree" or the "Debtors"),

respectfully files this response to the *Motion & Notice of Objection* (the "Motion") filed by Fabio Wanzeler on or about February 6, 2019.

1. On or about November 5, 2018, the Chapter 11 Trustee filed a motion to approve a settlement agreement amongst the Chapter 11 Trustee, Mr. Wanzeler, and the United States of America (the "Settlement Motion"), along with the settlement agreement (the "Agreement").

2. The Settlement Motion and Agreement were served upon Mr. Wanzeler's counsel when filed.

3. On or about December 17, 2018, the Court entered an order approving the Settlement Motion.

4. On February 6, 2019, Mr. Wanzeler filed his Motion, alleging that the Agreement had been 'altered' by the Chapter 11 Trustee and apparently requesting that the Settlement Motion be stricken.

5. The Agreement was not altered in any way upon filing with the Court. Mr. Wanzeler has apparently misunderstood the Settlement Motion filed by the Chapter 11 Trustee, and otherwise required as part of a request for relief under Federal Rule of Bankruptcy Procedure 9019, as being part of or an "addendum" to the Agreement.

6. Notwithstanding the filing of the Motion, it appears that Mr. Wanzeler intends to comply with the Agreement. On February 8, 2019, the Chapter 11 Trustee received the settlement funds and was informed that the deed transferring the San Mellina property from the Wanzeler's to the Chapter 11 Trustee had been recorded. Pending an inspection by the Chapter 11 Trustee of the property being transferred, it appears that Mr. Wanzeler has complied with his obligations under the Agreement.

7. It is unclear the relief sought by Mr. Wanzeler, other than to deny generally the

allegations asserted against him in the case and forming the basis of the settlement. Because the Settlement Motion was approved by final order of the Court and Mr. Wanzeler is not contesting the terms of the Agreement that he signed, the Chapter 11 Trustee requests that the Motion be deemed moot.

                                                    STEPHEN DARR, TRUSTEE OF THE
CHAPTER 11 ESTATES OF EACH OF
THE DEBTORS
By his attorneys,

 /s/ Andrew G. Lizotte
Harold B. Murphy (BBO #362610)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400
ALizotte@murphyking.com

Dated: February 11, 2019
753925

3