UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  14-40028-TSH |
| | ) | |
| JAMES MERRILL, | ) | |
| Defendant | ) | |
| | ) | |
| PRISCILA COSTA, | ) | |
| Claimant | ) | |

## SETTLEMENT AGREEMENT

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney

for the District of Massachusetts ("United States"), claimant Priscila Costa (the "Claimant"),

Carlos Costa, and Stephen Darr, Bankruptcy Trustee for the Estates of TelexFree, LLC,

TelexFree, Inc., and TelexFree Financial, Inc. pending in the United States Bankruptcy Court for

the District of Massachusetts (the "Bankruptcy Court") in jointly administered cases Case No.

14-40987 *et al.* (the "Chapter 11 Trustee" and, collectively, the "Parties"), set forth the

following:

**The Criminal Forfeiture Action**

WHEREAS, on September 8, 2016, a federal grand jury sitting in the District of

Massachusetts returned a seventeen-count First Superseding Indictment charging James Merrill

and Carlos Wanzeler, with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349

(Count One); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Nine); and

Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in

violation of 18 U.S.C. §§ 1957(a) and 2 (Counts Ten through Seventeen);

WHEREAS, the First Superseding Indictment contained a Forfeiture Allegation, which

gave the defendants notice that the United States sought forfeiture, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of one or more of the offenses charged in Counts One through Nine of the First Superseding Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, in addition, the First Superseding Indictment contained a Money Laundering Forfeiture Allegation, which gave the defendants notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1), upon conviction of one or more of the offenses alleged in Counts Ten through Seventeen of the First Superseding Indictment, of any property, real or personal, involved in the offenses, and any property traceable to such property;

WHEREAS, on October 24, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant James Merrill ("Merrill") pled guilty to Counts One through Nine of the First Superseding Indictment, pursuant to a written plea agreement signed by Merrill on October 24, 2016;[1]

WHEREAS, in Section 8 of the written plea agreement, Merrill agreed to the forfeiture of the assets listed in Exhibit A to the plea agreement, which included the following real properties:

1.　the real property described as Units 101, 102, 103, 201, 202, 301, 302, 303, 304, and 402 of the Beverly Condominiums located at 900 NW 45th Street, Pompano Beach FL 33064-1162 (the "Beverly Condominiums");

WHEREAS, in addition, Merrill admitted that the assets listed in Exhibit A to the plea agreement, including the Beverly Condominiums, are subject to forfeiture on the grounds that they are property, real or personal, that constituted, or were derived from, proceeds traceable to the commission of the offenses charged in Counts One through Nine of the First Superseding Indictment, and Merrill consented to the entry of an order of forfeiture against such property;

---

[1] The United States agreed to dismiss Counts Ten through Seventeen of the First Superseding Indictment following the Court's imposition of Merrill's sentence.

WHEREAS, on March 21, 2017, the United States filed an Assented-To Motion for

Preliminary Order of Forfeiture seeking forfeiture of numerous assets, including the Beverly

Condominiums;

WHEREAS, on March 22, 2017, the Court granted the Motion for Preliminary Order of

Forfeiture;

WHEREAS, on March 22, 2017, the Court sentenced Merrill to 72 months imprisonment

and three years' supervised release;

WHEREAS, on July 11, 2017, the Court entered a Restitution Order against Merrill, which

provided that based upon the complexity and volume of restitution payments to victims in this

case, the Chapter 11 Trustee in the related Chapter 11 cases for the TelexFree entities shall

administer and pay restitution to victims (the "Restitution Order");

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties

and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar

days, beginning on May 16, 2017, and ending on June 14, 2017, and also beginning on June 16,

2017, and ending on July 15, 2017;

WHEREAS, on September 15, 2017, Priscila Costa filed a verified claim asserting an

interest in the Beverly Condominiums;

WHEREAS, as of this date, no other party has filed a petition claiming an interest in the

Beverly Condominiums, and the time within which to do so has expired;

**The Adversary Proceeding in the TelexFree Bankruptcy**

WHEREAS, the Chapter 11 Trustee has asserted that Claimant was a net winner in the

Ponzi scheme operated by the TelexFree entities in the approximate amount of $542,298

WHEREAS, the Chapter 11 Trustee commenced a class action against all net winners

located in the United States in adversary proceeding number 16-4006 pending in the Bankruptcy

Court (the "Class Action");

WHEREAS, the Claimant is also a defendant in adversary proceeding number 16-4032

commenced by the Chapter 11 Trustee in the Bankruptcy Court (the "Insider Action" and,

together with the Class Action, the "Adversary Proceedings");

WHEREAS, the Parties desire to reach a full and final settlement regarding the Beverly

