# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>        Debtors.<br><br>STEPHEN DARR, AS HE IS THE TRUSTEE<br>OF THE CHAPTER 11 ESTATES OF EACH<br>OF THE DEBTORS,<br><br>        Plaintiff,<br><br>v.<br><br>BENJAMIN ARGUETA, et al<br>    Defendants. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered<br><br><br>Adversary Proceeding<br>No. 16-4006 |

## STIPULATION OF SETTLEMENT BETWEEN CHAPTER 11 TRUSTEE AND FAITH SLOAN

This Stipulation of Settlement ("Stipulation") is entered into this 22nd day of April, 2019

by and between Stephen B. Darr, the duly appointed Chapter 11 Trustee (the "Trustee") of the

bankruptcy estates ("Estates") of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc.

(collectively, "TelexFree" or the "Debtors") and Faith Sloan ("Sloan" and, together with the

Trustee, the "Parties".

### RECITALS

1.      On April 13, 2014 (the "Petition Date"), the Debtors filed voluntary Chapter 11

petitions with the United States Bankruptcy Court for the District of Nevada.

2.      By order dated May 6, 2014, the Nevada Bankruptcy Court approved a motion to change venue filed by the Securities and Exchange Commission ("SEC"). The cases were transferred to this Court on May 9, 2014.

3.      On May 30, 2014, the Court approved the motion of the Office of the United States Trustee to appoint a Chapter 11 trustee, and the Trustee was appointed on June 6, 2014.

4.      The Debtors ostensibly operated a "multi-level marketing" company with its headquarters in Marlborough, Massachusetts. It represented itself as being in the business of selling telephone service plans that use "voice over internet protocol" ("VoIP") technology. The sale of VoIP, however, constituted only a minor portion of their business; the Debtors' actual business was the recruitment of participants ("Participants"). The Debtors operated a massive Ponzi and pyramid scheme which involved more than a million Participants from multiple countries.

5.      On November 25, 2015, the Court, on motion by the Trustee and after notice, entered an Order, as amended on December 21, 2015, finding that the Debtors were engaged in a Ponzi scheme and that this ruling was the law of the case in each of the jointly administered cases.

6.      On January 26, 2016, the Court entered an order approving a process for the determination of Participant claims based upon their involvement in the TelexFree scheme. The order approved the use of the "Net Equity" formula in determining a Participant's claim against the Estates. Specifically, in determining whether a Participant was a Net Winner or Net Loser, the Court would consider amounts invested by a Participant, including amounts invested

2

pursuant to Triangular Transactions,[1] less amounts received by the Participant from involvement

in the scheme, including amounts received through Triangular Transactions.

7.     According to the Debtors' records of Participant activity, Sloan was allegedly a

Net Winner in the aggregate amount of $710,319 on account of both direct transactions with

TelexFree and Triangular Transactions.

**I.     Trustee Litigation**

8.     Sloan is a named defendant in the domestic class action suit: (Adversary Proceeding

Number 16-4006), in which the Trustee seeks the recovery of fraudulent and preferential transfers

from all Net Winners located in the United States (the "Domestic Class Action").

9.     The defendant class has been certified and class counsel has been retained in the

Domestic Class Action.

**II.     SEC Litigation**

10.     On April 15, 2014, the SEC commenced an action in the United States District Court

for the District of Massachusetts ("District Court") against the Debtors and several high-level

promoters, including Slaon, case no. 1:14-cv-11858 (the "SEC Action"). The SEC Action sought a

determination that the defendants violated Section 10(b) of the Exchange Act, Rule 10(b)-5

thereunder, Section 17(a) of the Securities Act, and Section 5(a) and 5(c) of the Securities Act.

11.     On April 16, 2014, the District Court entered a Temporary Restraining Order, Order

Freezing Assets and for Other Equitable Relief ("TRO"). The TRO ordered the defendants to hold

and retain all funds and other assets in their direct or indirect control. The TRO also restrained the

defendants from taking any action to dissipate such funds and other assets.

---

[1] "Triangular Transactions" refer generally to transactions where a Participant purchased a TelexFree
membership plan or phone package from the Debtors and paid the associated fee to the recruiting
Participant, rather than directly to the Debtors, and the recruiting Participant satisfied the new recruit's
invoice through the application of accumulated credits "earned" from involvement in the TelexFree
program.

12.    The SEC has asserted claims against Sloan in the amount of $650,334, with

prejudgment interest thereon in the amount of $120,621, and a civil penalty in the amount of $7,500

(the "SEC Obligation").

13.    The SEC and the Trustee have identified certain personal property in which Sloan

maintains an interest.

14.    The Trustee, the SEC, and Sloan have entered into negotiations respecting a

settlement of the SEC Obligation and the claims asserted by the Trustee against Sloan in the

Domestic Class Action.  As a result of these negotiations, the SEC has accepted Sloan's proposal of

settlement, subject to the entry of a proposed final judgment by the District Court, and the Trustee

and Sloan have entered into this Stipulation.

15.    Now therefore, for good and valuable consideration, the parties agree and stipulate

as follows:

### Stipulation of Settlement

A.    Within thirty (30) days of entry of the judgment against Sloan in the SEC Action

(the "Judgment"), the following institutions shall transfer to the Trustee the assets held in the

following account as noted below, and Sloan shall provide any cooperation required to effectuate

the transfer of such assets:

| # | Name(s) on Account | Bank | Account No. | Amount |
|---|---|---|---|---|
| 1 | Faith Sloan | Bank of America | xxx2437 | All funds in account |

B.    Upon entry of the Judgment, counsel for Sloan identified herein shall turn over to

the Trustee the sum of $30,000 presently held in escrow.

4

C.     Sloan and her agents release and waive any right, claim, interest, or exemption they may have in the foregoing assets.

D.     Upon full payment by Sloan of the SEC Obligation, the Trustee shall release Sloan, and her successors, heirs and attorneys of any and all claims that the Trustee may have against Sloan.

E.     Sloan hereby releases and waives any and all claims she may have against the Trustee or the TelexFree estates, their successors, heirs, and attorneys.

F.     The effectiveness of the Stipulation shall be contingent upon, and subject to, the entry of the Judgment.

G.     This Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

H.     As set forth in the Judgment, the Trustee shall not assess any costs or expenses against the assets recovered pursuant to this settlement, other than the Trustee's commission, and the fees and expenses associated with the liquidation and distribution of the assets and proceeds thereof recovered in the settlement, including reasonable attorneys' fees.  No other administrative claims shall be charged against the funds attributable to the SEC Obligation.

I.     This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

J.     This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) and the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an instrument executed and delivered under

5

seal under the law of the Commonwealth of Massachusetts.

K.    This Stipulation may be executed in counterparts, each of which shall be deemed

to be an original, and all such counterparts together shall constitute one and the same instrument.

This Stipulation may be executed by facsimile or portable document format ("pdf").

L.    Each party represents and warrants that it has had an opportunity to fully review

the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties

hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be

construed against the drafting party shall not be employed in the interpretation of this Stipulation

and (b) that each party signing this Stipulation is entering into this Stipulation knowingly,

voluntarily and of its own free will.

M.    The Court shall retain jurisdiction to resolve any dispute arising under or in

connection with this Stipulation.

N.    This Stipulation shall have no force or effect unless it is approved by the Court.

STEPHEN DARR AS HE IS THE
TRUSTEE OF THE CHAPTER 11
ESTATES OF EACH OF THE DEBTORS
By his attorneys,

Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400
ALizotte@murphyking.com

Faith Sloan,
By counsel:

C. Peter Gossels
84 State Street
11th Floor
Boston, MA 02109

756535