UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: TELEXFREE SECURITIES LITIGATION ) <br> ) <br> This Document Relates to: ) <br> ) <br> All Actions ) <br> ) | MDL No. 4:14-md-2566-TSH |

### AMENDED PRELIMINARY INJUNCTION: DANIIL SHOYFER AND SCOTT MILLER[1]
### February 12, 2016

HILLMAN, D.J.

### Background

The Putative Class Representatives Rita Dos Santos and Celio Da Silva[2] (collectively, "Plaintiffs") have filed suit against Daniil Shoyfer ("Shoyfer"), Scott Miller ("Miller") and others in connection with the losses they sustained in connection with their participation or investment in TelexFree, Inc. ("TelexFree"), a multi-level marketing company that purported to sell local and international telephone service plans utilizing voice over internet ("VoIP"). TelexFree's principals, James Merrill and Carlos Wanzeler, are currently the subject of a criminal prosecution alleging that TelexFree and its related entities ran a global pyramid scheme that victimized thousands of investors, domestically and worldwide. Plaintiffs allege that

---

[1] The only change from the original Preliminary Injunction is the spelling of Daniil Shoyfer's first name in the Title, which is irrelevant to the Order.

[2] Celio Da Silva has filed a motion to withdraw which the Court has under advisement.

Shoyfer and Miller were "Top Level Promoters" who played a primary role in the TelexFree pyramid scheme. Plaintiffs further allege that the Individual Defendants recruited "members" through internet videos or public meetings. Promoters were compensated for recruiting new members and for "selling" the TelexFree product, *i.e.*, VoIP services[3]. Plaintiffs have sued the Individual Defendants for violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93, §§12 and 69 (prohibition against mulit-level distribution companies"); the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A, §§2, 11 ("Chapter 93A"); unjust enrichment, civil conspiracy, negligent misrepresentation, and violation of the Mass.Gen.L. ch. 110a, §410(b)(Massachusetts Uniform Securities Act). Plaintiffs have filed a motion for preliminary injunctions against the Individual Defendants (Docket No. 342). Plaintiffs' motion is *allowed*, on the terms set forth below.

## Discussion

### *Standard of Review*

In evaluating a motion for a preliminary injunction, the Court examines the likelihood the movant will succeed on the merits, is likely to suffer irreparable harm in the absence preliminary relief, that the balance of equities tips in the movant's favor, and that an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). While all four factors must be weighed, the moving party's likelihood of

---

[3] Little revenue was generated from the sale of VoIP service plans as there was no legitimate product. Rather, as typical in a pyramid scheme, revenue was primarily generated through the recruitment of new members who paid membership fees to purchase a one year contract to participate in the TelexFree program; the amount of the membership fee depended on the program option the individual elected to purchase. Membership in the TelexFree program entitled the purchaser a license to sell the TelexFree product and to profit from various bonus structures and commissions for recruiting other members; those who elected to purchase the higher end option received greater returns. Members were guaranteed regular minimum payments—regardless of whether they sold any VoIP packages. TelexFree never generated sufficient funds from the sale of its "product" to pay the amount contracted to pay existing members/promoters, rather the funds used to pay existing members/promoters came from the recruitment of new members.

2

success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998). "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)) (emphasis added). The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

In order to satisfy the first factor, *i.e.*, a likelihood of success on the merits, the Plaintiffs must establish that they are likely to prevail on at least one of their claims that would entitled them to the relief requested. With respect to the preliminary injunction, the Court is not limited to the allegations asserted in the complaint.

### *Whether Preliminary Injunctive Relief is Warranted*

Having reviewed the Second Consolidated Amended Complaint, the parties' submissions (including affidavits and exhibits) and the transcript of the hearing on Plaintiffs' motion for a preliminary injunction, I am satisfied that Plaintiffs have established a reasonable likelihood of success on the merits as to their unjust enrichment claim.[4] At the same time, the Plaintiffs' depiction of Shoyfer as a "Top Level Promoter" who swindled TelexFree victims out of millions of dollars is, on the current record, nothing more than unsupported rhetoric. Indeed, the affidavits submitted by Plaintiffs in support of their request for injunctive relief are replete with unauthenticated texts and e-mails and in some instances, include assertions by the affiant which from their context are *clearly* not based on personal knowledge (and therefore, should *not* have been included). Nonetheless, that there is some uncertainty as to the extent of Shoyfer's potential

---

[4] The Court is not persuaded that Plaintiffs have established a reasonable likelihood of success on the remaining claims asserted against Shoyfer.

liability does not alter my conclusion that Plaintiffs have established a reasonably likelihood of success on the merits, although it will factor in to the scope of the injunctive relief ultimately imposed.

