## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") made and entered into as of February __,

2020 by and between Stephen B. Darr, as he is the Trustee (the "Trustee") of the Chapter 11

Estates of Telexfree, LLC, Telexfree, Inc. and Telexfree Financial, Inc. ("Debtors") and David

Hackett and Linda Hackett (jointly the "Hacketts"), and Darla Mae Massad, as she is the Trustee

of D&L Realty Trust ("D&L Trust"). The Trustee, the Hacketts and the D&L Trust shall

collectively be referred to as the "Parties."

## RECITALS

WHEREAS, On February 7, 2020 the Trustee commenced an adversary proceeding

against the Hacketts and D&L Trust to recover the sum of $580,000 and to set aside as a

fraudulent transfer certain transfers of the Hacketts' interest in the D&L Realty Trust all as set

forth in more detail in Adversary Proceeding styled *Stephen B. Darr as he is the Trustee of the*

*Chapter 11 Estates of Telexfree, LLC, Telexfree, Inc. and Telexfree Financial Inc. v. David E.*

*Hackett, Linda Hackett and Darla Mae Massad Trustee of D&L Realty Trust* (docket no. 20-

04012). ("Adversary Proceeding")

WHEREAS, prior to and after the commencement of the Adversary proceeding, the

Parties engaged in good faith settlement negotiations and exchanged information regarding the

Trustee's claims and Hacketts' defenses.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for

other good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged, each party does hereby warrant, represent, acknowledge, covenant and agree as

follows:

1)      The Hacketts shall pay to Counsel for the Trustee the sum of $455,000 (the

"Settlement Amount") which Counsel shall hold in its IOLTA account subject to the terms of the

Agreement, and the Parties shall execute mutual releases and a Stipulation of Dismissal with Prejudice.

2)      Upon the entry of an Order by the Bankruptcy Court approving this Agreement ("Approval Order") and no timely appeals have been taken or upon the affirmance of the Approval Order ("Final Approval Order"), Counsel shall:

a)      Release the Settlement Amount from its IOLTA account to the Trustee on behalf of the Debtors' Estate;

b)      Release the Mutual Releases; and

c)      File the Stipulation of Dismissal, dismissing the Adversary Proceeding with Prejudice.

3)      If no Final Approval Order is entered, Counsel shall return the Settlement Amount to the Hacketts, destroy the mutual releases and Stipulation of Dismissal. The Adversary Proceeding shall then be restored to the trial list.

4)      The Hacketts and the D&L Trust acknowledge that they have had an opportunity to fully review and consider the Settlement Agreement and consult with counsel and the Hacketts and D&L Trust acknowledge that this Settlement Agreement is binding subject only to approval by the United Stated Bankruptcy Court for the District of Massachusetts.

5)      This Settlement Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original and all of which shall constitute one Settlement Agreement. A facsimile or electronic transmission of a signature shall be binding and shall be deemed to constitute an original.

2

6)      The Bankruptcy Courts shall retain jurisdiction to enforce this Settlement Agreement or the Agreement for Judgment should the Hacketts fail to make the timely payment due to the Trustee under this Settlement Agreement.

IN WITNESS HEREOF, and intended to be legally bound hereby the Parties have executed this Agreement under seal.

Stephen B. Darr, as he is Trustee of the Chapter11 Estates of Telexfree LLC, Telexfree, Inc. and Telexfree Financial, Inc.

David E. Hackett

Linda Hackett

Darla Mae Massad, Trustee of D&L Realty Trust

770590

3