# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 11 Cases |
| TELEXFREE, LLC, | 14-40987-MSH |
| TELEXFREE, INC. and | 14-40988-MSH |
| TELEXFREE FINANCIAL, INC., | 14-40989-MSH |
| Debtors. | Jointly Administered |
| | |
| STEPHEN B. DARR AS HE IS TRUSTEE OF THE CHAPTER 11 ESTATES OF TELEXFREE, LLC, TELEXFREE, INC. and TELEXFREE FINANCIAL, INC., | Adversary Proceeding No.16-4006 |
| Plaintiff, | |
| v. | |
| BENJAMIN ARGUETA, ET AL Defendant(s). | |
| | |
| STEPHEN B. DARR AS HE IS THE TRUSTEE OF THE CHAPTER 11 ESTATES OF EACH OF THE DEBTORS, | |
| Plaintiff, | Adversary Proceeding |
| v. | No. 20-04012 |
| DAVID E. HACKETT, LINDA HACKETT AND DARLA MAE MASSAD, TRUSTEE OF D & L REALTY TRUST, | |
| Defendants. | |

**MOTION BY CHAPTER 11 TRUSTEE, PURSUANT TO
FED. R. BANKR. P. 9019, TO APPROVE SETTLEMENT AGREEMENT
BETWEEN THE TRUSTEE AND DAVID HACKETT, LINDA HACKETT AND DARLA
MAE MASSAD, AS TRUSTEE OF D&L REALTY TRUST**

Stephen B. Darr (the "Trustee"), as Trustee of the Chapter 11 bankruptcy estates of Telexfree, LLC Telexfree, Inc. and Telexfree Financial, Inc. (the "Debtors"), requests that the Court enter an order (the "Approval Order") approving the settlement agreement (the "Settlement Agreement") by and among the Trustee and David Hackett, Linda Hackett (the "Hacketts") and Darla Mae Massad as Trustee of D&L Realty Trust ( "D&L Trust" and, collectively with the Trustee and the Hacketts, the "Parties").  A copy of the Settlement Agreement is annexed as Exhibit A.  Pursuant to the Settlement Agreement, the Hacketts have agreed to pay the Trustee the sum of $455,000 (the "Settlement Amount") upon the Approval Order becoming final ("Final Approval Order"). In exchange, and subject to receipt of the Settlement Amount, the Trustee has agreed to release all claims of the Estate against the Hacketts and the D&L Trust and dismiss with prejudice Adversary Proceeding 20-04012.  In further support of this motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. The Bankruptcy Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this proceeding and this motion in this District is proper under 28 U.S.C. § 1408.

2. The basis for the relief requested in this motion is found in Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**FACTUAL BACKGROUND**

3. On April 13, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code with the Bankruptcy Court for

the District of Nevada.  Subsequently, on May 9, 2014, upon motion by the Securities and Exchange Commission, the cases were transferred to the United States Bankruptcy Court for the District of Massachusetts.  The Trustee was appointed on June 6, 2014.

4.     On October 7, 2015, the Trustee brought a defendant class action against various individuals who were Net Winners in connection with the Telexfree Ponzi scheme.  Included within the class action were David and Linda Hackett.  Thereafter, the Trustee and the Hacketts engaged in periodic settlement negotiations and during the course thereof exchanged information with respect to the basis of the Trustee's claims against the Hacketts and the Hacketts' defenses thereto.

5.     While these negotiations were continuing, the parties were unable to consummate the settlement, both because of material disagreements with respect to the amount of the Hacketts' Net Winnings and the dispute between the Bankruptcy Estate and the class of Participants represented by the Plaintiffs' Interim Executive Committee ("PIEC") as to who had standing to pursue and recover from Net Winners in triangular transactions.

6.     Ultimately, the Court of Appeals for the First Circuit determined that the Trustee had the sole and exclusive right to pursue claims against Net Winners arising out of triangular transactions.  Thereafter, the Trustee and the Hacketts reengaged in settlement negotiations.

7.     When the settlement negotiations were stalled, the Trustee brought a separate action against the Hacketts to set aside and avoid certain transfers by the Hacketts of their interest in the D&L Trust.  The commencement by the Trustee of the Adversary Proceeding relating to the D&L Trust resulted in the offer of settlement from the Hacketts which forms the basis for this Motion.

## THE STIPULATION

I. The Settlement Agreement provides, in relevant part and subject to approval by the Court, the following:

a. The Hacketts shall pay the Trustee of the Estates the amount of $455,000 (the "Settlement Amount"), payable on the entry of Final Approval Order;

b. Simultaneous with the execution of the Settlement Agreement (a) the Hacketts shall deliver to the Trustee's counsel the Settlement Amount, (b) the Parties shall execute mutual releases, and (c) a Stipulation of Dismissal with Prejudice of Adversary Proceeding 20-04012;

c. The Trustee's counsel shall hold the Settlement Amount, Releases and Stipulation of Dismissal with Prejudice in escrow pending the entry of a Final Approval Order.

d. Upon the entry of Final Approval Order, (i) counsel shall release the Settlement Amount to the Trustee for the benefit of the Debtors Estates, (ii) file a Stipulation of Dismissal with Prejudice of the Adversary Proceeding, and (iii) deliver the Release to the Hacketts and the D&L Trust.

e. If the Bankruptcy Court declines to enter the Approval Order or the Approval Order is reversed on appeal, counsel shall return the Settlement Amount to the Hacketts and destroy the Stipulation of Dismissal and Releases. Adversary Proceeding 20-04012 shall be restored to the trial list.

## APPROVAL OF THE SETTLEMENT AGREEMENT IS IN THE BEST INTERESTS OF THE DEBTOR'S ESTATE

**A. Law Governing Approval of Settlements.**

8. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the Court may approve a compromise or settlement. Not only are settlements and compromises are normal parts of the bankruptcy process, "[c]ompromises are favored in bankruptcy." *In re Healthco Int'l, Inc.*, 136 F.3d 45, 50 n.5 (1st Cir. 1998). *See also In re Indian Motorcycle Co.*, 289 B.R. 269, 282 (B.A.P. 1st Cir. 2003) ("Stipulations of settlement are favored by the courts, and they will rarely be set aside absent fraud, collusion, mistake or other such factor as would undo a contract.")

9. A trustee's decision to settle estate litigation should be afforded some deference. *In re Healthco Int'l*, 136 F.3d at 50 n. 5; *See also Leblanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 212 F.3d 632, 635 (1st Cir. 2000) ("When augmentation of an asset involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously - and an inquiring court must accord him wide latitude should he conclude the game is not worth the candle.").

10. A settlement should be approved where it is fair and equitable. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). In determining whether a proposed settlement agreement is fair and equitable, the court should "balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183 (1st Cir. 1995).

11. In the First Circuit, a bankruptcy court considers the following specific factors in conducting this balancing exercise to determine whether to approve a settlement:

    a. the probability of the success in the litigation being compromised;

    b. the difficulties, if any, to be encountered in the matter of collection;

    c. the complexity of the litigation involved and the expense, inconvenience, and delay in pursuing the litigation; and

    d. the paramount interest of the creditors and a proper deference to their reasonable views.

*Id*. "The court's consideration of these factors should demonstrate whether the compromise is fair and equitable, and whether the claim the debtor is giving up is outweighed by the advantage to the debtor's estate." *ARS Brook, LLC v. Jalbert (In re ServiSense.com, Inc.)*, 382 F.3d 68, 72 (1st Cir. 2004) (*quoting Jeremiah v. Richardson*, 148 F.3d 17, 23 (1st Cir. 1998)).

12. Further, the objective "is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *In re Healthco Int'l*, 136 F.3d at 51 (*citing Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2nd Cir. 1983)). Thus, the question is not whether a better settlement might have been achieved, or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); 10 *Collier on Bankruptcy*, ¶ 9019.02, at 9019-4.

13. The Trustee has alleged that the Hacketts are Net Winners having received $580,000 more in distributions from the Debtors then they invested in the Debtors.

14. The Trustee also alleged that that the Hacketts relinquishment of their beneficial interest in the D&L Trust and their subsequent relinquishment of their life estate interest in the D&L Trust may be avoided as a fraudulent transfer and the proceeds from the sale of the Melrose Property can be recovered for the benefit of the Debtors' Estates.

15. The Hacketts deny liability on each of the Trustee's claims and contest the validity of the methodology employed by the Trustee to determine the identity of New Winners and the amount of their Net Winnings.

16.     While the Trustee believes that his claims in the Adversary Proceeding are meritorious, as is the case with any litigation, the outcome is uncertain, especially where the Hacketts have raised defenses along with uncertainty concerning the ability of the Trustee to collect any judgment he may ultimately obtain.

17.     Additionally, there are substantive factual disputes relating to several of the elements of the Trustee's fraudulent transfer claim as relates to the Hacketts interest in the D&L Trust.

18.     In the absence of an approved settlement, the matter would need to be tried.  It is expected that trial would require three (3) days and witnesses, including expert testimony on the issue of Net Winnings. It is also likely that the non-prevailing party would appeal the Court's decision following trial, with the possibility of further appeal thereafter and the prospect of additional expense and delayed uncertainty as to the outcome.

19.     Given each of the foregoing, the Settlement Agreement should be approved where: (1) when weighed against the uncertainty, delay, complexity and costs associated with continued litigation of the Adversary Proceeding, (2) the benefits to the Estates and, (3) at the very least, the proposed Settlement Agreement substantially exceeds the lowest range of reasonableness.

WHEREFORE, the Trustee requests that the Court enter an order approving the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 and granting such other and further relief as may be just and proper under the circumstances.

        Stephen B. Darr as he is the Trustee of Telexfree LLC, Telexfree, Inc. Telexfree financial, Inc.
By his attorneys,

*/s/ Charles R. Bennett*
Charles R. Bennett, Jr. (BBO #037380)
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, Massachusetts  02108-3107
Tel: (617) 423-0400
cbennett@murphyking.com

Dated:  March 13, 2020
770608