# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>　　　　　　Debtors. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered |
| STEPHEN B. DARR, TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>　　　　　　Plaintiff,<br>v.<br>FRANZ BALAN, A REPRESENTATIVE OF A<br>CLASS OF DEFENDANT NET WINNERS<br>　　　　　　Defendants. | Adversary Proceeding<br>No. 16-4006 |
| STEPHEN B. DARR AS TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>　　　　　　Plaintiffs,<br>v.<br>MARCO PUZZARINI AND SANDRO PAULO<br>FREITAS, REPRESENTATIVES OF A CLASS<br>OF DEFENDANT NET WINNERS<br>　　　　　　Defendants. | Adversary Proceeding<br>No. 16-4007 |

**SCHEDULING ORDER FOR DETERMINING THE ADMISSIBILITY
AND PRESUMPTIVE EFFECT OF THE TRUSTEE'S AGGREGATION
<u>METHODOLOGY IN DETERMINING NET WINNERS</u>**

　　　　This matter having come before the Court upon the Joint Motion of Parties requesting the

Court enter a Scheduling Order to address issues relating to the admissibility and presumptive

effect of the Trustee's aggregation methodology as set forth in the Report of Timothy Martin,

who prepared an expert report relating to same.

NOW THEREFORE, Based on the Parties' Joint Motion for entry of a Scheduling Order to address resolution of (a) the admissibility of Martin's expert opinion and (b) whether Martin's expert opinion, in conjunction with the Ponzi Presumptions, establishes the Trustee's prima facie case shifting the burden of production to the individual Class Action Defendants, the Court enters the following Order:

(1) The Class Action Defendants shall provide the Trustee with any rebuttal expert report on or before June 5, 2020.

(2) If the Trustee deems it necessary to do so, the Trustee may prepare a rebuttal report and shall provide any rebuttal report to the Defendants Twenty (20) days from receipt of the Class Action Defendants' report.

(3) To the extent that the Parties propose to exchange data and paper discovery relative to the Trustee's Expert Report, all such data and paper discovery shall be exchanged by April 27, 2020.

(4) To the extent that the Parties propose to engage in expert depositions, all such expert depositions shall be concluded by Twenty (20) days from receipt of the Trustee's rebuttal report or the Trustee's statement he does not intend to submit a rebuttal report.

(5) The Parties shall file a status report with the Court on or before July 10, 2020, which shall advise the Court as to the status of the matter and those issues which the Court needs to conduct an evidentiary hearing on in order to appropriately determine the admissibility of the Martin expert opinion,

the weight to be given the opinion, and whether said opinion satisfies the Trustee's prima facie case.

Dated at Boston within said District this  31st  day of  March    , 2020.

                                                                    /s/ Melvin S. Hoffman
                                                                    Melvin S. Hoffman
                                                                    United States Bankruptcy Judge