UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 Cases |
| TELEXFREE LLC | ) | 14-40987 MSH |
| TELEXFREE INC. | ) | 14-40988 MSH |
| TELEXFREE FINANCIAL INC. | ) | 14-40989 MSH |
| Debtors | ) | |
| | ) | |
| STEPHEN B. DARR, TRUSTEE | ) | Adversary Proceeding |
| OF THE ESTATES OF TELEXFREE, LLC | ) | No. 16-4006 |
| TELEXFREE, INC. And TELEXFREE | ) | |
| FINANCIAL Inc. | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 16-4007 |
| v. | ) | |
| | ) | |
| FRANZ BALAN, REPRESENTATIVE OF | ) | |
| A CLASS OF DEFENDANT NET WINNERS | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| STEPHEN B. DARR, TRUSTEE | ) | |
| OF THE ESTATES OF TELEXFREE, LLC | ) | |
| TELEXFREE, INC. And TELEXFREE | ) | |
| FINANCIAL Inc. | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARCO PUZZARINI AND SANDRO PAULO | ) | |
| FREIAS, REPRESENTATIVE OF A CLASS | ) | |
| OF DEFENDANT NET WINNERS | ) | |
| Defendants | ) | |

## MOTION FOR LEAVE TO INTERVENE

Now come the claimants referred to below and move pursuant to Fed.

R. Civ P 24, for leave to intervene for a limited purpose.

### FACTS

1. The undersigned counsel ("Shapiro") represents approximately 100 claimants "net losers" ("Claimants") on the above entitled matter.

2. Approximately 34 claims have been conditionally allowed by the Trustee.

3. Approximately 39 claims are subject to objections by the Trustee in docket number 14-40987, as Docket entries 2226, 2227, 2899, and 2900.

4. There are approximately 9 Proofs of Claims that the Trustee has not responded to at all. While the Trustee continuously presses for speedy hearings and responses by the Claimants, he has not yet even made a determination on whether to oppose or accept approximately 48 pending Proofs of Claims by Claimants represented by Shapiro.

5. The basis of the Trustee's objection to all of the Claimants Proofs of claims appears to be that he expects his expert, Timothy Martin, Managing Director, Huron Consulting Group LLC, to testify that "cash" payments to Telex by the Claimants do not appear on the records of Telex.

6. Affidavits have been filed by many of the Claimants setting forth in reasonable detail the amounts of cash paid to Telex, the person to whom payment was made, and the source of the payment.

7. Affidavits state that Telex required cash payments.

8. Affidavits state the approximate date and the representative of Telex that received the monies. Claimants expect that the persons who were paid will testify in Court that the cash received was paid to Telex.

9. Yet, the Trustee objects, but only based upon the anticipated testimony of his expert, who admittedly relies only upon hearsay and lack of personal knowledge as to the way and manner Telex kept and maintained its records.

10. Attached as **EXHIBIT 1** is a copy of the "Joint Motion for Scheduling Order determining the Admissibly and Presumptive Effect of the Trustee's Aggregation Methodology in Determining Net Winners." This is filed in Adversary Proceedings 16-4006 and 16-4007.

11. While Shapiro represents only "Net Losers," the contested methodology for determining "Net Winners" and "Net Losers" appears to be the same.

12. As set out in the attached **Exhibit 1**, the way and manner Telex received funds and recorded funds received (except for cash) appears to have been the same for all of its victims.

13. In other words, as set forth in Paragraph 3 of **Exhibit 1**, Telex had two types of transactions by which a Participant could become a member, i.e. "Direct transactions" and "Triangular transactions."

14. Thereafter a "User Account" would be opened, as stated in Paragraph 4 of **Exhibit 1**.

15. Most of the Claimants represented by Shapiro also received some distributions, as stated in Paragraph 5 of **Exhibit 1**.

## ARGUMENT

16. The Claimants represented by Shapiro have also been troubled by the fact, as stated in Paragraph 6 of **Exhibit 1**, that the Trustee had to develop a methodology that would:

> "identify related User Accounts attributable to a single Participant, aggregate those related User Accounts, determine from those accounts all the monies paid to Telexfree, whether directly or through Triangular Transactions, and all redemption of credits made by that Participant, whether directly or through Triangular Transactions, from which the Trustee would be able to calculate whether a Participant was a Net Winner *or Net Loser*."

[Emphasis provided] **Exhibit 1, P**aragraph 6.

17. The Claimants represented by Shapiro are informed and believe that, when the SEC closed down Telex, approximately $20,000,000 in cash was discovered in the home of one of the creators of the pyramid scheme.

18. The Claimants say that the payments of cash by the Claimants, in many instances, appear never to have been deposited by the creators of the pyramid

scheme and that the expert hired by the Trustee has failed to evaluate and consider the methodology for determining cash payment claims, whether deposited or not in the account of Telex.

19. As counsel for the approximately 48 yet unsettled claims, Shapiro wishes to participate in the pending matter for the similar purpose of challenging the opinions and the records of Telex and its expert, as stated in Paragraphs 11, 12 and 13 of **Exhibit 1**.

20. The same issues exist for the Claimants represented by Shapiro and for the Class Action Participants in this matter, except that, for the Class Action Participants, the expert determined that that those Claimants were "Net Winners," using the same methodology used to determine "Net Losers."

21. These Claimants represented by Shapiro agree with Paragraph 14 of **Exhibit 1** that "the most efficient and expeditious way of proceeding is for the Court in the first instance to determine the admissibility and weight to be accorded the expert opinion of Timothy Martin."

22. Shapiro wishes to participate in discovery, depositions and any hearing on the within matter.

23. In order to avoid duplication and unnecessary expenditure of the Court's time in holding multiple hearings relating to the Trustee's expert's methodology on the claims of the Claimants, these Claimants suggest that they be allowed to intervene, in accordance with Fed. R Civ P 24, for the limited purpose of participating in the examination of the Trustee's expert, discovery and any hearing

24. The Claimants say that unless they are allowed to intervene in the within matter, "as a practical matter...[denial will]impair or impede the movant's ability to protect its interest..." And further, the claims or defenses of the Claimants duplicate and "share with the main action a common question of law or fact."  Fed. R. Civ. P 24.

25. The Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

26. These Claimants would agree that any decision by this Court regarding the methodology of the Trustee's expert in this matter would be binding upon these Claimants.

WHEREFORE, the Claimants move for leave to intervene, for the limited purpose of (a) receiving expert witness reports of both parties, (b) to attend any depositions relating to this matter, and (c) to attend and participate in any hearing involving the admissibility of the Martin expert opinion.

THE CLAIMANTS

Rahima Boughalem, Earley Barbosa, Sharon Reed, George Berube, Brandon Zagarella, Joseph Zagarella, Jr., Edward J. DiLorenzo, Maria Avila, Panagiotis Iatrou, Carolina Jimenez, Ali Hamadi, Hubert Lubin, Mohamed Bendahgane, Isabel Mercedes Torres, Carlos DeAlvarenga, Peter Said Rahhaoui, Marcio Costa, Saif Muhsen, Rachid Saleh, Manal

Hamadi, Kyi Kyi Soe, Joseph Zagarella, Khaled
Saleh, Rachid Moukhtari, Joseph Nasr, Aris
Munoz, Samir Laqtib, Gloria Cepeda, Robert
Jackier, Merilio Rojas, Hazem Wehbe, Theresa
St. Peter, Flor Velasquez, Edmar Varela, Ruben
Nieves, Carmelo Sanchez, Abdelhadi
Almohamadi, Abdeltig Bellagat, Rafet
Elananzeh, Mohammad Muhsen, Marouane
Bouatman, Salma Cherkaoui, Anthony Helo,
Salima Essofi, Radeymi Soto, Saad Katerji,
Marjorie Legrand, and Paula De Moura

BY THEIR ATTORNEY,

/s/ Jordan L. Shapiro

---

Jordan L. Shapiro
Shapiro & Hender
105 Salem Street, Malden, MA 02148
781 324 5200
BBO#454240
Email: jslawma@aol.com

DATED: April 17, 2020

CERTIFICATE OF SERVICE

I, Jordan L. Shapiro, certify that I forwarded a copy of the within Motion for Leave to Intervene through the Court's EM/ECF system to the following:

- **Charles R. Bennett**   cbennett@murphyking.com, bankruptcy@murphyking.com;imccormack@murphyking.com;ecf-ca5a5ac33a04@ecf.pacerpro.com
- **Evans J. Carter**   ejcatty1@verizon.net
- **Gary W. Cruickshank**   gwc@cruickshank-law.com, cruickshankgr87938@notify.bestcase.com
- **James P. Ehrhard**   ehrhard@ehrhardlaw.com, cote@ehrhardlaw.com
- **Valentin D. Gurvits**   vgurvits@bostonlawgroup.com
- **Andrew G. Lizotte**   agl@murphyking.com, bankruptcy@murphyking.com;pas@murphyking.com;ddk@murphyking.com;agl@murphyking.com;ecf-72a6723957cc@ecf.pacerpro.com
- **Michael M. McArdle**   mike@mcardlelaw.com, morgan@mcardlelaw.com
- **Wendy M. Mead**   wendymeadpc@verizon.net
- **Maksim Nemtsev**   menemtsev@gmail.com
- **Michael K. O'Neil**   mko@rathlaw.com, fam@rathlaw.com
- **Ilyas J. Rona**   ijr@mrdklaw.com, gnc@mrdklaw.com,kae@mrdklaw.com
- **Hilary Schultz**   hschultz@engelschultz.com
- **Jordan L. Shapiro**   JSLAWMA@aol.com
- **Matthew Shayefar**   matt@bostonlawgroup.com
- **Elton Watkins**   watkinslaw@comcast.net
- **Francis C. Morrissey**   fcm@mwzllp.com

Signed under the penalties of perjury this 17th Day of April, 2020.

/s/ Jordan L. Shapiro

_____

Jordan L. Shapiro

Exhibit

1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>Debtors. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered |
| STEPHEN B. DARR, TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>Plaintiff,<br>v.<br>FRANZ BALAN, A REPRESENTATIVE OF A<br>CLASS OF DEFENDANT NET WINNERS<br>Defendants. | Adversary Proceeding<br>No. 16-4006 |
| STEPHEN B. DARR AS TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>Plaintiffs,<br>v.<br>MARCO PUZZARINI AND SANDRO PAULO<br>FREITAS, REPRESENTATIVES OF A CLASS<br>OF DEFENDANT NET WINNERS<br>Defendants. | Adversary Proceeding<br>No. 16-4007 |

## JOINT MOTION FOR SCHEDULING ORDER DETERMINING THE ADMISSIBILITY AND PRESUMPTIVE EFFECT OF THE TRUSTEE'S AGGREGATION METHODOLOGY IN DETERMINING NET WINNERS

Stephen Darr as Trustee (the "**Trustee**") of the Chapter 11 Estates of TelexFree, LLC,

TelexFree, Inc. and TelexFree Financial, Inc. (collectively "**Telexfree**") and Franz Balan, and

Marco Puzzarini and Sandro Paulo Freitas, as representatives respectively of the Domestic and

Foreign Defendant Class of Net Winners (collectively ("**Class Actions**"), jointly request this

Case 16-04006   Doc 338   Filed 03/17/20   Entered 03/17/20 18:03:35   Desc Main
Document   Page 2 of 13

Court enter the attached Scheduling Order to address the Trustee's proposed expert testimony by

Timothy J. Martin, Managing Director, Huron Consulting Group, LLC (the "**Trustee's Expert**")

on the issue of the aggregation methodology utilized by the Trustee in determining Net Winners.

In each Class Action, the Trustee asserts that the members of each class are Net Winners and

alleges the amount of each member's Net Winnings that may be recovered by the Trustee as

actual fraudulent transfers.  The Court previously determined that Telexfree was engaged in a

Ponzi scheme, which finding gives rise to a presumption in favor of the Trustee that the transfers

by Telexfree to Participants in excess of the amount a Participant paid to Telexfree were made

with the actual intent to hinder and delay the creditors of Telexfree. This presumption does not

address the identity of the Net Winners, the amount of Net Winnings attributable to each Net

Winner, or the appropriate methodology or methodologies for identifying a Net Winner and

determining Net Winnings.  Each Participant had numerous unlinked User Accounts reflecting

transactions with Telexfree.  In order to determine whether a Participant was a Net Winner and,

if so, what that Participant's Net Winnings were, it is necessary to aggregate all of the User

Accounts attributable to that Participant.  Because the Telexfree information system did not link

a Participant's User Accounts, the Trustee was required to develop a methodology to aggregate

(link) Participants' User Accounts.  Therefore, a determination regarding whether the

methodology employed by the Trustee to determine a Participant's Net Winnings is admissible

and should be adopted by the Court as the methodology to be utilized in determining the amount

of Net Winnings attributable to each individual Participant is essential to the resolution of the

Class Action.

     In support of their Motion the Parties state as follows:

Case 16-04006   Doc 338   Filed 03/17/20   Entered 03/17/20 18:03:55   Desc Main
Document   Page 3 of 13

1.    On January 15, 2016, the Trustee brought the Class Actions against the various named Defendants, all of whom the Trustee alleged were Net Winners and representative of the class of Participants who were Net Winners.  Subsequently, on October 6, 2016 and August 3, 2017, the Court respectively certified the Domestic Class and the Foreign Class.

2.    "Net Winners" are defined as those Participants in the Telexfree Ponzi scheme who received more from their participation in the scheme than they invested in the Telexfree Ponzi scheme.

3.    As set forth in detail in the Class Action Complaints, Telexfree had two types of transactions by which a Participant could become a member and redeem their credits:

    a.    In "Direct Transactions," the Participant would directly contract with Telexfree, make a direct payment of the membership fee to Telexfree begin earning credits. With certain limitations, Participants could subsequently redeem credits for cash directly from Telexfree for cash payments.

    b.    In "Triangular" Transactions, a Participant would be recruited by another Participant, who would satisfy the recruited Participant's membership fee through redemption of his/her credits. The Trustee asserts that as part of the foregoing exchange, the recruiting Participant would collect cash from recruited Participant in the same amount as the invoice issued by Telexfree. This third part of the "Triangular" transaction, however, was not documented or in any way recorded by Telexfree's servers.

4.    Each time a Participant transacted with Telexfree, either in a Direct or a "Triangular" Transaction, a new User Account would be opened for that specific transaction and attributed to that Participant.  As noted in the Complaint and various other pleadings before the

3

Court, Participants often opened multiple User Accounts under various iterations of their user name.

5.    Telexfree's computerized record system tracked certain transactions in each individual User Account so that with respect to each individual User Account, the amounts that were supposed to be paid by that Participant, whether in a "Direct" or a "Triangular" Transaction, were recorded, as were certain distributions paid to that Participant. The system also recorded transactions so as to enable the counterparty to each Triangular Transaction to be identified. Thus, with respect to each particular transaction, the Telexfree computer system would provide information to indicate whether the transaction was direct or triangular, the amount of the direct or triangular invoice, whether paid in directly in cash or satisfied with credits, and the counterparty to each Triangular Transaction. The information was also sufficient to determine the monthly value of directly redeemed credits. The Trustee alleges that recruiting Participants who satisfied invoices received cash in the face amount of the invoice. The Trustee's allegations also do not take into account, other credit transfers between Participants, essentially assigning zero valuing such credit transactions.

6.    The Telexfree computer system did not directly link User Accounts. Accordingly, the Trustee was required to develop a methodology so he could identify related User Accounts attributable to a single Participant, aggregate those related User Accounts, determine from those accounts all the monies paid to Telexfree, whether directly or through Triangular Transactions, and all redemption of credits made by that Participant, whether directly or through Triangular Transactions, from which the Trustee would be able to calculate whether a Participant was a Net Winner or Net Loser.

Case 16-04006   Doc 338   Filed 03/17/20   Entered 03/17/20 13:03:35   Desc Main
Document   Page 5 of 13

7.      Huron Consulting Group LLC ("**Huron**") was retained by the Trustee to develop a methodology to link various User Accounts with a particular Participant so as to be able to aggregate all the Participant's user accounts and determine whether the Participant is a Net Loser or Net Winner.

8.      The development of the methodology, the underlying assumptions, and the application of the methodology to determine Net Winners and Net Losers are the subject of an expert report prepared by Timothy J. Martin of Huron with the assistance of various individuals at Huron acting under his supervision.

9.      The Class Action Defendants have retained Stoneturn as their rebuttal expert ("**Class Expert**"). Stoneturn has been provided with access to the Telexfree information system. Further, Huron has met with representatives of Stoneturn and provided them with information as to the operation of Telexfree's information system, an overview with respect to the functioning of the system and of the Ponzi scheme itself. Further, Huron has discussed with Stoneturn certain steps and assumptions made by Huron in connection with the development of its methodology.

10.      On February 3, 2020, the Trustee provided to the Class Actions' counsel a copy of the expert report of Trustee's Expert Timothy J. Martin.

11.      The Class Actions' counsel has advised that they will likely challenge the reliability and admissibility of the expert opinion of Timothy J. Martin as reflected in his expert report. The Class Actions' counsel has indicated that they anticipate raising some or all of the following issues with respect to the admissibility of Martin's expert opinion:

(a)      Whether Martin is qualified as an expert by knowledge, skill, experience, training, and education to testify in the form of an opinion;

5

(b) Whether Martin's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(c) Whether Martin's testimony is based upon sufficient facts or data;

(d) Whether Martin's testimony is the product of reliable principles and methods; and

(e) Whether Martin has reliably applied the principles and methodology to the facts of the case.

12. In addition, it is anticipated that the Class Action Defendants will challenge certain of the underlying assumptions made by Martin in arriving at his expert opinion. Specifically, Class Action Defendants will challenge: (1) the reliability of the assumptions and algorithms used to aggregate user data for purposes of identifying Net Winner and calculating Net Winnings, where the user data was not subject to any validation or screening, and (2) the reliability of the assumptions that for certain transactions, credits were valued at 100 cents on the dollar, whereas in other transactions, credits were valued at $0 cents on the dollar.

13. The Parties agree that a central issue to resolution of these actions is (a) the admissibility of Martin's expert opinion and (b) whether Martin's expert opinion, in conjunction with the Ponzi Presumptions, establishes the Trustee's prima facie case shifting the burden of production to the individual Class Action Defendants.

14. The Parties believe that the most efficient and expeditious way of proceeding is for the Court in the first instance to determine the admissibility and weight to be accorded the expert opinion of Timothy Martin. Accordingly, the Parties propose the entry of the following Scheduling Order to properly develop this central issue for resolution by the Court:

(1)    The Class Action Defendants shall provide the Trustee with any rebuttal
expert report on or before June 5, 2020.

(2)    If the Trustee deems it necessary to do so, the Trustee may prepare a
rebuttal report and shall provide any rebuttal report to the Defendants
twenty (20) days from receipt of the Class Action Defendants' report.

(3)    To the extent that the Parties propose to exchange data and paper
discovery relative to the Trustee's Expert Report, all such data and paper
discovery shall be exchanged by April 27, 2020.

(4)    To the extent that the Parties propose to engage in expert depositions, all
such expert depositions shall be concluded by twenty (20) days from
receipt of the Trustee's rebuttal report or the Trustee's statement he does
not intend to submit a rebuttal report.

(5)    The Parties shall file a status report with the Court on or before July 10,
2020, which shall advise the Court as to the status of the matter and those
issues which the Court needs to conduct an evidentiary hearing on in order
to appropriately determine the admissibility of the Martin expert opinion,
the weight to be given the opinion, and whether said opinion satisfies the
Trustee's prima facie case.

WHEREFORE, Stephen B. Darr as Trustee of the Chapter 11 Estates of TelexFree, LLC,
TelexFree, Inc. and TelexFree Financial, Inc., and the Class Action Representative in the
Domestic Class Action and the Class Action Representative in the Foreign Class Action request

7

Case 16-04006   Doc 338   Filed 03/17/20   Entered 03/17/20 13:03:35   Desc Main
Document   Page 8 of 13

that the Motion be allowed and the Court enter a Scheduling Order substantially consistent with

the proposed Order annexed hereto.

STEVEN B. DARR, AS HE IS THE CHAPTER 11
TRUSTEE OF THE DEBTORS' ESTATES

By his counsel,


 /s/ Andrew G. Lizotte
Harold B. Murphy (BBO #362610)
Charles R. Bennett, Jr. (BBO #037380)
Andrew G. Lizotte (BBO #559609)
MURPHY & KING,
Professional Corporation
One Beacon Street
Boston, MA  02108
Tel: (617) 423-0400
Fax: (717) 423-0498
hmurphy@murphyking.com
cbennett@murphyking.com
alizotte@murphyking.com

BENJAMIN ARGUETA, ET AL.,
CLASS REPRESENTATIVE,
DOMESTIC CLASS ACTION

By their counsel,


 /s/ Ilyas J. Rona
Ilyas J. Rona (BBO #642964)
Michael J. Duran (BBO # 569234)
Milligan Rona Duran & King
50 Congress Street, Suite 600
Boston, MA 02109-4075
Tel:  (617) 395-9570
Fax:  (855) 395-5525
ijr@mrdklaw.com
mjd@mrdklaw.com

MARCO PUZZARINI, ET AL.,
CLASS REPRESENTATIVE
FOR FOREIGN CLASS OF DEFENDANTS


By their counsel,


 /s/ Ilyas J. Rona
Ilyas J. Rona (BBO #642964)
Michael J. Duran (BBO # 569234)
Milligan Rona Duran & King
50 Congress Street, Suite 600
Boston, MA 02109-4075
Tel:  (617) 395-9570
Fax:  (855) 395-5525
ijr@mrdklaw.com
mjd@mrdklaw.com

Dated: March 17, 2020
772118

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>      Debtors. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered |
| STEPHEN B. DARR, TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>      Plaintiff,<br>v.<br>FRANZ BALAN, A REPRESENTATIVE OF A<br>CLASS OF DEFENDANT NET WINNERS<br>      Defendants. | Adversary Proceeding<br>No. 16-4006 |
| STEPHEN B. DARR AS TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>      Plaintiffs,<br>v.<br>MARCO PUZZARINI AND SANDRO PAULO<br>FREITAS, REPRESENTATIVES OF A CLASS<br>OF DEFENDANT NET WINNERS<br>      Defendants. | Adversary Proceeding<br>No. 16-4007 |

## SCHEDULING ORDER FOR DETERMINING THE ADMISSIBILITY AND PRESUMPTIVE EFFECT OF THE TRUSTEE'S AGGREGATION METHODOLOGY IN DETERMINING NET WINNERS

This matter having come before the Court upon the Joint Motion of Parties requesting the

Court enter a Scheduling Order to address issues relating to the admissibility and presumptive

effect of the Trustee's aggregation methodology as set forth in the Report of Timothy Martin,

who prepared an expert report relating to same.

NOW THEREFORE, Based on the Parties' Joint Motion for entry of a Scheduling Order to address resolution of (a) the admissibility of Martin's expert opinion and (b) whether Martin's expert opinion, in conjunction with the Ponzi Presumptions, establishes the Trustee's prima facie case shifting the burden of production to the individual Class Action Defendants, the Court enters the following Order:

(1)     The Class Action Defendants shall provide the Trustee with any rebuttal expert report on or before June 5, 2020.

(2)     If the Trustee deems it necessary to do so, the Trustee may prepare a rebuttal report and shall provide any rebuttal report to the Defendants Twenty (20) days from receipt of the Class Action Defendants' report.

(3)     To the extent that the Parties propose to exchange data and paper discovery relative to the Trustee's Expert Report, all such data and paper discovery shall be exchanged by April 27, 2020.

(4)     To the extent that the Parties propose to engage in expert depositions, all such expert depositions shall be concluded by Twenty (20) days from receipt of the Trustee's rebuttal report or the Trustee's statement he does not intend to submit a rebuttal report.

(5)     The Parties shall file a status report with the Court on or before July 10, 2020, which shall advise the Court as to the status of the matter and those issues which the Court needs to conduct an evidentiary hearing on in order to appropriately determine the admissibility of the Martin expert opinion,

2

Case 16-04006   Doc 338   Filed 03/17/20   Entered 03/23/20 15:03:33   Desc Main
Document      Page 13 of 13

the weight to be given the opinion, and whether said opinion satisfies the

Trustee's prima facie case.

Dated at Boston within said District this _____ day of _____, 2020.


_____
Melvin S. Hoffman
United States Bankruptcy Judge


772052