# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC., and<br>TELEXFREE FINANCIAL, INC.,<br><br>Debtors. | Chapter 11<br><br>Cases   14-40987-MSH<br>            14-40988-MSH<br>            14-40989-MSH<br><br>Jointly Administered |
| STEPHEN B. DARR, Trustee of the Estates of TELEXFREE, LLC, TELEXFREE, INC., and TELEXFREE FINANCIAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FRANZ BALAN, Representative of Class of Defendant Net Winners,<br><br>Defendant. | Adversary Proceeding<br>No. 16-4006 |
| STEPHEN B. DARR, Trustee of the Estates of TELEXFREE, LLC, TELEXFREE, INC., and TELEXFREE FINANCIAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARCO PUZZARINI and SANDROPAULO FREIAS, Representative of Class of Defendant Net Winners,<br><br>Defendant. | Adversary Proceeding<br>No. 16-4007 |

**TRUSTEE'S OPPOSITION TO MOTION BY RAHIMA
<u>BOUGHALEM, ET AL. TO INTERVENE</u>**

1

Stephen B, Darr, as he is the Trustee ("**Trustee**") of the Chapter 11 Bankruptcy Estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, "**Telexfree**"), opposes the Motion by Rahima Boughalem and others ("**Proposed Intervenors**") to Intervene [AP 16-4006 Doc. 341 and AP 16-4007 Doc. 497] on the basis that the Proposed Intervenors cannot satisfy the necessary prerequisites set forth in F.R.C.P. Rule 24 to intervene. Accordingly, the Trustee requests that the Motion be denied.

In further opposition to the Motion to Intervene, the Trustee states as follows:

1. The Adversary Proceedings in which the Proposed Intervenors seek to intervene are two defendant class actions brought by the Trustee against Net Winners, seeking to recover the amount of each individual's Net Winnings ("**Class Action Adversary Proceedings**").

2. In each of the Class Action Adversary Proceedings the admissibility of the Trustee's proposed expert report establishing the methodology for the aggregation of individual User Accounts, and the presumptive effect, if any, to be given to that determination in calculating each New Winner's Net Winnings, are material issues.

3. In order to address those issues, the Trustee and a representative of the Defendants in each of the Class Action Adversary Proceedings have agreed to a procedure as set forth in a "Joint Motion for Scheduling Order Determining the Admissibility and Presumptive Effect of Trustee's Aggregation Methodology in Determining Net Winners." [A.P. 16-4006, Docket No. 338; and A.P. 16-4007, Docket No. 494].

4. By their Motion, the Proposed Intervenors seek to intervene in the Class Action Adversary Proceedings so as to actively participate in any discovery conducted including depositions of the Trustee and Defendant Class Action experts and any hearings held with respect to the admissibility of the Trustee's expert testimony and any presumptions accorded that opinion.

5.      The Proposed Intervenors' Motion should be denied because it fails to satisfy the necessary prerequisites for intervention as a matter of right pursuant to F.R.C.P. Rule 24(a).

6.      In order to intervene as a matter of right, the proposed intervenor must establish that either he (i) is given an unconditional right to intervene by a federal statute, or (ii) claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may, as a practical matter, impede the movant's ability to protect his interest *unless existing parties adequately represent that interest*. (Emphasis added.) F.R.C. Rule 24(a).

7.      In the present case, the Proposed Intervenors do not a have an unconditional right to intervene by a federal statute. Nor can they establish the alternative basis for intervening. Notwithstanding any claim of common interest in the matter in dispute they may assert, the Proposed Intervenors cannot demonstrate that the existing parties to the class action do not adequately represent the Proposed Intervenors' interest.

8.      The class action representatives are represented by experienced, knowledgeable counsel who have been involved in the Class Action Adversary Proceedings since their inception.

9.      Further, the class action defendants have retained an expert who was retained shortly after the commencement of the Class Action Adversary Proceedings and has received substantial information regarding the basis of the Trustee's expert report. The Defendant Class Action Expert has already devoted a substantial amount of time analyzing the basis of the methodology being advanced by the Trustee's expert in support of aggregation of the User Accounts.

10.    Accordingly, the Proposed Intervenors cannot satisfy the necessary prerequisites for intervention as a matter of right because, among other reasons, their interests are adequately represented by the existing Class Action Adversary Proceeding representatives and their counsel.

11.    Nor should the Court exercise its discretion and permit them to intervene, pursuant to F.R.C.P. Rule 24(b), because they neither (a) have a conditional right to intervene by a federal statute, nor (b) do they have a shared claim or defense with the main action.  In fact, the Proposed Intervenors' interest is adverse to the interest of the members of the Defendant Class Action given that the Proposed Intervenors purport to be Net Losers who therefore would share in any recovery made by the Trustee against the defendant class of Net Winners.

12.    The Proposed Intervenors assert that they are Net Losers and are entitled to a distribution from the Bankruptcy Estates.  Their purported status as Net Losers and, as such, their right to seek a distribution from the Bankruptcy Estates is in direct conflict with the interest of the Defendants in the Class Action Adversary Proceedings, who are asserted to be Net Winners and not entitled to a distribution from the Bankruptcy Estates.  In fact, the recovery being sought from Defendants in the Class Action Adversary Proceedings benefits the Net Loser claimants.  Thus, the Proposed Intervenors' interests are in direct conflict with those of the Net Winners.

13.    In addition, the Proposed Intervenors are seeking to benefit from the Class Action Defendants' expert report without contributing to the costs of the expert.  To the extent that the Court should consider allowing the Motion to Intervene, it should condition the allowance upon the Proposed Intervenors' agreeing to share in the costs of the Class Action Defendants' expert report.

WHEREFORE, Stephen B. Darr, as he is the Trustee of the Chapter 11 Estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc., respectfully prays that the Motion

by Rahima Boughalem, and others, be denied; and for such other and further relief as this Court deems just and proper.

        STEPHEN B. DARR, Trustee of the Estates of TELEXFREE, LLC, TELEXFREE, INC., and TELEXFREE FINANCIAL, INC.

By his attorneys,

*/s/ Charles R. Bennett, Jr.*
Charles R. Bennett, Jr. (BBO #037380)
Harold B. Murphy (BBO #362610)
Andrew G. Lizotte (BBO #559609)
Murphy & King, Professional Corporation
One Beacon Street
Boston, Massachusetts 02108
Telephone: (617) 423-0400
Email: CBennett@murphyking.com

Dated: April 28, 2020

**CERTIFICATE OF SERVICE**

    I, Charles R. Bennett, Jr., hereby certify that on April 28, 2020, I caused a copy of the foregoing *Trustee's Opposition To Motion By Rahima Boughalem, Et Al. To Intervene* to be served electronically in the Adversary Proceedings through the Court's ECF System upon the registered participants as identified on the Notice of Electronic Filing, and electronically upon:

Jordan L. Shapiro, Esq.
Shapiro & Hender
105 Salem Street
Malden, MA  02148
Email:  jslawma@aol.com

                                          */s/ Charles R. Bennett, Jr.*
                                          Charles R. Bennett, Jr.

774089