UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>        Reorganized Debtors. | Chapter 11 Cases<br><br>14–40987–FJB<br>14–40988–FJB<br>14–40989–FJB<br><br>Jointly Administered |
| STEPHEN B. DARR, TRUSTEE OF THE ESTATES OF TELEXFREE, LLC, TELEXFREE, INC. and TELEXFREE FINANCIAL, INC.,<br><br>        Plaintiff,<br>v.<br><br>FRANTZ BALAN, A REPRESENTATIVE OF A CLASS OF DEFENDANT NET WINNERS,<br><br>        Defendants. | Adversary Proceeding<br>No. 16–4006–FJB |
| STEPHEN B. DARR AS TRUSTEE OF THE ESTATES OF TELEXFREE, LLC, TELEXFREE, INC. and TELEXFREE FINANCIAL, INC.,<br><br>        Plaintiffs,<br>v.<br><br>MARCO PUZZARINI AND SANDRO PAULO FREITAS, REPRESENTATIVES OF A CLASS OF DEFENDANT NET WINNERS,<br><br>        Defendants. | Adversary Proceeding<br>No. 16–4007–FJB |

**DEFENDANTS' RESPONSE THE COURT'S ORDER
DATED SEPTEMBER 27, 2021 REGARDING THE
CASE MANAGEMENT CONFERENCE AGENDA**

To the Honorable Frank J. Bailey, United States Bankruptcy Judge:

Frantz Balan, Marco Puzzarini, and Sandro Paulo Freitas, as representatives of the Domestic and Foreign Classes of Net Winners ("**Defendants**"), hereby respectfully respond to this Court's Scheduling Order entered on September 27, 2021 (Adv. Pr. 16–4006–FJB, ECF No. 396) ("**Scheduling Order**") concerning the proposed agenda for today's case management conference. The Defendants state as follows:

*Correction of Record*

1.  As a preliminary matter, Defendants would like to correct the record. Contrary to the Trustee's conferral certification,[1] Counsel for the Defendants told Trustee's counsel that Defendants will oppose any request by the Trustee to designate new experts, disclose new expert reports, and force the Defendants to review new analysis.[2] Defendants will oppose any effort at a "do-over" of experts. The Trustee's conferral statement was inaccurate and, Defendants understand, will be corrected by Trustee's counsel at the earliest opportunity.

2.  Additionally, it is not accurate that "the sole remaining issue in the adversary proceeding is the calculation of damages as to the Ponzi scheme's net winners." (Adv. Pr. 16–4006–FJB, No. ECF 397, at 2.) The basis of Judge Hoffman's

---

[1] Trustee's counsel asserted that "he made a reasonable and good faith effort to reach agreement with Defendants class counsel on the matter that is subject this motion, including the request for a Scheduling Order and a proposed collaborative approach through which both parties' experts would co–develop a fair and accurate methodology for aggregating User Accounts for each Participant. As of the time of this filing, the Trustee has not yet received a response." (Adv. Pr. 16–4006–FJB, No. ECF 389, at 18.)

[2] Specifically, counsel for the Defendants conveyed their opposition to the Trustee during a substantive phone conference held on August 18, 2021.

2

*Daubert* ruling was that the trustee "has not shown by a preponderance of the evidence the reliability of his expert's opinion as to the selection and application of his *method for aggregating user accounts to determine* in these adversary proceedings *the identities* and gains of the net winners in the TelexFree scheme." (Adv. Pr. 16–4006–FJB, ECF No. 385, at 39) (emphasis added). In other words, the Trustee has still not established that he can reliably identify net winners or calculate damages.

### *The Trustee's "Request for a Status Conference"*

3. The Trustee's lengthy argument aside, the Trustee's precipitating motion was captioned simply as a request for a case management conference. Defendants believe that the purpose of the case management conference should be to set a briefing schedule on forthcoming motions, not to lobby for any particular outcome of forthcoming motions.

### *The Trustee's Proposed Agenda*

4. The Trustee's agenda proposes that the Court simply set aside Judge Hoffman's prior *Daubert* rulings that disqualified the Trustee's expert (Adv. Pr. 16–4006–FJB, ECF No. 385 & Adv. Pr. 16–4007–FJB, ECF No. 586) and allow the Trustee to designate new experts, disclose new expert reports, and force the Defendants to review new analysis, prepare new expert rebuttal reports, and even file new *Daubert* motions.

5. Yet the Trustee is skipping a step. The Trustee has not even filed a motion under Local Bankruptcy Rule 9013-1 for leave to designate a new expert and reset all expired case management deadlines. In his Request for a Case Management Conference

3

the Trustee only asks that the Court "schedule a Case Management Conference to address the entry of the Proposed Scheduling Order and grant such other relief as is just and proper."(Adv. Pr. 16–4006–FJB, No. ECF 389, at 18.) Certainly, if the Trustee wants to reset all prior expired deadlines, he must ask for that relief by motion that suggests this motive in the title. In so doing, he must also give Defendants an opportunity to file an opposition.

6.  The Trustee should not be allowed to use a request for a case management conference as an artifice to deprive the Defendants of an opportunity to be heard on the Trustee's plan to "re-do" experts. The Trustee should file an appropriate motion explaining the grounds he believes exist for the extraordinary relief he seeks. Until such a motion is filed, all that the Trustee has accomplished is scheduling a case management conference.

### Defendants' Proposed Agenda for Status Conference

7.  The Defendants propose that the Court set a briefing schedule for the Trustee's forthcoming **opposed** motion to designate new experts and disclose new expert reports as follows:

    a. the Trustee should file his motion within 14 days of this conference;

    b. Defendants should file their opposition[3] within 30 days thereafter;

    c. the Court may decide whether to permit the Trustee to file a reply; and

---

[3] In their opposition, the Defendants expect to raise issues such as prejudice to the Defendants, futility of the Trustee's proposal, the law of the case, and waste of judicial resources, among other topics, including many of the issues raised in Judge Hoffman's prior Opinion (Adv. Pr. 16–4006–FJB, ECF No. 385 & Adv. Pr. 16–4007–FJB, ECF No. 586.)

4

    d. after the issue has been fully briefed, the Court then may wish to schedule a hearing on the Trustee's opposed motion.

Such a schedule will allow all interested parties to be adequately heard on this consequential matter where an estimated 90,000 people are alleged to have fraudulently received over $1 billion in net winnings.

8. The Defendants further propose that the Court set a briefing schedule on the Defendants' forthcoming motion for summary judgment in light of Judge Hoffman's *Daubert* decision, which found serious and potentially intractable problems with the underlying data that the Trustee has relied on to determine net winners and calculate net winnings. (Adv. Pr. 16–4006–FJB, ECF No. 385, at 16-22.). In this vein, the Defendants propose the following briefing schedule:

    a. Defendants should filed their summary judgment motion within 60 days of the Court's ruling on the Trustee's above motion, or such later time as the Court may order;

    b. the Trustee should file his opposition to summary judgment within 21 days thereafter;

    c. Defendants should file their reply within 14 days thereafter; and

    d. after the issue has been fully briefed, the Court then may wish to schedule a hearing on the Defendants' motion for summary judgment.

9. This briefing schedule will also help to ensure that all parties are adequately heard on the Defendants' forthcoming summary judgment motion.

WHEREFORE, Frantz Balan, Marco Puzzarini, and Sandro Paulo Freitas, as representatives of the Domestic and Foreign Classes of Net Winners, hereby respectfully submit the foregoing proposed case management conference agenda.

FRANTZ BALAN,
CLASS REPRESENTATIVE FOR
DOMESTIC CLASS ACTION,

MARCO PUZZARINI AND SANDRO
PAULO FREITAS,
CLASS REPRESENTATIVES
FOR FOREIGN CLASS ACTION,

By their counsel,

Dated: September 30, 2021

/s/ *Ilyas J. Rona*
Ilyas J. Rona (BBO #642964)
Michael J. Duran (BBO # 569234)
MILLIGAN RONA DURAN & KING LLC
50 Congress Street, Suite 600
Boston, MA 02109
Tel:  (617) 395-9570
Fax:  (855) 395-5525
ijr@mrdklaw.com
mjd@mrdklaw.com

### CERTIFICATE OF SERVICE

I, Ilyas J. Rona, hereby certify that I have caused a copy of the Defendants' **Response the Court's Order Dated September 27, 2021 Regarding the Case Management Conference Agend**a to be served on counsel for the Trustee and all registered electronic filers appearing in this case using the Court's CM/ECF system.

Dated: September 30, 2021

/s/ *Ilyas J. Rona*
Ilyas J. Rona, Esq.