

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:*<br><br>TELEXFREE, LLC, *et al.,*<br>   Debtors<br><br>STEPHEN B. DARR,<br>   Plaintiff,<br><br>*v.*<br><br>ANA ROSA LOPEZ, et al.,<br>   Defendants | Ch. 11<br>14-40987-FJB<br><br>Jointly Administered<br><br>Adversary Proceeding<br>16-04006-FJB |

**Order**

**MATTER:**

#389 Motion filed by Liquidating Trustee Stephen B. Darr to Schedule Case Management Conference Respecting Supplementation of Expert Reports (Re: 1 Complaint).

By order dated June 22, 2021, my colleague, Hon. Melvin Hoffman, excluded an expert report (the "Initial Report") tendered by Stephen B. Darr, as Trustee of the Estates of TelexFree, LLC, TelexFree Inc., and TelexFree Financial, Inc. (the "Trustee"), in this and a related class action proceeding. The facts, procedural history, and rulings are well summarized in Judge Hoffman's opinion and need not be repeated here.  See Memorandum of Decision, doc. # 386 in Adversary Proceeding No. 16-4006. The Trustee has now requested an amended scheduling order that would permit him to disclose a new report to be prepared by a newly-designated expert witness (the "New Report"). Frantz Balan, Marco Puzzarini, and Sandro Paulo Freitas, as representatives of the domestic and foreign classes of alleged net winners (the "Defendants"), who successfully moved to strike the Initial Report, oppose the motion. Based on the following, the motion is hereby allowed, subject to the conditions stated herein.

The Trustee seeks to amend the court's scheduling order to permit him to designate a new expert witness and to disclose a new expert report that, according to the Trustee, would address the concerns identified by Judge Hoffman in his Memorandum of Decision.  Under Fed. R. Civ. P. 16(b)(4), made applicable to this proceeding by Fed. R. Bankr. P. 7016(a), a party may modify a scheduling order "only for good cause and with the judge's consent."  The parties agree that establishing good cause for amending a scheduling order to designate a new expert witness is an

exacting standard that does not mimic the liberal amendment rules that may be present earlier in the litigation. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).  In determining such a request, the court should consider at least the following: (a) whether the party seeking the amendment has been diligent in identifying the new expert; (b) whether the opposing party will suffer undue prejudice in the event the amendment is allowed; (c) whether the moving party will suffer undue prejudice if the amendment is denied; and (d) whether designation of the new expert, in any event, would be futile.  I consider these factors in order.

The Defendants focus their opposition heavily on what they characterize as a failure of the Trustee to retain and identify the new expert and his or her report with diligence.  This attack is focused on a detailed recitation of the many years, approximately six, that this adversary proceeding has been pending.  The Defendants recite in detail the history of this dispute and the great expense, monetary and temporal, invested in its prosecution.  Much of that effort involves the development of the Initial Report. The Defendants argue that the Trustee had notice from as early as 2017 that there were potential fatal flaws with the Initial Report.  Thus, they argue the Trustee's failure to retain another expert or amend the initial expert's analysis establishes a fatal failure of diligence. The Defendants cite to cases in which courts have denied late identification of an expert witness where a party has not acted diligently.  But this case is unlike the cases cited in the Defendants' memorandum.  Those cases overwhelmingly, if not exclusively, involve traditional two-party litigation and an effort to identify a new expert or theory at or during a trial.  By contrast, the adversary proceedings in this case arise in what the parties agree is a massively complex Ponzi scheme that involves millions of participants in many countries.  Moreover, the disputes arise in a bankruptcy case in which the claims adjudication process necessarily preceded the adversary proceedings, not to mention a related criminal prosecution of Ponzi scheme defendants and other civil litigation in federal district court.  A complex bankruptcy case is, by necessity, a phased process.  Thus, it is unsurprising that the travel of these cases is long and intricate. These factors explain the years-long history of the dispute and what might appear to be a lack of diligence by the Trustee. Moreover, although the Trustee was aware from 2017 of the Defendants' view of his expert's report, he did not know or learn the Court's view of the matter until Judge Hoffman issued his memorandum of decision in June of this year; and it is undisputed that from that time forward, at least, the Trustee moved with expedition to retain a new expert. Under all the circumstances, I conclude that the Trustee has been diligent in his prosecution of these cases.

I turn next to the argument that the Defendants are unduly prejudiced by the newly identified expert and not-yet-disclosed report.  They argue that they are prejudiced because (a) they have expended all the estate funds approved by the court to compensate their counsel and their experts; (b) over the years, class members will have most assuredly lost evidence important to their defense, either through memory loss or spoliation; and (c) the newly-identified expert report will surely be the subject of a further challenge under Daubert, which will involve additional discovery and another evidentiary hearing.  I cannot consider the prejudice to the Defendants, of course, in a vacuum.  I must consider the prejudice to the Trustee if the relief sought is denied.  The Defendants argue that they have spent all the funds approved by the court for the defense of these

cases. While this is true, it is also of no moment because my allowance of this motion would be and is conditioned upon the Trustee's negotiating a new fee arrangement with the Defendants for compensation of their counsel and experts. I was advised at the hearing that this would be undertaken. As to the loss of evidence by individual defendants necessary to the defense of these cases through memory loss or natural spoliation of documents, these concerns are either unwarranted or capable of remediation. Those defendants who have had notice that they are indeed net winners were charged with a duty to preserve evidence from the time of such notice. Any defendants that are newly identified by virtue of the new expert's analysis will have the opportunity to raise those concerns in response to the Trustee's efforts to obtain a judgment in the next phase of these proceedings. Finally, it is highly likely that the Defendants will raise a Daubert challenge to the new expert's report and analysis. That will indeed be expensive and time-consuming, but those concerns are mitigated by the following: (a) the financial burden of challenging the new report will fall on the estate because the parties will jointly propose a new fee arrangement for the Defendants; and (b) the parties, especially the Trustee, will be aided by Judge Hoffman's thoughtful analysis in his June 22, 2021 opinion. As noted, assessing prejudice involves a balancing of the harms to each constituent. If the Trustee is not permitted to amend the scheduling order, he will be unable to proceed, at least economically, to reallocate the excess funds from net winners to net losers, which process is necessary in unwinding the effects of a Ponzi scheme. On balance, the Trustee has established that the prejudice to the estate of denying this motion outweighs the prejudice the Defendants would suffer if the motion were allowed.

Finally, there is the issue of futility. The Defendants allege that, given the inherent unreliability of the underlying data available to the experts, the new expert cannot possibly overcome the deficiencies identified by Judge Hoffman. This argument is premature. It is the role of the Daubert hearing to determine whether the new report passes muster. Again, application of the standard to the circumstances presented here favors the Trustee.

    Based on the foregoing, the motion to amend the scheduling order is hereby allowed, conditioned upon (a) the parties negotiating, and filing a joint motion to approve, an amended fee arrangement for the Defendants and (b) the parties filing either an agreed proposed scheduling order or separate competing proposed scheduling orders. On or before January 4, 2022, the parties shall file a joint motion to approve an amended fee arrangement. And on or before February 4, 2021, the parties shall file either an agreed proposed scheduling order or separate competing proposed scheduling orders.

Dated: 12/1/2021                                        By the Court,

Frank J. Bailey
United States Bankruptcy Judge