UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC.,<br>TELEXFREE FINANCIAL, INC.,<br><br>Reorganized Debtors | Chapter 11<br>Case No. 14-40987-FJB<br>Case No. 14-40988-FJB<br>Case No. 14-40989-FJB<br><br>Substantively Consolidated |
| STEPHEN B. DARR, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>FRANTZ BALAN, ET AL<br><br>Defendants | Adv. Proc. No. 16-04006 |
| STEPHEN B. DARR, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MARCO PUZZARINI AND SANDRO PAULO FREITAS, ET AL.,<br><br>Defendants | Adv. Proc. No. 16-04007 |

**STIPULATION BETWEEN TRUSTEE AND DEFENDANT CLASS
REPRESENTATIVES RESPECTING AMENDED FEE
ARRANGEMENT FOR DEFENDANTS**

This Stipulation is entered into this 4th day of January, 2022, by and among Stephen

Darr, the Liquidating Trustee under the confirmed liquidating plan of reorganization, and

formerly the Chapter 11 trustee (the "Trustee") of the substantively consolidated bankruptcy estates of TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. (collectively, the "Debtors" or "TelexFree"), Frantz Balan on his own behalf and as class representative on behalf of all similarly situated parties in Adversary Proceeding No. 16-4006 (the "Domestic Action") and Marco Puzzarini and Sandro Paulo Freitas on their own behalf and as class representatives on behalf of all similarly situated parties in Adversary Proceeding No. 16-4007 (the "Foreign Action" and, together with the Domestic Action, the "Class Actions"). Balan, Puzzarini, and Freitas shall be referred to collectively as the "Class Representatives", and the Trustee and the Class Representatives are referred to collectively as the "Parties".

**Recitals**

1. On April 13, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Nevada.

2. The Debtors initially operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On the Petition Date, the Debtors filed a motion for joint administration of the cases, with TelexFree, LLC designated as the lead case. By order dated April 24, 2014, the motion for joint administration was approved.

4. On or about June 6, 2014, Stephen Darr was appointed Chapter 11 Trustee.

5. On or about January 15, 2016, the Trustee commenced these adversary proceedings by filing class action complaints (the "Complaints"). On or about October 16, 2016, the Court entered an order in the Domestic Action certifying a defendant class, appointing Frantz Balan as Class Representative, and appointing Milligan Rona Duran & King, LLC ("MRDK") as

class counsel. On or about August 3, 2017, the Court entered an order in the Foreign Action certifying a defendant class, appointing Marco Puzzarini and Sandro Paulo Freitas as Class Representatives, and appointing MRDK as class counsel. The Class Representatives subsequently retained StoneTurn Group ("StoneTurn") as financial advisors to the defendant classes.

6. The order certifying the defendant classes and granting related relief established budgets for services to be rendered by the professionals retained by the defendant classes. Specifically, the orders provided the following budgets:

(i) MRDK had a budget of $225,000 for the Domestic Action and $165,000 for the Foreign Action, for a total of $390,000;

(ii) StoneTurn had a budget of $87,500 for the Domestic Action and $60,000 for the Foreign Action, for a total of $147,500.

7. MRDK has incurred total fees and expenses through the period ending November 1, 2021 of $458,404.77, of which $302,704.17 has been paid by the Trustee.

8. StoneTurn has incurred total fees and expenses through the period ending March 4, 2021 of $262,382.68, of which $141,872.76 has been paid by the Trustee.

9. On June 22, 2021, the Court entered a decision excluding the Trustee's expert report prepared and submitted by Timothy Martin of Huron Consulting Group.

10. On or about September 7, 2021, the Trustee filed the *Motion by Liquidating Trustee to Schedule a Case Management Conference Respecting Supplementation of Expert Reports* (the "Expert Motion").

11. On November 1, 2021, the defendant classes filed the Domestic & International Class Representatives' Opposition to the Trustee's Request to Appoint New Expert Witness (the "Opposition").

12. On November 16, 2021, the Trustee filed a Reply to the Opposition.

13. On December 1, 2021, the Court entered orders [docket no. 407 in the Domestic Action and docket no. 557 in the Foreign Action] allowing the Expert Motion conditioned upon the submission on or before January 4, 2022 of an amended fee arrangement for the professionals retained by the Class Representatives.

14. As a result of the foregoing, the Parties have entered into negotiations and have agreed to the following:

**Stipulation**

15. MRDK shall be allowed fees and expenses in the amount of $155,700.60 for services rendered and expenses incurred during the period from July 16, 2020 through November 1, 2021, without the necessity of filing any further application with the Court. The Trustee is authorized to pay such amount upon entry of a final order approving this Stipulation.

16. StoneTurn shall be allowed fees and expenses in the amount of $120,509.92 for services rendered and expenses incurred during the period from June 20, 2020 through March 4, 2021, without the necessity of filing any further application with the Court. The Trustee is authorized to pay such amount upon entry of a final order approving this Stipulation.

17. MRDK and StoneTurn shall have no further claims for fees and expenses incurred prior to November 1, 2021 other than as set forth above.

18. The remaining class issues in the Class Actions shall be conducted in two phases as set forth below.

**Phase I (Method of Aggregation, Data Science, Assumptions and Reliability)**

19. Phase I will be comprised of discovery, pleadings, dispositive motions, and hearing(s) on the admissibility of the expert opinion of Borelian Corporation ("Borelian") and will include, among other things, the following:

(i) the integrity and reliability of the SIG data used by Borelian;

(ii) the reasonableness of the assumptions made by Borelian in computing the amount of the Net Winnings, including but not limited to the inclusion or exclusion of transfers of credits between Participants in the computation of Net Winnings and the assumptions made with respect to the treatment of Triangular Transactions in the computation of Net Winnings.

20. The Court's findings and conclusions as to Phase I will inform the necessity for Phase II.

**Phase II (Legal Issues/Other Elements of Causes of Action)**

21. Phase II will be comprised of discovery, if necessary, pleadings, dispositive motions, and hearing(s) with respect to the remaining class-wide issues in the litigation, including the following:

(i) The procedure to be established to determine the damages for each defendant;

(ii) Whether the Class Representatives have defenses based upon the Wage Act or other applicable state and federal labor laws;

(iii) Whether the payments to the defendants were made within two years of the petition date;

(iv) Whether the payments to the defendants were made with actual intent to hinder, delay, or defraud some or all of TelexFree's existing and/or future creditors;

5

(v)     Whether the payments to the defendants constitute a transfer of an asset of TelexFree or an interest in an asset of TelexFree;

(vi)    Whether the payments to the defendants were made for less than fair consideration;

(vii)   Whether the payments to the defendants were made while TelexFree was insolvent, undercapitalized, or unable to pay their debts as they became due;

(viii)  Whether the defendants are entitled to any offsets;

(ix)    Whether the defendants have other class-wide defenses not specified above; and

(x)     The disallowance of any claims of Net Winners.

22.     In entering into this Stipulation, the Trustee does not agree to or admit the necessity of any of the Phase II issues other than establishing a procedure to determine damages for each defendant.

**Budgets/Fees**

23.     MRDK shall have one consolidated budget for services rendered and expenses incurred subsequent to November 1, 2021 in Phase I in the amount of $400,000 and shall not exceed such amount.  Amounts not used in Phase I may be added to the Phase II budget.

24.     MRDK shall have one consolidated budget for services rendered and expenses incurred subsequent to November 1, 2021 in Phase II in the amount of $300,000 and shall not exceed such amount.

25.     StoneTurn shall have one consolidated budget for services rendered and expenses incurred subsequent to November 1, 2021 in Phases I and II in the amount of $300,000, and shall not exceed such amount.

26. MRDK and StoneTurn shall be entitled to payment for services rendered and expenses incurred subsequent to November 1, 2021 on a quarterly basis in accordance with the following procedures:

(i) On or before the twenty-fifth (25th) day of the month following the calendar quarter for which compensation is sought, each professional seeking compensation pursuant to this Stipulation shall serve a quarterly fee and expense statement (the "Quarterly Fee Statement") upon the following persons (collectively, the "Notice Parties"):

   (A) The Trustee, Stephen B. Darr, at sdarr@hcg.com;

   (B) Counsel to the Trustee, Murphy & King, Professional Corporation, One Beacon Street, Boston, Massachusetts 02108 (Attn: Charles R. Bennett, Jr, Esq. and Andrew G. Lizotte, Esq.)(CBennett@murphyking.com and ALizotte@murphyking.com).

   (C) Any other party the Court may so designate.

(ii) Content of Quarterly Fee Statement

Each Quarterly Fee Statement shall contain an itemization of time spent and the applicable hourly rate. All timekeepers must maintain contemporaneous time entries in increments of one-tenth (1/10th) of an hour.

(iii) Review Period

Each person receiving a Quarterly Fee Statement shall have twenty one (21) days after receipt of the Quarterly Fee Statement to review it and serve an objection (the "Objection Period").

(iv) Payment

In the absence of a timely-served objection, the Trustee will promptly pay the Quarterly Fee Statement for each Professional.

(v) Objections

   (A) If a party objects to a Quarterly Fee Statement, it must serve a written objection (the "Notice of Objection to Quarterly Fee Statement") upon the Professional and each of the Notice Parties, so that the Notice of Objection to Quarterly Fee Statement is received on or before the last day of the Objection Period.

   (B) The Notice of Objection to Quarterly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

 (C) If a Notice of Objection is submitted, the Trustee shall withhold payment of that portion of the Quarterly Fee Statement to which the objection is directed, and shall promptly pay the remainder of the fees and disbursements that are not objected to.

 (D) If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice of Objection to Quarterly Fee Statement, and the Professional and the objecting party serve upon each of the parties served with the Monthly Fee Statement as set forth above a statement indicating that the objection is withdrawn, in whole or in part and describing in detail the terms of the resolution, then the Trustee shall promptly pay such amount which is no longer subject to an objection.

 (E) If the parties are unable to reach a resolution to the objection within twenty one (21) days after service of an objection, the affected Professional may move to compel the payment with the Court, together with a request for payment of the difference, if any, between the total amount of the payment sought and the portion of the payment as to which there is an objection (the "Incremental Amount").

27. By entering into this Stipulation, the Class Representatives do not agree to waive their opportunity to seek additional funds if necessary.

28. The Trustee reserves all rights with respect to any requests for funding, including but not limited to the right to object to any modification of the budget provided herein. The Trustee further reserves the right to contest the necessity of discovery as to any pending matter.

29. This Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

30. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or portable document format ("pdf").

31. The Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

32. This Stipulation shall have no force or effect unless it is approved by the Court.

STEPHEN B. DARR AS TRUSTEE
OF THE CHAPTER 11 ESTATES OF
TELEXFREE, LLC, TELEXFREE, INC.
AND TELEXFREE FINANCIAL, INC.
By his counsel,

/s/ Andrew G. Lizotte
Charles R. Bennett, Jr. (BBO #037380)
Andrew G. Lizotte (BBO #559609)
Murphy & King Professional Corporation
One Beacon Street
Boston, Massachusetts 02108
(617) 423-0400
ALizotte@murphyking.com

DEFENDANT CLASS
REPRESENTATIVE FRANTZ BALAN
By his counsel,

/s/ Ilyas J. Rona (AGL w/ permission)
Ilyas J. Rona, Esq. (BBO #642964)
MILLIGAN RONA DURAN & KING LLC
50 Congress Street, Suite 600
Boston, Massachusetts 02109
(617) 395-9570
ijr@mrdklaw.com

DEFENDANT CLASS
REPRESENTATIVES MARCO
PUZZARINI AND SANDRO PAULO
FREITAS,
By counsel,

/s/ Ilyas J. Rona (AGL w/ permission)
Ilyas J. Rona, Esq. (BBO #642964)
MILLIGAN RONA DURAN & KING LLC
50 Congress Street, Suite 600
Boston, Massachusetts 02109
(617) 395-9570
ijr@mrdklaw.com

804522