# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>　　　　　Reorganized Debtors. | Chapter 11 Cases<br><br>14-40987-FJB<br>14-40988-FJB<br>14-40989-FJB<br><br>Substantively Consolidated |
| STEPHEN B. DARR, TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>　　　　　Plaintiff,<br>v.<br>FRANZ BALAN, A REPRESENTATIVE OF A<br>CLASS OF DEFENDANT NET WINNERS,<br>　　　　　Defendants. | Adversary Proceeding<br>No. 16-4006 |
| STEPHEN B. DARR AS TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>　　　　　Plaintiff,<br>v.<br>MARCO PUZZARINI AND SANDRO PAULO<br>FREITAS, REPRESENTATIVES OF A CLASS<br>OF DEFENDANT NET WINNERS,<br>　　　　　Defendants. | Adversary Proceeding<br>No. 16-4007 |

**SCHEDULING ORDER RESPECTING SUPPLEMENTATION OF EXPERT REPORTS AND RELATED MATTERS**

This matter comes before the Court on competing proposed scheduling orders submitted by, on one hand, Stephen Darr, the liquidating trustee under the confirmed liquidating plan of reorganization (the "Trustee") of TelexFree LLC, TelexFree, Inc., and

TelexFree Financial, Inc. ("TelexFree" or the "Debtors") and, on the other hand, the representatives of the classes of defendants consisting of Net Winners ("Class Representatives") for entry of a Scheduling Order providing for the supplementation of expert reports and related matters pursuant to the Court's Order of December 1, 2021 (Doc. No. 407 in Adv. Pro. 16-4006 and Doc. No. 557 in Adv. Pro. 16-4007).

To expedite a resolution of the remaining issues and preserve resources of the Parties, the Trustee and Class Representatives previously stipulated (Doc. No. 409 in Adv. Pro. 16-4006 and Doc. No. 559 in Adv. Pro. 16-4007) to have remaining class issues in the Class Actions be conducted in two phases, proceeding first on the issues relating to the admissibility of a supplemental expert report (Phase I) and, second, to the extent necessary to resolve any remaining issues (Phase II).[1]

---

[1] For purposes of this Scheduling Order, "Phase I" and "Phase II" shall have the meanings set forth in the Stipulation between Trustee and Defendant Class Representatives Respecting Amended Fee Arrangement for Defendants (Doc. 3707 in the main case), which for clarity are as follows:
- Phase I will be comprised of discovery, pleadings, dispositive motions, and hearing(s) on the admissibility of the expert opinion of Borelian Corporation ("Borelian") and will include, among other things: (i) the integrity and reliability of the SIG data used by Borelian; and (ii) the reasonableness of the assumptions made by Borelian in computing the amount of the Net Winnings, including but not limited to the inclusion or exclusion of transfers of credits between Participants in the computation of Net Winnings and the assumptions made with respect to the treatment of Triangular Transactions in the computation of Net Winnings.
- Phase II will be comprised of discovery, if necessary, pleadings, dispositive motions, and hearing(s) with respect to the remaining class-wide issues in the litigation, including the following: (i) the procedure to be established to determine the damages for each defendant; (ii) whether the Class Representatives have defenses based upon the Wage Act or other applicable state and federal labor laws; (iii) whether the payments to the defendants were made within two years of the petition date; (iv) whether the payments to the defendants were made with actual intent to hinder, delay, or defraud some or all of TelexFree's existing and/or future creditors; (v) whether the payments to the defendants constitute a transfer of an asset of TelexFree or an interest in an asset of TelexFree; (vi) whether the payments to the defendants were made for less than fair

Now, with all parties in interest having been notified and due cause appearing therefor, it is hereby Ordered as follows:

**A.  With respect to "Phase I" of Adversary Proceeding 16-4006 and 16-4007 (collectively, the "Adversary Proceedings"):**

   a. The Trustee shall serve his supplemental expert report on the Class Representatives on or before **March 31, 2022**.

   b. The Parties shall complete all "Phase I" fact discovery by **January 31, 2023**.

   c. The Class Representatives shall complete any discovery of Trustee's expert, Borelian, by **January 31, 2023**.

   d. The Class Representatives shall provide the Trustee with any rebuttal expert report ("Rebuttal Report") on or before **January 31, 2023**.

   e. The Trustee shall complete any discovery of the Class Representatives' expert, StoneTurn, by **February 28, 2023**.

   f. The Trustee shall provide any reply expert report ("Reply Report") to the Class Representatives' Rebuttal Report on or before **February 28, 2023**.

---

consideration; (vii) whether the payments to the defendants were made while TelexFree was insolvent, undercapitalized, or unable to pay their debts as they became due; (viii) whether the defendants are entitled to any offsets; (ix) whether the defendants have other class-wide defenses not specified above; and (x) the disallowance of any claims of Net Winners.

3

g. Any motions to exclude the supplemental expert report of Borelian ("Daubert Motion"), and any related dispositive motions, shall be filed by **March 31, 2023**.

h. If a Daubert Motion or related dispositive motion is filed, the Court will enter a separate scheduling order setting the date for the submission of a pretrial memorandum and establishing a trial date, if applicable.

i. After the Court issues its rulings with respect to Phase I, the Court shall determine the necessity of Phase II.

j. If no Daubert Motion or dispositive motions are filed, and if the cases have not otherwise been resolved or disposed of, the Parties will proceed to Phase II.

**B. With respect to "Phase II," if required**

a. Within twenty-four (24) days of the conclusion of Phase I, the Parties shall submit a joint scheduling order, or competing scheduling orders in the event an order cannot be agreed to, which shall address issues remaining to be litigated, designate additional discovery required, and establish a schedule for the filing of dispositive motions.

Dated at Boston within said District this 16th day of February 2022.

_____
Honorable Frank J. Bailey
United States Bankruptcy Judge