UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC.,<br>TELEXFREE FINANCIAL, INC.,<br><br>　　　　Reorganized Debtors. | Chapter 11 Cases<br>14–40987–EDK<br>14–40988–EDK<br>14–40989–EDK<br><br>Jointly Administered |
| STEPHEN DARR, CHAPTER 11 TRUSTEE OF THE ESTATES OF EACH OF THE DEBTORS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BENJAMIN ARGUETA, *et al.,* and a CLASS OF DOMESTIC NET WINNERS,<br><br>　　　　Defendants. | Adv. Pro. No.: 16–04006–EDK |
| STEPHEN DARR, CHAPTER 11 TRUSTEE OF THE ESTATES OF EACH OF THE DEBTORS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAOLA ZOLLO ALECCI, *et al.,* and a CLASS OF INTERNATIONAL NET WINNERS,<br><br>　　　　Defendants. | Adv. Pro. No.: 16–04007–EDK |

**NON-PARTY FABIO FARIA'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b) and 12(c), made applicable by Bankr. R. 7012, Non-Party Fabio Faria respectfully requests an order dismissing the claims against him in both of the above-captioned adversary proceedings. As grounds for this motion, Mr. Faria states as follows:

## PROCEDURAL BACKGROUND

On January 15, 2016, the Trustee commenced the instant proceedings, *Darr v. Argueta et al.*, Adv. Pro. 16–04006 ("Argueta case") and *Darr v. Alecci et al.*, Adv. Pro. 16–04007 ("Alecci case"). Both complaints targeted classes of defendants who were "net winners" and alleged that monetization of credits through "triangular transactions" resulted in fraudulent transfers. Both complaints named several dozen defendants whose net winnings were between $259,764 and $4,014,207. Fabia Faria was not named in either complaint.

On April 1, 2016, the Trustee commenced *Darr v. Wanzeler et al.*, Adv. Pro. 16–04032 ("Wanzeler case"), bringing claims against various principals of TelexFree, their family members, and certain other surrogates. The *Wanzeler* complaint included claims for fraudulent transfer that were related to the allegations that the defendants facilitated, aided and abetted, or conspired with the principals. Fabio Faria was named as a defendant in the *Wanzeler* case, but was not alleged to be a principal, relative, or surrogate. None of the other defendants named in the *Wanzeler* case were named in either of the class actions. The *Wanzeler* complaint alleged that Mr. Faria "monetized up to $990,702" in credits. It did not specify how he monetized them. The *Wanzeler* complaint stated no separate fraudulent transfer claims against him, even though it

2

brought fraudulent transfer claims against other defendants. In the *Wanzeler* complaint, the Trustee alleged:

> One method of monetizing credits was to engage in so-called "triangular transactions" whereby a recruiting Participant brought a new Participant into the TelexFree scheme, the new Participant paid their membership fee directly to the recruiting Participant, and the recruiting Participant used their accumulated credits to satisfy the membership invoice of the new Participant.

(ECF No. 1, at 3.)

Two weeks after the *Wanzeler* case was filed—on April 14, 2016, the Trustee filed an Amended Complaint in the *Argueta* case, adding a large number of new defendants whose alleged net winnings were less than the $990,702 that Mr. Faria allegedly monetized. (ECF No. 113, ¶ 36.) Again, no defendant named in the *Wanzeler* case was named in the class action, and no defendant named in the class actions were named in the *Wanzeler* case.

On May 16, 2016, the Trustee filed an Amended Complaint in the *Alecci* case, adding a large number of new defendants whose alleged net winnings were less than the $990,702 that Mr. Faria allegedly monetized. (ECF No. 129, ¶ 46.) Again, no defendant named in the *Wanzeler* case was named in the class action, and no defendant named in the class actions were named in the *Wanzeler* case.

That same day—May 16, 2016, Mr. Faria filed a motion to dismiss the *Wanzeler* case, arguing that the allegations against him were insufficient as a matter of law. (ECF No. 14, ¶ 46.) The Trustee opposed the motion.

On October 10, 2016, a class was certified in the *Argueta* case. In the domestic class certification order, the Court ruled that:

3

> The ***prosecution of separate actions*** by or ***against individual members*** of the Class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or ***may be inconsistent or varying, or substantially impair or impede the ability of Class members to protect their interests.***

(ECF No. 194, 16–4006, ¶ 19.E (emphasis added).)

On January 5, 2017, the Trustee filed an Amended Complaint in the *Alecci* case, adding even more defendants whose alleged net winnings were less than the $990,702 that Mr. Faria allegedly monetized. (ECF No. 250, ¶ 46.) Again, no defendant named in the *Wanzeler* case was named in the class action, and no defendant named in the class actions were named in the *Wanzeler* case.

On August 3, 2017, a class was certified in the *Alecci* case. In the international class certification order, the Court ruled that:

> The ***prosecution of separate actions*** by or ***against individual members*** of the Class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or ***may be inconsistent or varying, or substantially impair or impede the ability of Class members to protect their interests***.

(ECF No. 429, 16–4007, ¶ 21.E) (emphasis added).

On February 22, 2023, the Court denied Mr. Faria's motion to dismiss in the *Wanzeler* case. At the end of its decision, the Court ruled: "To the extent Faria is either named as, or considered to be, a defendant in the Argueta proceeding or any other matter, Faria is free to file a motion to dismiss in the relevant proceeding."
(ECF No. 196, at 22.)

On July 5, 2023, the Trustee moved to voluntarily dismiss the claims against Mr. Faria in the *Wanzeler* case. (ECF No. 205.) In his motion, the Trustee stated:

4

> Mr. Faria has previously alleged that he is not properly a class action defendant in the Class Actions because any claims against him would have had to be brought in the same adversary proceeding. ***The Trustee disputes this contention*** and further asserts that this assertion is not ripe for resolution in any event.

(ECF No. 205, ¶ 7 (emphasis added).) On July 7, 2023, the Court granted the motion for voluntary dismissal. (ECF No. 206.)

## ARGUMENT

Any claims against Fabio Faria brought or attempted to be brought in the *Argueta* or *Alecci* cases must be dismissed under the claim-splitting bar, the duplicative litigation bar, and the prohibition against resurrecting class actions after a failed separate action.

### A. The Doctrine against *Claim-Splitting* Bars the Trustee from Arguing that He Is Permitted to "Split" the Claims against Faria for Fraudulent Transfer from the "Monetization" Claims Involving the Very Same Transactions

The doctrine of *claim-splitting* bars a party from bringing claims arising from the same set of facts in successive actions, rather than bringing them all at once. *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894) (explaining that a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible."); *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17–18 (1st Cir. 2010); *Hudson-RPM Distributors, LLC v. Bowditch & Dewey, LLP*, No. 4:19-CV-40095-TSH, 2021 WL 9649660, at *2 (D. Mass. May 19, 2021).

.

5

The doctrine "borrow[s] from the test for claim preclusion[,]" but rather than requiring that the first suit have a final determination on the merits, it "assum[es] that the first suit were already final." *Rivera v. Am. Fed'n of State, Cnty., & Mun. Employeess, AFL-CIO, Loc. 444*, No. 3:16-CV-04959-WHO, 2017 WL 3021038, at *3 (N.D. Cal. July 17, 2017). The doctrine exists to "protect the Defendant from being harassed by repetitive actions based on the same claim."

Here, the Trustee should not be permitted to argue that it has violated or should be allowed to violate the rule against *claim-splitting*. Otherwise, well-heeled litigants would be able to harass individuals with repetitive suits in the hopes that eventually one succeeds where the others fail.

### B. The *Duplicative-Litigation Doctrine* Prevented the Trustee from Maintaining Duplicative Litigation against Faria

As a general principle, courts must avoid duplicative litigation. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976). The *duplicative-litigation doctrine* prevents plaintiffs from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court ... against the same defendant. *Arendi S.A.R.L. v. LG Elecs. Inc.*, 47 F.4th 1380, 1384 (Fed. Cir. 2022) (affirming dismissal of complaint as improperly duplicative). *See also Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (internal quotation marks omitted), overruled in part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*) (the duplicative-

litigation doctrine prevents plaintiffs from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court … against the same defendant.").

Here, the claims against Faria for monetization of credits in the *Wanzeler* case cover the same transactions as the claims in the class actions for fraudulent transfers, which are also based on the monetization of credits. Accordingly, the *duplicative-litigation doctrine* excluded Faria from being considered a class defendant once the Trustee named Faria in a separate lawsuit. The Trustee should not be permitted to argue otherwise. The Trustee can point to no other person who was sued in both sets of cases. To have done so would have run afoul of the bar against duplicative litigation.

### C. By Filing a Separate Action, Trustee Opted Faria Out of Any Class Action; the Trustee Can No Longer Opt Him Back in Now that the Separate Action Failed

Originally, Rule 23 was essentially "an invitation to joinder"; it lacked a mechanism for adjudicating absent class members' claims. *In re Citizens Bank, N.A.*, 15 F.4th 607, 617 (3d Cir. 2021). And that flaw invited a very particular form of abuse:

> [M]embers of the claimed class could in some situations await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests. If the evidence at the trial made their prospective position as actual class members appear weak, or if a judgment precluded the possibility of a favorable determination, such putative members of the class who chose not to intervene or join as parties would not be bound by the judgment.

7

*Id.* The "unfair" upshot allowed class members "to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Id.*

To end the unfairness of what came to be known as "one-way intervention," Rule 23 was amended to require that courts must determine certification "[a]s soon as practicable after the commencement of [the] action." *Id., citing* Fed. R. Civ. P. 23(c)(1) (amended 2003). The point could not have been clearer: The "amendment[ ] w[as] designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547, 94 S. Ct. 756, 763, 38 L. Ed. 2d 713 (1974).

Now, class members who opt out of a class action are free to file separate individual claims, but they may not frustrate the efficiency and benefits afforded by the class action procedure by opting out of the class action and then resurrecting class claims in the same or a separate action. *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 275–76 (E.D.N.Y. 2017), as revised (June 16, 2017). If opt-out plaintiffs wish to pursue their individual claims, they must do so individually, and not as a resurrected class asserting claims arising from factual predicates identical to those asserted in the prior class action from which they opted out. *Id.* Once an individual opts out of a class

8

action, she is excluded entirely from the suit. That means that she has no standing to participate in the suit or, for example, to object to any proposed settlement or appeal. 3 Newberg and Rubenstein on Class Actions § 9:39 (6th ed.)

Here, there was early class certification, as the amendments to Rule 23 commend. But by filing a *later* lawsuit against Faria (the *Wanzeler* case) and then consciously refraining from adding him as a named defendant in the class actions (even while adding other similarly-situated parties as named defendants), the Trustee clearly and unequivocally exercised *his rights* to opt Faria out of the class actions. Once those mandatory classes were certified, and the Trustee continued to litigate against Faria in the separate action, the Trustee forfeited his right to opt Faria back in. The Trustee is therefore excluded from pursuing Faria in these adversary proceedings, having opted instead to litigating the claims against Mr. Faria in another proceeding for seven years. Rule 23 does not permit the "heads I win, tails you lose" style of parallel litigation that the Trustee is suggesting is appropriate.

## CONCLUSION

For the reasons set forth herein, Non-Party Fabio Faria requests an order dismissing the claims against him in both of the above-captioned adversary proceedings.

9

          Respectfully submitted,

          FABIO FARIA

          By his counsel,

Dated: July 21, 2023         /s/ *Ilyas J. Rona*
          Ilyas J. Rona, Esq. (BBO# 642964)
          MILLIGAN RONA DURAN & KING LLC
          28 Congress Street, Suite 802
          Boston, Massachusetts 02109
          Telephone: (617) 395-9570
          Email: ijr@mrkdlaw.com

## CERTIFICATE OF SERVICE

I, Ilyas J. Rona, hereby certify that I have caused a copy of the Non-Party Fabio Faria's Motion to Dismiss to be served on counsel for the Trustee and all registered electronic filers appearing in this case using the Court's CM/ECF system.

Dated: July 21, 2023         /s/ *Ilyas J. Rona*
          Ilyas J. Rona, Esq.