UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>　　　Reorganized Debtors. | Chapter 11 Cases<br><br>14-40987-EDK<br>14-40988-EDK<br>14-40989-EDK<br><br>Substantively Consolidated |
| STEPHEN B. DARR, TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>　　　Plaintiff,<br>v.<br>FRANZ BALAN, A REPRESENTATIVE OF A<br>CLASS OF DEFENDANT NET WINNERS,<br>　　　Defendants. | Adversary Proceeding<br>No. 16-4006 |
| STEPHEN B. DARR AS TRUSTEE<br>OF THE ESTATES OF TELEXFREE, LLC,<br>TELEXFREE, INC. and TELEXFREE<br>FINANCIAL, INC.,<br>　　　Plaintiff,<br>v.<br>MARCO PUZZARINI AND SANDRO PAULO<br>FREITAS, REPRESENTATIVES OF A CLASS<br>OF DEFENDANT NET WINNERS,<br>　　　Defendants. | Adversary Proceeding<br>No. 16-4007 |

**OPPOSITION BY TRUSTEE TO FABIO FARIA MOTION TO DISMISS**

Stephen B. Darr, the Liquidating Trustee ("Trustee") under the confirmed plan of reorganization of TelexFree LLC, TelexFree Inc., and TelexFree Financial Inc. (collectively, "TelexFree" or the "Debtor"), respectfully submits this opposition to the Motion by Fabio Faria to dismiss him from the within class action proceedings.

1

## INTRODUCTION

There is no basis to dismiss unnamed defendant Fabio Faria from these class action proceedings. The doctrines of duplicative litigation and claim splitting are not applicable for two reasons. First, if Adv. Proc. No. 16-4032, in which Fabio Faria was a named defendant, indeed was duplicative of these previously filed joint class action proceedings, the remedy would be to dismiss the later filed action – A.P. No. 16-4032. That action has already been dismissed as to Faria, so Faria is entitled to no further relief. Secondly, the doctrines of duplicative litigation and claim splitting are not applicable because of the unique circumstances of the class action proceedings – the Trustee was simply unable to bring the claims against Faria in these class action proceedings that were brought against him in A.P. No. 16-4032. For both of these reasons, the motion to dismiss should be denied.

## I. BACKGROUND

These defendant class action proceedings were filed on January 15, 2016. Adv. Proc. No. 16-4006 was commenced against Net Winners located within the United States, and Adv. Proc. No. 16-4007 was commenced against Net Winners located outside the United States. The Trustee named a small percentage of the prospective defendants in the two adversary proceedings, principally for the purpose of locating suitable class representatives. Most of the class action defendants are unnamed, including Faria. This is, after all, a central feature of class action litigation. The Trustee provided notice of the commencement of the adversary proceedings to the unnamed defendants, including Faria.

On April 1, 2016, the Trustee commenced Adv. Proc. No. 16-4032 against the TelexFree principals and a select group of other individuals (including Faria) believed to be operating in concert with TelexFree and its principals in the operation and implementation of the

2

TelexFree Ponzi scheme. Faria initially filed a motion to dismiss the claims against him in Adv. Proc. No. 16-4032. That motion was denied. The Trustee then conducted informal discovery as against Faria. After obtaining and reviewing documents and conducting interviews, the Trustee concluded that the claims against Faria in Adv. Proc. No. 16-4032 did not warrant further prosecution, and the action was dismissed as against Faria, without prejudice to the Trustee's rights to continue his pursuit of Net Winner claims against Faria in these class action proceedings.

## II. ARGUMENT

The doctrines of duplicative litigation and claim splitting are inapplicable to this circumstance because the later filed action (Adv. Proc. No. 16-4032) has already been dismissed.

As a rule, plaintiffs cannot maintain two separate actions involving the same subject matter at the same time in the same court, against the same defendants. *Consolidated Res., Inc. v. Dro Barite, LLC (In re Don Rose Oil, Inc.)*, 614 B.R. 358, 367 (Bankr. E.D. Cal. 2020). The theory of claim splitting bars a party from commencing subsequent, duplicative litigation where the same controversy exists. *Id.* These doctrines are often applied to state court actions removed to federal court, or to preclude a second action after the plaintiff was denied leave to amend the first action. *Id.*

These doctrines generally focus on claim preclusion, that is, "protecting litigants against gamesmanship and the added litigation costs of claim-splitting, and preventing scarce judicial resources from being squandered in unnecessary litigation." *Airframe Sys. V. Raytheon Co.*, 601 F.3d 9, 12 (1st Cir. 2010). In those circumstances, the later filed litigation would be precluded. *Id. See also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)(district

3

court may exercise its discretion to dismiss a duplicative, *later-filed action*). Quite simply, Adv. Proc. No. 16-4032 is the later-filed action, and it has already been voluntarily dismissed. Therefore, the relief that Faria could obtain, in the event either of the foregoing doctrines were applicable, has already been achieved.

More importantly, there are exceptions to the doctrines of duplicative litigation and claim-splitting which are relevant herein and which preclude their application to this circumstance. As set forth in *Don Rose Oil*, supra:

> It may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly that the judgment in the action ought not to have the usual consequences of extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action.
> *Don Rose Oil*, 614 B.R. at 371, *citing Restatement (Second) of Judgments*, cmt. b.

The Restatement (Second) of Judgments, §26 goes on to provide that an exception to the claim splitting requirement exists where:

> (c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief…

In the present case, the Trustee could not have asserted in the class action those claims that were asserted against Faria in Adv. Proc. No. 16-4032. By definition, a class action cannot proceed unless there are common issues of fact and law to be litigated amongst all member of the class. In these class actions, the Trustee seeks the same relief against all class defendants – recovery of Net Winnings received through participation in the TelexFree Ponzi scheme under theories of fraudulent transfer. The relief sought by the Trustee in Adv. Proc. No. 16-4032,

4

conversely, was unique to defendant Faria and a small number of other defendants. In that case, the Trustee alleged that Faria had aided and abetted the TelexFree principals and certain insiders in perpetrating the scheme (the "Aiding/Abetting Claims"). The Aiding/Abetting Claims were not alleged in the class action, nor could they have been, as the Trustee believed such claims to be applicable to only a handful of defendants, while the class action proceedings seek recovery against upwards of 80,000 defendants. Under these facts, not only was the Trustee justified in not bringing the Aiding/Abetting Claims against Faria in the class action proceedings, he would have been unable to do so without destroying the commonality essential to the defendant class action.

Both of the foregoing arguments provide a compelling basis for denying the motion to dismiss. Faria's argument that by failing to expressly name Faria in the class action, the Trustee exercised his rights to opt Faria out of the class action, is nonsensical and, notably, Faria cites no legal authority for this proposition. As set forth above, the Trustee was under no obligation to name Faria as a defendant in the class action, no different than any other defendant. The Trustee did not include any Net Winnings claims against Faria in Adv. Proc. 16-4032 because such claims were subsumed within the pending class action.

Wherefore, the Trustee prays that the Court deny Faria's motion to dismiss and grant the Trustee such other relief as is just and proper.

                Respectfully submitted,

                STEPHEN B. DARR, LIQUIDATING TRUSTEE,
                By his counsel:

Dated: September 11, 2023      /s/ Andrew G. Lizotte
                Andrew G. Lizotte (BBO #559609)
                MURPHY & KING,
                Professional Corporation
                28 State Street, 31st Floor
                Boston, MA  02109
                Telephone: (617) 423-0400
                ALizotte@murphyking.com

824025

## CERTIFICATE OF SERVICE

I, Andrew G. Lizotte, hereby certify that on September 11, 2023, I caused a copy of the foregoing *Opposition by Trustee to Fabio Faria Motion to Dismiss* to be served electronically through the Court's ECF System upon the registered participants as identified on the Notice of Electronic Filing.

/s/ Andrew G. Lizotte
Andrew G. Lizotte

Dated: September 11, 2023