# EXHIBIT 3

COMMITTEE ON RULES OF PRACTICE AND PROCEDURE

OF THE

JUDICIAL CONFERENCE OF THE UNITED STATES

WASHINGTON, D.C. 20544

**JOHN D. BATES**
CHAIR

**CHAIRS OF ADVISORY COMMITTEES**

**JAY S. BYBEE**
APPELLATE RULES

**DENNIS R. DOW**
BANKRUPTCY RULES

**ROBERT M. DOW, JR.**
CIVIL RULES

**RAYMOND M. KETHLEDGE**
CRIMINAL RULES

**PATRICK J. SCHILTZ**
EVIDENCE RULES

## MEMORANDUM

**TO:**     Honorable John D. Bates, Chair
            Standing Committee on Rules of Practice and Procedure

**FROM:**   Honorable Patrick J. Schiltz, Chair
            Advisory Committee on Evidence Rules

**RE:**     Report of the Advisory Committee on Evidence Rules

**DATE:**   May 15, 2022

---

## I.  Introduction

The Advisory Committee on Evidence Rules (the "Committee") met in Washington, D.C., on May 6, 2021.  At the meeting the Committee discussed and gave final approval to three proposed amendments that had been released for public comment.  The Committee also considered and approved six proposed amendments with the recommendation that they be released for public comment.

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                Page 2

The Committee made the following determinations at the meeting:

● It unanimously approved proposed amendments to Rules 106, 615, and 702, and recommends to the Standing Committee that they be transmitted to the Judicial Conference.

● It unanimously approved proposals to amend Rules 611 (adding two new subdivisions), 613(b), 801(d)(2), 804(b)(3), and 1006, and recommends to the Standing Committee that these proposed amendments be released for public comment.

A full description of all of these matters can be found in the draft minutes of the Committee meeting, attached to this Report. The proposed amendments can also be found as attachments to this Report.


## II. Action Items

### A. Proposed Amendment to Rule 106, for Final Approval

At the suggestion of Judge Paul Grimm, the Committee has for the last five years considered and discussed whether Rule 106 --- the rule of completeness --- should be amended. Rule 106 provides that if a party introduces all or part of a written or recorded statement in such a way as to be misleading, the opponent may introduce a completing statement that would correct the misimpression. The Committee has considered whether Rule 106 should be amended in two respects: 1) to provide that a completing statement is admissible over a hearsay objection; and 2) to expand the rule to cover unrecorded oral statements, as well as written and recorded statements.

The courts are not uniform in their treatment of these issues. On the hearsay question, some courts have held that when a party introduces a portion of a statement that is misleading, that party can still object, on hearsay grounds, to completing evidence that corrects the misimpression. Other courts have held essentially that if a party introduces a portion of a statement in a manner that misleads the factfinder, that party forfeits the right to object to introduction of other portions of that statement when that is necessary to remedy the misimpression. As to unrecorded oral statements, most courts have found that when necessary to complete, such statements are admissible either under Rule 611(a) or under the common law rule of completeness.

After much discussion and consideration, the Committee in Spring, 2021 unanimously approved an amendment for release for public comment. The proposal released for public comment allows the completing statement to be admitted over a hearsay objection and covers unrecorded oral statements.

The overriding goal of the amendment is to treat all questions of completeness in a single rule. That is particularly important because completeness questions often arise at trial, and so it is important for the parties and the court to be able to refer to a single rule to govern admissibility.

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                                                      Page 3

What has been particularly confusing to courts and practitioners is that Rule 106 has been considered a "partial codification" of the common law --- meaning that the parties must be aware that common law may still be invoked. As stated in the Committee Note, the amendment is intended to displace the common law, just as the common law has been displaced by all of the other Federal Rules of Evidence.

As to admissibility of out-of-court statements, the amendment takes the position that the proponent, by introducing part of a statement in a misleading manner, forfeits the right to foreclose admission of a remainder that is necessary to remedy the misimpression. Simple notions of fairness, already embodied in Rule 106, dictate that a misleading presentation cannot stand unrebutted. The amendment leaves it up to the court to determine whether the completing remainder will be admissible to prove a fact (a hearsay use) or simply to provide context (a non-hearsay use). Either usage is encompassed within the rule terminology --- that the completing remainder is admissible "over a hearsay objection."

As to unrecorded oral statements, most courts already admit such statements when necessary to complete --- they just do so under a different evidence rule or under the common law. The Committee was convinced that covering unrecorded oral statements under Rule 106 would be a user-friendly change, especially because the existing hodgepodge of coverage of unrecorded statements presents a trap for the unwary.  As stated above, the fact that completeness questions almost always arise at trial means that parties cannot be expected to quickly get an answer from the common law, or from a rule such as Rule 611(a) that does not specifically deal with completeness.

It is important to note that nothing in the amendment changes the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a completing statement that in fact corrects the misimpression. So, the mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106.

The Committee received only a few public comments on the proposed changes to Rule 106. All comments were in favor of the proposed amendment, with a couple of comments providing some suggestions for minor changes. After considering the public comment, the Committee unanimously approved a slight change to the proposal: deletion of the phrase "written or oral," which makes clear that Rule 106 applies to all statements, including those that are not written or oral. The Committee determined that statements made through conduct, or through sign language, should be covered by the rule of completeness, as there was no reason to distinguish such statements from those that are written or oral. The proposed Committee Note was slightly revised to accord with the change in text.

*At its Spring 2022 meeting, the Committee unanimously gave final approval to the proposed amendment to Rule 106. The Committee recommends that the proposed amendment, and the accompanying Committee Note, be approved by the Standing Committee and referred to the Judicial Conference.*

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022

Page 4

The proposed amendment to Rule 106, together with the proposed Committee Note, the GAP report, and the summary of public comment, is attached to this Report.

## B. Proposed Amendment to Rule 615, for Final Approval

Rule 615 provides for court orders excluding witnesses so that they "cannot hear other witnesses' testimony." The Committee determined that there are problems raised in the case law and in practice regarding the scope of a Rule 615 order: does it apply only to exclude witnesses from the courtroom (as stated in the text of the rule) or does it extend outside the confines of the courtroom to prevent prospective witnesses from obtaining or being provided trial testimony? Most courts have held that a Rule 615 order extends to prevent access to trial testimony outside of the courtroom, because exclusion from the courtroom is not sufficient to protect against the risk of witnesses tailoring their testimony after obtaining access to trial testimony. But other courts have read the rule as it is written.

After extensive consideration and research over four years, the Committee agreed on an amendment that would clarify the extent of an order under Rule 615. Committee members have noted that where parties can be held in contempt for violating a court order, due process requires that the order be clear if it seeks to do more than exclude witnesses from the courtroom. The Committee's investigation of this problem is consistent with its ongoing efforts to ensure that the Evidence Rules are keeping up with technological advancement, given the increased possibility of witness access to information about testimony through news, social media, YouTube, or daily transcripts.

At its Spring, 2021 meeting the Committee unanimously voted in favor of an amendment to Rule 615. That amendment, released for public comment in August, 2021, limits an exclusion order to just that --- exclusion of witnesses from the courtroom. But a new subdivision provides that the court has discretion to issue further orders to "(1) prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom; and (2) prohibit excluded witnesses from accessing trial testimony." In other words, if a court wants to do more than exclude witnesses from the courtroom, the court must say so.

The Committee also considered whether an amendment to Rule 615 should address orders that prohibit counsel from referring to trial testimony while preparing prospective witnesses. The Committee  resolved that any amendment to Rule 615 should not mention trial counsel in text, because the question of whether counsel can use trial testimony to prepare witnesses raises issues of professional responsibility and the right to counsel that are beyond the purview of the Evidence Rules.  Judges must address these issues on a case-by-case basis.

Finally, the Committee approved an additional amendment to the existing provision that allows an entity-party to designate "an officer or employee" to be exempt from exclusion. There is some dispute in the courts about whether the entity-party is limited to one such exemption or is entitled to more than one. The amendment clarifies that the exemption is limited to one officer or

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                                            Page 5

employee. The rationale is that the exemption is intended to put entities on a par with individual parties, who cannot be excluded under Rule 615. Allowing the entity more than one exemption is inconsistent with that rationale.

As noted, these proposed changes to Rule 615 were released for public comment in August, 2021. Only a few public comments were received. All were supportive of the amendment, with two comments suggesting minor changes. In response to the public comment, the Committee made two minor changes the Committee Note to the proposed amendment.

*At its Spring 2022 meeting, the Committee unanimously gave final approval to the proposed amendment to Rule 615. The Committee recommends that the proposed amendment, and the accompanying Committee Note, be approved by the Standing Committee and referred to the Judicial Conference.*

The proposed amendment to Rule 615, together with the Committee Note, the GAP report, and the summary of public comment, is attached to this Report.

## C.  Proposed Amendment to Rule 702, for Final Approval

The Committee has been researching and discussing the possibility of an amendment to Rule 702 for five years. The project began with a Symposium on forensic experts and *Daubert,* held at Boston College School of Law in October, 2017. That Symposium addressed, among other things, the challenges to forensic evidence raised in a report by the President's Council of Advisors on Science and Technology. A Subcommittee on Rule 702 was appointed to consider possible treatment of forensic experts, as well as the weight/admissibility question discussed below. The Subcommittee, after extensive discussion, recommended against certain courses of action. The Subcommittee found that: 1) It would be difficult to draft a freestanding rule on forensic expert testimony, because any such amendment would have an inevitable and problematic overlap with Rule 702;  and 2) It would not be advisable to set forth detailed requirements for forensic evidence either in text or Committee Note because such a project would require extensive input from the scientific community, and there is substantial debate about what requirements are appropriate.

The full Committee agreed with these suggestions.  But the Subcommittee did express interest in considering an amendment to Rule 702 that would focus on one important aspect of forensic expert testimony --- the problem of overstating results (for example, an expert claiming that her opinion has a "zero error rate", where that conclusion is not supportable by the expert's methodology). The Committee heard extensively from DOJ on the important efforts it is now employing to regulate the testimony of its forensic experts, and to limit possible overstatement.

The Committee considered a proposal to add a new subdivision (e) to Rule 702 that would essentially prohibit any expert from drawing a conclusion overstating what could actually be concluded from a reliable application of a reliable methodology.  But a majority of the members decided that the amendment would be problematic, because Rule 702(d) already requires that the expert must reliably apply a reliable methodology. If an expert overstates what can be reliably

concluded (such as a forensic expert saying the rate of error is zero) then the expert's opinion should be excluded under Rule 702(d). The Committee was also concerned about the possible unintended consequences of adding an overstatement provision that would be applied to all experts, not just forensic experts.

The Committee, however, unanimously favored a slight change to existing Rule 702(d) that would emphasize that the court must focus on the expert's opinion, and must find that the opinion actually proceeds from a reliable application of the methodology. The Committee unanimously approved a proposal—released for public comment in August, 2021--- that would amend Rule 702(d) to require the court to find that "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." As the Committee Note elaborates: "A testifying expert's opinion must stay within the bounds of what can be concluded by a reliable application of the expert's basis and methodology." The language of the amendment more clearly empowers the court to pass judgment on the conclusion that the expert has drawn from the methodology. Thus the amendment is consistent with *General Electric Co., v. Joiner,* 522 U.S. 136 (1997), in which the Court declared that a trial court must consider not only the expert's methodology but also the expert's conclusion; that is because the methodology must not only be reliable, it must be reliably applied.

Finally, the Committee resolved to respond to the fact that many courts have declared that the reliability requirements set forth in Rule 702(b) and (d) --- that the expert has relied on sufficient facts or data and has reliably applied a reliable methodology --- are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. These statements misstate Rule 702, because its admissibility requirements must be established to a court by a preponderance of the evidence. The Committee concluded that in a fair number of cases, the courts have found expert testimony admissible even though the proponent has not satisfied the Rule 702(b) and (d) requirements by a preponderance of the evidence --- essentially treating these questions as ones of weight rather than admissibility, which is contrary to the Supreme Court's holdings that under Rule 104(a), admissibility requirements are to be determined by court under the preponderance standard.

Initially, the Committee was reluctant to propose a change to the text of Rule 702 to address these mistakes as to the proper standard of admissibility, in part because the preponderance of the evidence standard applies to almost all evidentiary determinations, and specifying that standard in one rule might raise negative inferences as to other rules. But ultimately the Committee unanimously agreed that explicitly weaving the Rule 104(a) standard into the text of Rule 702 would be a substantial improvement that would address an important conflict among the courts. While it is true that the Rule 104(a) preponderance of the evidence standard applies to Rule 702 as well as other rules, it is with respect to the reliability requirements of expert testimony that many courts are misapplying that standard. Moreover, it takes some effort to determine the applicable standard of proof --- Rule 104(a) does not mention the applicable standard of proof, requiring a resort to case law. And while *Daubert* mentions the standard, *Daubert* does so only in a footnote in the midst of much discussion about the liberal standards of the Federal Rules of Evidence. Consequently, the Committee unanimously approved an amendment for public comment that

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                                           Page 7

would explicitly add the preponderance of the evidence standard to Rule 702(b)-(d). The language of the proposal released for public comment required that "the proponent has demonstrated by a preponderance of the evidence" that the reliability requirements of Rule 702 have been met.  The Committee Note to the proposal made clear that there is no intent to raise any negative inference regarding the applicability of the Rule 104(a) standard of proof to other rules --- emphasizing that incorporating the preponderance standard into the text of Rule 702 was made necessary by the decisions that have failed to apply it to the reliability requirements of Rule 702.

More than 500 comments were received on the proposed amendments to Rule 702. In addition, a number of comments were received at a public hearing held on the rule. Many of the comments were opposed to the amendment, and almost all of the fire was directed toward the term "preponderance of the evidence." Some thought that "preponderance of the evidence" would limit the court to considering only *admissible* evidence at the *Daubert* hearing. Others thought that the term represented a shift from the jury to the judge as factfinder. By contrast, commentators who supported the amendment argued that the amendment should go further and clarify that it is the court, not the jury, that decides admissibility.

The Committee carefully considered the public comments. The Committee does not agree that the preponderance of the evidence standard would limit the court to considering only admissible evidence; the plain language of Rule 104(a) allows the court deciding admissibility to consider inadmissible evidence. Nor did the Committee believe that the use of the term preponderance of the evidence would shift the factfinding role from the jury to the judge, for the simple reason that, when it comes to making preliminary determinations about admissibility, the judge *is* and *always has been* a factfinder.

But while disagreeing with these comments, the Committee recognized that it would be possible to replace the term "preponderance of the evidence" with a term that would achieve the same purpose while not raising the concerns (valid or not) mentioned by many commentators.  The Committee unanimously agreed to change the proposal as issued for public comment to provide that the proponent must establish that it is "*more likely than not*" that the reliability requirements are met. This standard is substantively identical to "preponderance of the evidence" but it avoids any reference to "evidence" and thus addresses the concern that the term "evidence" means only admissible evidence.

The Committee was also convinced by the suggestion in the public comment that the rule should clarify that it is the court and not the jury that must decide whether it is more likely than not that the reliability requirements of the rule have been met. Therefore, the Committee unanimously agreed with a change requiring that the proponent establish "*to the court*" that it is more likely than not that the reliability requirements have been met. The proposed Committee Note was amended to clarify that nothing in amended Rule 702 requires a court to make any findings about reliability in the absence of a proper objection.

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                                  Page 8

With those changes, and a few stylistic and corresponding changes to the Committee Note, the Committee unanimously voted in favor of adopting the amendments to Rule 702, for final approval.

***At the Spring 2022 meeting, the Committee unanimously gave final approval to the proposed amendment to Rule 702. The Committee recommends that the proposed amendment, and the accompanying Committee Note, be approved by the Standing Committee and referred to the Judicial Conference.***

The proposed amendment to Rule 702, together with the proposed Committee Note, GAP report, summary of public comment, and summary of the public hearing, is attached to this Report.

## D. Possible Amendment to Rule 611 on Illustrative Aids, for Release for Public Comment

At the Spring meeting, the Committee unanimously approved a proposal to add a new Rule 611(d) to regulate the use of illustrative aids at trial. The distinction between "demonstrative evidence" (admitted into evidence and used substantively to prove disputed issues at trial) and "illustrative aids" (not admitted into evidence but used solely to assist the jury in understanding other evidence) is sometimes a difficult one to draw, and is a point of confusion in the courts. In addition, the standards for allowing illustrative aids to be presented --- and particularly whether illustrative aids may be used by the jury during deliberations --- are not made clear in the case law. The Committee has determined that it would be useful to set forth uniform standards to regulate the use of illustrative aids, and in doing so clarify the distinction between illustrative aids and demonstrative evidence.

The proposed amendment would distinguish illustrative aids --- presentations that are not evidence but offered only to help the factfinder understand evidence --- from demonstrative evidence offered to prove a fact. The amendment would allow illustrative aids to be used at trial after the court balances the utility of the aid against the risk of unfair prejudice, confusion, and delay.

Because illustrative aids are not evidence, adverse parties do not receive pretrial discovery of such aids. The proposed rule would require notice to be provided, unless the court for good cause orders otherwise. The Committee determined that advance notice is important so that the court can rule on whether the aid has sufficient utility before it is displayed to the jury. (After all, you can't unring a bell.) The Committee Note recognizes that the timing of the notice will depend on the circumstances.

Finally, because illustrative aids are not evidence, the proposed rule provides that the aids should not be allowed into the jury room during deliberations, unless the court orders otherwise. The Committee Note specifies that if the court does allow an illustrative aid to go to the jury room, the court should instruct the jury that the aid is not evidence.

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                                        Page 9

It is important to note that the proposed rule is not intended to regulate PowerPoints or other aids that an attorney uses merely to guide the jury through an opening or closing argument. Again, illustrative aids assist the jury in understanding *evidence*; something that assists the jury in following an *argument* is therefore not an illustrative aid.

The Committee strongly believes that the rule on illustrative aids will provide an important service to courts and litigants. Illustrative aids are used in almost every trial, and yet nothing in the evidence rules specifically addresses their use. This amendment rectifies that problem.

***At the Spring 2022 meeting, the Committee unanimously approved the proposed amendment to add Rule 611(d) to regulate the use of illustrative aids at a trial. The Committee recommends that the proposed amendment, and the accompanying Committee Note, be released for public comment.***

The proposed amendment to add Rule 611(d), together with the proposed Committee Note, is attached to this Report.

## E. Proposed Amendment to Rule 1006, for Release for Public Comment[1]

Evidence Rule 1006 provides that a summary can be admitted as evidence if the underlying records are admissible and too voluminous to be conveniently examined in court. The Committee has determined that the courts are in dispute about a number of issues regarding admissibility of summaries of evidence under Rule 1006 --- and that much of the problem is that some courts do not properly distinguish between summaries of evidence under Rule 1006 (which are themselves admitted into evidence) and summaries that are illustrative aids (which are not evidence at all). Some courts have stated that summaries admissible under Rule 1006 are "not evidence," which is incorrect.  Other courts have stated that all of the underlying evidence must be admitted before the summary can be admitted; that, too, is incorrect.  Still other courts state that the summary is inadmissible if any of the underlying evidence *has* been admitted; that is also wrong.

After extensive research and discussion, the Committee unanimously approved an amendment to Rule 1006 that would provide greater guidance to the courts on the admissibility and proper use of summary evidence under Rule 1006.

The proposal to amend Rule 1006 dovetails with the proposal to establish a rule on illustrative aids, discussed above. These two rules serve to distinguish a summary of voluminous evidence (which is itself evidence and governed by Rule 1006) from a summary that is designed to help the trier of fact understand evidence that has already been presented (which is not itself evidence and would be governed by new Rule 611(d)). The proposed amendment to Rule 1006 would clarify that a summary is admissible whether or not the underlying evidence has been

---

[1] This rule is taken out of numerical sequence, because it is of a piece with the proposed amendment on illustrative aids.

admitted. The Committee believes that the proposed amendment will provide substantial assistance to courts and litigants in navigating this confusing area.

***At the Spring 2022 meeting, the Committee unanimously approved the proposed amendment to Rule 1006. The Committee recommends that the proposed amendment, and the accompanying Committee Note, be released for public comment.***

The proposed amendment to Rule 1006, together with the proposed Committee Note, is attached to this Report.

## F. Proposed Rule 611(e), Setting Forth Safeguards When Allowing Jurors to Submit Questions for Witnesses, for Release for Public Comment.

There is controversy in the courts over whether jurors should be allowed to question witnesses at trial. The Committee is not seeking to resolve that controversy in a rule amendment. But the Committee has determined that it would be useful to set forth the minimum safeguards that should be applied if the trial court does decide to allow jurors to question witnesses. Standards regulating the practice can be found in some court of appeals cases, but the Committee has unanimously determined that it would be useful to set forth a single set of safeguards in an Evidence Rule --- specifically, in a new subdivision 611(e). The proposed Rule 611(e) requires the court to instruct jurors, among other things, that they must submit questions in writing; that they are not to draw negative inferences if their question is rephrased or does not get asked; and that they must maintain their neutrality. The proposed rule also provides that the court must consult with counsel when jurors submit questions, and that counsel must be allowed to object to such questions outside the jury's hearing.

The Committee Note to proposed Rule 611(e) emphasizes that the rule is agnostic about whether a court decides to permit jurors to submit questions.

***At the Spring 2022 meeting, the Committee unanimously approved the proposed amendment to add a new Rule 611(e). The Committee recommends that the proposed amendment, and the accompanying Committee Note, be released for public comment.***

The proposed amendment to add Rule 611(e), together with the proposed Committee Note, is attached to this Report.

## G. Proposed Amendment to Rule 613(b), for Release for Public Comment.

The common law provided that before a witness could be impeached with extrinsic evidence of a prior inconsistent statement, the adverse party was required to give the witness an opportunity to explain or deny the statement. Rule 613(b) rejects that "prior presentation" requirement. It provides that extrinsic evidence of the inconsistent statement is admissible so long

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                                    Page 11

as the witness is given an opportunity to explain or deny the statement at some point in the trial. It turns out, though, that many (perhaps most) courts have retained the common law "prior presentation" requirement. These courts have found that a prior presentation requirement saves time, because a witness will almost always concede that she made the inconsistent statement, and that makes it unnecessary for anyone to introduce extrinsic evidence. The prior presentation requirement also avoids unfair surprise and the difficulties inherent in calling a witness back to the stand to give her an opportunity at some later point to explain or deny a prior statement that has been proven through extrinsic evidence.

        After discussion at three Committee meetings, the Committee unanimously determined that the better rule is to require a prior opportunity to explain or deny the statement, with the court having discretion to allow a later opportunity (for example, when the prior inconsistent statement is not discovered until after the witness testifies). This will bring the rule into alignment with what appears to be the practice of most trial judges --- a practice that the Committee concluded is superior to the practice described in the current rule.

        The Committee unanimously approved the following change:

> Extrinsic evidence of a witness's prior inconsistent statement ~~is admissible only if~~ may not be admitted until after the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, unless the court orders otherwise ~~or if justice so requires~~. This subdivision (b) does not apply to an opposing party's statement under Rule 801(d)(2).

        ***At the Spring 2022 meeting, the Committee unanimously approved the proposed amendment to Rule 613(b). The Committee recommends that the proposed amendment, and the accompanying Committee Note, be released for public comment.***

        The proposed amendment to Rule 613(b), together with the proposed Committee Note, is attached to this Report.

## H. Proposed Amendment to Rule 801(d)(2) Governing Successors-in-Interest, for Release for Public Comment

        Rule 801(d)(2) provides a hearsay exemption for statements of a party opponent. Courts are split about the applicability of this exemption in the following situation: a declarant makes a statement that would have been admissible against him as a party-opponent, but he is not the party-opponent because his claim or defense has been transferred to another (either by agreement or by operation of law), and it is the transferee that is the party-opponent. Some circuits would permit the statements made by the declarant to be offered against the successor as a party-opponent statement under Rule 801(d)(2), while others would foreclose admissibility because the statement was made by one who is technically not the party-opponent in the case.

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                                    Page 12

At its Spring, 2002 meeting, after previous discussion, the Committee determined that the dispute in the courts about the admissibility of party-opponent statements against successors should be resolved by a rule amendment, because the problem arises with some frequency in a variety of successor/predecessor situations (most commonly, decedent and estate in a claim brought for damages under 42 U.S.C. § 1983). The Committee unanimously determined that the appropriate result should be that a hearsay statement should be admissible against the successor-in-interest. The Committee reasoned that admissibility was fair when the successor-in-interest is standing in the shoes of the declarant --- because the declarant is in substance the party-opponent. Moreover, a contrary rule results in random application of Rule 801(d)(2), and possible strategic action, such as assigning a claim in order to avoid admissibility of a statement. The Committee approved the following addition to Rule 801(d)(2):

> If a party's claim or potential liability is directly derived from a declarant or the declarant's principal, a statement that would be admissible against the declarant or the principal under this rule is also admissible against the party.

The proposed Committee Note would emphasize that to be admissible against the successor, the declarant must have made the statement before the transfer of the claim or defense.

**At its Spring 2022 meeting, the Committee unanimously approved the proposed amendment to Rule 801(d)(2). The Committee recommends that the proposed amendment, and the accompanying Committee Note, be released for public comment.**

The proposed amendment to Rule 801(d)(2), together with the proposed Committee Note, is attached to this Report.

# I. Proposed Amendment to the Rule 804(b)(3) Corroborating Circumstances Requirement, for Release for Public Comment

Rule 804(b)(3) provides a hearsay exception for declarations against interest. In a criminal case in which a declaration against penal interest is offered, the rule requires that the proponent provide "corroborating circumstances that clearly indicate the trustworthiness" of the statement. There is a dispute in the courts about the meaning of the "corroborating circumstances" requirement. Most federal courts consider both the inherent guarantees of trustworthiness underlying a particular declaration against interest as well as independent evidence corroborating (or refuting) the accuracy of the statement. But some courts do not permit inquiry into independent evidence --- limiting judges to consideration of the inherent guarantees of trustworthiness surrounding the statement. This latter view --- denying consideration of independent corroborative evidence --- is inconsistent with the 2019 amendment to Rule 807 (the residual exception), which requires courts to look at corroborative evidence in determining whether a hearsay statement is sufficiently trustworthy under that exception. The rationale is that corroborative evidence can shore up concerns about the potential unreliability of a statement --- a rationale that is applied in

Report to the Standing Committee
Advisory Committee on Evidence Rules
May 15, 2022                                                                                                    Page 13

many other contexts, such as admissibility of co-conspirator hearsay, and tips from informants in determining probable cause.

At its Spring, 2022 meeting, the Committee unanimously approved an amendment to Rule 804(b)(3) that would parallel the language in Rule 807, and require the court to consider the presence or absence of corroborating evidence in determining whether "corroborating circumstances" exist. The proposed language for the amendment, which is recommended for release for public comment, is as follows:

**Rule 804(b)(3) Statement Against Interest.**

A statement that:

> (A) A reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

> (B) if offered in a criminal case as one that tends to expose the declarant to criminal liability, the court finds it is supported by corroborating circumstances that clearly indicate trustworthiness --- after considering the totality of circumstances under which it was made and evidence, if any, corroborating it. if offered in a criminal case as one that tends to expose the declarant to criminal liability.

The Committee believes that it is important to rectify the dispute among the circuits about the meaning of "corroborating circumstances" and that requiring consideration of corroborating evidence not only avoids inconsistency with the residual exception, but is also supported by logic and by the legislative history of Rule 804(b)(3).

*At its Spring 2022 meeting, the Committee unanimously approved the proposed amendment to Rule 80(4)(b)(3). The Committee recommends that the proposed amendment, and the accompanying Committee Note, be released for public comment.*

The proposed amendment to Rule 804(b)(3), together with the proposed Committee Note, is attached to this Report.

## III.  Minutes of the Spring, 2022 Meeting

The draft of the minutes of the Committee's Spring, 2022 meeting is attached to this report. These minutes have not yet been approved by the Committee.