Condominiums and the Adversary Proceedings;

WHEREAS, the Parties acknowledge that this Settlement Agreement does not constitute

an admission by Claimant or Carlos Costa of any facts or liability or wrongdoing,  Claimant

asserts that she is an innocent owner or, or bona fide purchaser for value of Beverly

Condominiums, and Carlos Costa denies any past or current ownership interest in the Beverly

Condominiums;

NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties

as follows:

1.      Upon execution by the Parties, this Settlement Agreement ("Agreement") shall be

filed with the United States District Court for the District of Massachusetts (the "District

Court"). The District Court and the Bankruptcy Court shall retain jurisdiction to enforce the

provisions of this Agreement.

2.      Upon execution of the Settlement Agreement by the Parties, the United States

shall file an assented-to motion to modify the restraining order entered against the Beverly

Condominiums to allow execution of a deed transferring ownership of Units 102, 103, 201, 202,

301, 302, 304, and 402 of the Beverly Condominiums to the Chapter 11 Trustee (the

"Transferred Condominiums").  Within 10 days after the Court grants the modification to the

4

restraining order, Claimant shall deliver to her attorney, to hold in escrow, the original executed

deed signed by Claimant attached here to as *Exhibit A*.

3.      Upon execution by the Parties and confirmation that the deed referenced in

paragraph 2 has been delivered to Claimant's counsel, the Chapter 11 Trustee shall file a motion

in the Adversary Proceedings requesting that the Court approve a compromise of the claims

asserted against Claimant in the Adversary Proceedings on the terms outlined in this Settlement

Agreement.

4.      If the Bankruptcy Court denies the motion described in Paragraph 3 above, this

Settlement Agreement shall be null and void.

5.      If the Bankruptcy Court grants the motion described in Paragraph 3 above, then

within 10 days after the date of the Bankruptcy Court's order granting the motion, Claimant

attorney shall provide the original deed transferring ownership of the Transferred Condominiums

to the Chapter 11 Trustee.  Claimant shall also provide documentation to the Chapter 11 Trustee

regarding tenants, or lease agreements, or other property documents regarding the Transferred

Condominiums as so requested by the Chapter 11 Trustee.  In providing the deed for the

Transferred Condominiums, Claimant releases and waives any right, claim, interest, or

exemption in the Transferred Condominiums or their proceeds.

6.      If the Bankruptcy Court grants the motion described in Paragraph 3 above, then

upon delivery of the deed transferring ownership of the Transferred Condominiums to the

Chapter 11 Trustee, the United States shall:

a.      file a motion with the District Court to vacate the Preliminary Order of

Forfeiture as to the Beverly Condominiums, which shall expressly allow the return of Units 101

and 303 of the Beverly Condominiums (the "Retained Condominiums") to Claimant;

b.      file a motion with the District Court to vacate the Restraining Order as to the Beverly Condominiums;

c.      provide the Chapter 11 Trustee a release of *lis pendens* against the Transferred Condominiums;

d.      provide Claimant a release of *lis pendens* against the Retained Condominiums, which Claimant shall record.

7.      If the Bankruptcy Court grants the motion described in Paragraph 3 above, then the Chapter 11 Trustee shall:

a.      Record the executed deed transferring ownership of the Transferred Condominiums to the Chapter 11 Trustee, and record the release of *lis pendens* executed by the United States as to the Transferred Condominiums;

b.      Liquidate the Transferred Condominiums, and utilize all net proceeds from the sale of the Transferred Condominiums to pay allowed administrative expenses of the Chapter 11 Trustee and his professionals and to pay the allowed claims of victims in accordance with the terms of the Restitution Order entered in the above-captioned criminal case.

8.      The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all claims arising out of the forfeiture proceeding as to the Beverly Condominiums, and out of the claims asserted against Claimant in the Adversary Proceedings.  The settlement explicitly does not release or satisfy any claims that the Chapter 11 Trustee may have against Carlos Costa.

9.      Claimant unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office and

Department of Homeland Security, including Homeland Security Investigations, as well as any

state, county, or local law enforcement agencies whose personnel assisted in the forfeiture

proceedings against the Beverly Condominiums, from any and all claims, demands, damages,

causes of actions or suits, of whatever kind and/or description and wheresoever situated, which

might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the seizure,

restraint, and forfeiture proceedings against the Beverly Condominiums or the provisions of the

instant Agreement.

10.     Claimant unconditionally releases and waives any claims she may have against the

Chapter 11 Trustee or the bankruptcy estates of TelexFree.

11.     Claimant unconditionally releases, indemnifies, and holds harmless the Chapter 11

Trustee and his agents, employees, and representatives, both past and present, from any and all

claims, demands, damages, causes of actions or suits, of whatever kind and/or description and

wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly

or indirectly, the Beverly Condominiums or the provisions of the instant Agreement.

12.     Carlos Costa unconditionally releases and waives any right, claim, interest, or

exemption in the Beverly Condominiums or their proceeds and further denies any past or current

ownership interest in the Beverly Condominiums.

13.     The Chapter 11 Trustee agrees that this Agreement permanently resolves all claims,

demands, damages, causes of actions or suits, solely against the Claimant that were raised, or that

could have been raised, in the Adversary Proceedings, and hereby unconditionally releases

Claimant from same.  Nothing herein is intended to release any claim the Chapter 11 Trustee may

have against any third party or anyone who may be jointly and severally liable with the Claimant.

Within 5 days of the entry of a final, nonappealable order of the District Court and the Bankruptcy

Court approving this Agreement and Claimant's full compliance with the terms of the Agreement, the Chapter 11 Trustee will file with the court a Stipulation of Dismissal of Prejudice as to his claims against Claimant in the Adversary Proceedings.

14.　　The United States agrees that this Agreement resolves all claims for civil or criminal forfeiture of the Beverly Condominiums by the United States based upon the criminal conduct charged in the above-captioned criminal case.

15.　　All rights of appeal are hereby waived by the Parties. Except as otherwise provided in this Agreement, each party shall bear its own fees, including attorneys' fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to this forfeiture action. The Chapter 11 Trustee may recover from Claimant any attorneys' fees incurred for noncompliance with the provisions of this Agreement.

16.　　Claimant agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt owed to the United States by them.

17.　　Claimant hereby acknowledges that she is, and has been, represented by competent counsel in connection with the negotiation of this Agreement, that the provisions of this Agreement and the legal effects thereof have been explained to her, and that she is entering into this Agreement freely and voluntarily, without coercion, duress, or undue influence.

18.　　This agreement may be executed in any number of counterparts, each of which when executed and delivered shall constitute a duplicate original, but all counterparts together shall constitute a single agreement.

STEPHEN B. DARR,
CHAPTER 11 TRUSTEE OF
TELEXFREE, LLC,
TELEXFREE, INC., TELEXFREE
FINANCIAL, INC.,

By counsel:


_____
HAROLD B. MURPHY (BBO #362610)
ANDREW G. LIZOTTE (BBO #559609)
Murphy & King, P. C.
One Beacon Street
Boston, MA 02108
(617) 423-0400

Dated: _____


PRISCILA COSTA,
by her attorney,


_____
DOUGLAS S. BROOKS (BBO #636697)
Libby Hoopes PC
399 Boylston Street
Boston, MA 02116
617-338-9300

Dated: _____

ANDREW E. LELLING,
United States Attorney,

By: _____
MARY B. MURRANE, BBO #644448
mary.murrane@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: __1/30/2019__


PRISCILA COSTA,
individually,


_____

Dated: _____


CARLOS COSTA,
individually,


_____

Dated: _____

STEPHEN B. DARR,
CHAPTER 11 TRUSTEE OF
TELEXFREE, LLC,
TELEXFREE, INC., TELEXFREE
FINANCIAL, INC.,

By counsel:

_Andrew Lizotte_
HAROLD B. MURPHY (BBO #362610)
ANDREW G. LIZOTTE (BBO #559609)
Murphy & King, P. C.
One Beacon Street
Boston, MA 02108
(617) 423-0400

Dated: __1/29/19__


PRISCILA COSTA,
by her attorney,


_____
DOUGLAS S. BROOKS (BBO #636697)
Libby Hoopes PC
399 Boylston Street
Boston, MA 02116
617-338-9300

Dated: _____


ANDREW E. LELLING,
United States Attorney,


By: _____
MARY B. MURRANE, BBO #644448
mary.murrane@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: _____


PRISCILA COSTA,
individually,


_____

Dated: _____


CARLOS COSTA,
individually,


_____

Dated: _____


9

STEPHEN B. DARR,
CHAPTER 11 TRUSTEE OF
TELEXFREE, LLC,
TELEXFREE, INC., TELEXFREE
FINANCIAL, INC.,

By counsel:


_____
HAROLD B. MURPHY (BBO #362610)
ANDREW G. LIZOTTE (BBO #559609)
Murphy & King, P. C.
One Beacon Street
Boston, MA 02108
(617) 423-0400


Dated: _____



PRISCILA COSTA,
by her attorney,

_____
DOUGLAS S. BROOKS (BBO #636697)
Libby Hoopes PC
399 Boylston Street
Boston, MA 02116
617-338-9300

Dated: __1/22/19__


ANDREW E. LELLING,
United States Attorney,


By: _____
MARY B. MURRANE, BBO #644448
mary.murrane@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: _____



PRISCILA COSTA,
individually,


_____

Dated: _____



CARLOS COSTA,
individually,


_____

Dated: _____


9

STEPHEN B. DARR,
CHAPTER 11 TRUSTEE OF
TELEXFREE, LLC,
TELEXFREE, INC., TELEXFREE
FINANCIAL, INC.,

By counsel:


_____
HAROLD B. MURPHY (BBO #362610)
ANDREW G. LIZOTTE (BBO #559609)
Murphy & King, P. C.
One Beacon Street
Boston, MA 02108
(617) 423-0400

Dated: _____


PRISCILA COSTA,
by her attorney,


_____
DOUGLAS S. BROOKS (BBO #636697)
Libby Hoopes PC
399 Boylston Street
Boston, MA 02116
617-338-9300

Dated: _____


ANDREW E. LELLING,
United States Attorney,


By: _____
MARY B. MURRANE, BBO #644448
mary.murrane@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: _____


PRISCILA COSTA,
individually,


_____
Dated: ___1/23/19___


CARLOS COSTA,
individually,


_____
Dated: _____


9

STEPHEN B. DARR,
CHAPTER 11 TRUSTEE OF
TELEXFREE, LLC,
TELEXFREE, INC., TELEXFREE
FINANCIAL, INC.,

By counsel:


_____
HAROLD B. MURPHY (BBO #362610)
ANDREW G. LIZOTTE (BBO #559609)
Murphy & King, P. C.
One Beacon Street
Boston, MA 02108
(617) 423-0400

Dated: _____


ANDREW E. LELLING,
United States Attorney,


By: _____
MARY B. MURRANE, BBO #644448
mary.murrane@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: _____


PRISCILA COSTA,
individually,


_____

Dated: _____


PRISCILA COSTA,
by her attorney,


_____
DOUGLAS S. BROOKS (BBO #636697)
Libby Hoopes PC
399 Boylston Street
Boston, MA 02116
617-338-9300

Dated: _____


CARLOS COSTA,
individually,

_____

Dated: 01/23/2019

9

# Exhibit A

Prepared by and return to:
    Robert E. Richards, Jr., Esq.
    Murphy & King, P.C.
    One Beacon Street, 21st Floor
    Boston, MA  02108

Property Appraisers I.D. Number:

| | |
|---|---|
| Folio No.: 484215-EC-0020 | Folio No.: 484215-EC-0080 |
| Folio No.: 484215-EC-0030 | Folio No.: 484215-EC-0090 |
| Folio No.: 484215-EC-0040 | Folio No.: 484215-EC-0110 |
| Folio No.: 484215-EC-0050 | Folio No.: 484215-EC-0130 |

    **THIS WARRANTY DEED** made the _____ day of _____, 2019 by **Priscila F. Costa, a single woman**, whose post office address is 73 Harvard Street, Chelsea, Massachusetts 02150, hereinafter called the grantor to: **Stephen Darr, as Chapter 11 Trustee of TelexFree LLC, TelexFree Inc. and TelexFree Financial Inc.,** as grantee whose mailing address is c/o Murphy & King, P.C., One Beacon Street, 21st Floor, Boston, Massachusetts 02108.

    (Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

    **WITNESSETH**: That the grantor, for and in consideration of the sum of Ten and 00/100 ($10.00) Dollars, and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in Broward County, State of Florida, viz:

    Units, 102, 103, 201, 202, 301, 302, 304, 402, of THE BEVERLY, A CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded in Official Record Book 42583, Page 696, of the Public Records of Broward County, Florida.

    Subject to easements, restrictions and limitations of record.

    **TOGETHER**, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

    **TO HAVE AND TO HOLD**, the same in fee simple forever.

    **AND** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and

753429

convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes, accruing subsequent to December 31, 2012.

**IN WITNESS WHEREOF**, the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____                    _____
Witness #1                                          Priscila F. Costa

_____
Printed Signature

_____
Witness #2

_____
Printed Signature

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF SUFFOLK)

     In _____, on this _____ day of _____, 2019 before me personally appeared _____, proved to me through satisfactory evidence of identification, which was  photographic identification with signature issued by a federal or state governmental agency, or personal knowledge of the undersigned, to be the party executing the foregoing instrument and she acknowledged to the undersigned that she executed such instrument voluntarily, as her free act and deed.

_____
Notary Public
Printed Name: _____

My Commission Expires: _____

753429