Whether Plaintiffs have established irreparable harm is a more difficult question. While an action for unjust enrichment is an equitable in nature, the primary relief sought by the Plaintiffs is legal—they seek to be made whole through the recoupment of monetary damages. As I have noted in a prior order, some courts, including this Court, have refused to restrain defendants from transferring assets in cases asserting legal claims given that a plaintiff who seeks only monetary damages has an adequate remedy at law and therefore, cannot establish irreparable harm. Other courts hold that for actions at law, the Supreme Court's ruling in *Grupo Mexicano De Desarrollo v. Alliance Bond Fund,* 527 U.S. 308, 333, 119 S.Ct. 1961 (1999) bars federal courts from restraining defendants from disposing of their assets where no lien or equitable interest is claimed. Where a complaint contains both equitable and legal claims, the court may restrain the defendant's assets only if the plaintiff has asserted a cognizable equitable claim, has demonstrated a sufficient nexus between that claim and specific assets of the defendant which are the target of the injunctive relief, and has shown that the requested interim relief is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed. Although this is a close call, I find that the nature of Plaintiffs' unjust enrichment claim is such that they do not have an adequate remedy at law and *Grupo* would not bar injunctive relief. At the same time, I find that the assets restrained must have a nexus to Plaintiffs' claim, that is, any assets restrained must be directly or indirectly traceable to money received by Shoyfer in his capacity as a TelexFree promoter.

Little discussion is warranted with respect to the last two factors. Unless restrained and enjoined by the Court, Shoyfer may dissipate and/or conceal assets that would be available to compensate the Plaintiffs. Therefore, I find that the balance of equities tips in Plaintiffs' favor, and that an injunction is in the public interest. The Plaintiffs have established that all four factors weigh in their favor, and therefore, a preliminary injunction shall enter against the Individual Defendants as set forth below.[5]

## Terms Of Preliminary Injunction

### *Initial Restraint on Assets*

1. The Individual Defendants and each of their, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets, including, without limitation, any money, stocks, bonds, jewelry, vehicles other personal property and real property, of any Individual Defendant presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and are restrained from taking any actions to withdraw, sell, pay, transfer, dissipate, assign, pledge, alienate, encumber, dispose of, or diminish the value of in any way (including, but not limited to, making any charges on any credit card or draws on any other credit arrangement), any funds and other assets of the Individual Defendant presently held by him, for their direct or indirect benefit,

---

[5] Miller has not filed an opposition to the Plaintiffs' motion for preliminary injunctive relief. For the same reasons that the Court finds that injunctive relief is warranted as to Shoyfer, the Court finds that entry of a preliminary injunction restraining Miller's assets is warranted.

5

under their direct or indirect control, or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located.

2. All banks, brokerage and other financial institutions and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of any Individual Defendant or over which such defendant exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen except as provided in Paragraph 3 of this Order.

3. Any Individual Defendants may expend money and other assets to pay for ordinary living expenses necessary to house, clothe, transport and feed himself and his family.  Each Individual Defendant shall file a statement of accounting with the Court, under seal, on the last day of each month by 5:00 p.m. EST, setting forth all monetary expenditures and the sale and/or transfer of all assets made in the prior month.[6]  To the extent that any Individual Defendant seeks to expend money or to sell, transfer dissipate, assign, pledge, alienate, encumber, diminish in value, or otherwise dispose of any funds or other assets which they would not be permitted to do

---

[6] The statement of accounting due on February 29, 2016, shall also include all such information for the period from January 25, 2016 through January 31, 2016.

under the terms of this Order, such defendant may file a motion with the Court setting forth, in detail the nature of the transaction.

### Exclusion of Assets with no Nexus to the Claim

The Individual Defendants may petition the Court to exempt from this Order any fund or other assets in any bank, brokerage or other financial institution accounts and any other assets held by of for the benefit of such defendant on the grounds that such assets are not traceable to monies received by him in connection with his involvement with TelexFree. The Individual Defendants shall submit detailed financial statements and/or other documentary evidence to establish the funds held or assets in question are funds or assets were acquired independently. The Individual Defendants shall also submit an accompanying affidavit signed under the pains and penalties of perjury attesting to the authenticity and truth of the evidence submitted in support of their motion to exempt. All filings made pursuant to this section shall be filed under seal. After reviewing the filing, the Court will determine whether notice to the Plaintiffs, discovery and/or a hearing will be required.

### Conclusion

Plaintiffs' motion for preliminary injunctive relief (Docket No. 342) is *allowed*, as provided in this Order.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE