UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC.,<br>TELEXFREE FINANCIAL, INC.,<br><br>        Reorganized Debtors. | Chapter 11 Cases<br>14–40987–EDK<br>14–40988–EDK<br>14–40989–EDK<br><br>Jointly Administered |
| STEPHEN DARR, CHAPTER 11 TRUSTEE OF THE ESTATES OF EACH OF THE DEBTORS,<br>        Plaintiff,<br><br>v.<br><br>BENJAMIN ARGUETA, *et al.*, and a CLASS OF DOMESTIC NET WINNERS,<br><br>        Defendants. | Adv. Pro. No.: 16–04006–EDK |
| STEPHEN DARR, CHAPTER 11 TRUSTEE OF THE ESTATES OF EACH OF THE DEBTORS,<br>        Plaintiff,<br><br>v.<br><br>PAOLA ZOLLO ALECCI, *et al.*, and a CLASS OF INTERNATIONAL NET WINNERS,<br><br>        Defendants. | Adv. Pro. No.: 16–04007–EDK<br><br>**HEARING REQUESTED** |

**DOMESTIC & INTERNATIONAL CLASS REPRESENTATIVES' MOTION TO STRIKE THE AFFIDAVITS OF JEAN LOUIS SORONDO & STEPHEN B. DARR PURSUANT TO FED. R. CIV. P. 37(c)(1) AND PRECLUDE THEIR TESTIMONY, OR ALTERNATIVELY TO RESCHEDULE THE UPCOMING DAUBERT HEARING, AMEND THE DEADLINE FOR EXPERT DISCLOSURE, AND INCREASE THE BUDGET OF CLASS DEFENDANTS' FOR LEGAL FEES AND EXPERT COSTS**

Domestic Class Representative Frantz Balan and International Class Representatives Marco Puzzarini and Sandro Paulo Freitas (the "Class Defendants") hereby move pursuant to Fed. R. Civ. P. 37(c)(1), made applicable by Fed. R. Bankr. Proc. 7037, to strike the Affidavit of Jean Louis Sorondo (the "Sorondo Affidavit") and the Affidavit of Stephen B. Darr (the "Darr Affidavit") from this Court's consideration as evidence in any motion, hearing, or trial in these adversary proceedings and to preclude their testimony.

## INTRODUCTION

The Trustee's filing of the Sorondo Affidavit and Darr Affidavit, both dated **September 11, 2023**, is an improper attempt by the Trustee to introduce additional expert testimony well after the Trustee's **May 22, 2023**[1] deadline for production of his reply expert report. (ECF No. 433, Domestic Case.)[2] The Trustee attempts to use both affidavits to remedy a lack of expert analysis regarding the Trustee's calculation of net equity and the Trustee's lack of any expert to actually identify alleged net winners. The Trustee was made aware of this problem on **April 14, 2023**, when the Class Defendants provided the Trustee with the Supplemental Rebuttal Expert Report of Joshua W.

---

[1] On May 22, 2023, the Trustee provided Class Defendants with the Reply Report of Dr. Cameron E. Freer. In his Reply Report, Dr. Freer stated as follows:

> "**V**. **The Freer aggregation methodology is agnostic to the choice of net equity formula.**
>
> The Court has previously approved the formula for Net Equity per User Account. I have no reason to believe that Mr. Martin incorrectly implemented that formula."

(Freer Reply Report (ECF 443-3), at 43.)

[2] Unless otherwise stated, all ECF docket references are in the "Domestic Case": Adv. Pro. No.: 16–04006.

2

Dennis ¶ 35 ("Absent from Dr. Freer's assignment is any discussion related to an independent calculation or conclusion as to Net Equity. Instead, it appears Dr. Freer was only tasked with aggregating User Accounts … Dr. Freer did not perform his own net equity calculations.") For both the Darr Affidavit and the Sorondo Affidavit, the Trustee missed his May 22, 2023 deadline to disclose this testimony to the Class Defendants in accordance with Fed. R. Civ. P. 26(a)(2). This failure to disclose severely prejudices the Class Defendants, who were not given an opportunity to question these new experts about their conclusions or methods in a deposition, were not given the opportunity to prepare and supply an expert report rebutting these statements, conclusions, and analysis, and are thus not prepared to cross examine Mr. Darr or Mr. Sorondo at trial. These affidavits must be excluded pursuant to Fed. R. Civ. P. 37(c)(1).

The Trustee is also trying to introduce previously excluded expert testimony and analysis that this Court already ruled was inadmissible. (ECF Nos. 385 & 386; International Case, ECF Nos. 536 & 537, hereinafter the "<u>Daubert Ruling</u>," at 39-40). Mr. Sorondo and Mr. Darr are merely Timothy Martin's colleagues at Huron Consulting Group LLC. *Compare* Sorondo Aff. ¶ 1, ("I am a Senior Director with the Business Advisory Practice of Huron Consulting Group") *with* <u>Exhibit A</u>, Martin Report, at 4 ("I am a Managing Director in the Business Advisory practice of Huron.")

# ARGUMENT

### A. The Sorondo Affidavit and the Darr Affidavit are Expert Testimony Pursuant FRE 702 Because the Proffered Testimony Requires Particular Knowledge, Skill, Experience, Training, and Education

Mr. Sorondo's testimony requires particular knowledge, skill, experience, training, and education, making him a yet-to-be qualified expert under FRE 702. In the very first paragraph of his affidavit, Mr. Sorondo touts his particular knowledge and skill:

> I am a Senior Director with the Business Advisory Practice of Huron Consulting Group ("Huron"), which serves as financial advisor to the Trustee. I have over 25 years of experience providing accounting, auditing and financial consulting services to business organizations many of which are experiencing significant financial and operating difficulties.

Sorondo Aff. ¶ 1. Mr. Sorondo is clearly employed by the Trustee and is clearly on assignment from the Trustee's counsel. *Id.* ¶¶ 1, 3. ("At the request of Counsel, I performed the following tasks . . .").

Even more, Mr. Sorondo's tasks are clearly those of an expert. In his affidavit, Mr. Sorondo says:

- "I then *loaded* these two files into an SQL database and *confirmed* . . . ." Sorondo Aff. ¶ 3(b).

- "I *queried* the aggregation _summary table to identify all Net Winners . . . ." Sorondo Aff. ¶ 3(c).

- ". . . I then *joined* the Freer cluster id field in the aggregation_summary table to the matching rep_id field in the source data table, which contains the same User Account data provided to all parties and was also used for the Electronic Proof of Claim Portal ("ePOC"). A list of the 81,681 Net Winners is attached" Sorondo Aff. ¶ 3(e).

- ". . . I *calculated* that 98.09% of Net Winner names met Freer's standards." Sorondo Aff. ¶ 3(f).

4

- "I *confirmed with Freer* that alphabetical characters were *tested based on the Python function 'isalpha.'*" Sorondo Aff. ¶ 3(f).

- ". . . I *compared* the name associated with the lowest rep_ id in each cluster with the *most prevalent* name in the cluster." Sorondo Aff. ¶ 3(g).

- "I then *removed* any remaining spaces." Sorondo Aff. ¶ 3(g)(ii).

- "For the remaining 11.16%, I *exported a list comparing* the *most frequent name* in each cluster to the lowest rep_ id name. That list is attached . . . ." Sorondo Aff. ¶ 3(g)(iii).

- "I also *prepared* a list of 47 celebrity and fictitious names . . . ." Sorondo Aff. ¶ 3(h).

- "*At the direction of the Trustee*, the Net Equity formula *was calculated* as the sum of a Participant's Direct and Triangular transactions with the company." Sorondo Aff. ¶ 4.

There is simply no question that Mr. Sorondo's sworn testimony is that of an expert, not a lay person. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Further, in order for Mr. Sorondo's opinion testimony to be used, the Trustee bears the burden of establishing by a preponderance of the evidence that Mr. Sorondo is sufficiently qualified, is offering a reliable opinion, and the opinion is relevant to understanding or determining a fact in question. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 592 n.10; *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998). To accommodate this process of qualification, expert reports were required to be disclosed to the Class Defendants by no later than Trustee's **May 22, 2023** deadline for production of any reply expert report. (ECF No. 433, Domestic Case). Mr. Sorondo's sworn testimony was not disclosed until September 11,

5

2023. Further, no request to extend the expert disclosure deadlines was made by the Trustee, agreed to by the Class Defendants, or ordered by this Court.

Stephen Darr's testimony, which relies on the testimony of Mr. Sorondo, makes the following conclusions:

- "I concluded based upon this calculation that there was a high correlation between the name contained in the Lowest Rep ID and the most prevalent name identified in the User Account aggregation." Darr Aff. ¶ 6

- "This information confirms my assumption that Participants would be most likely to input complete and accurate name data when first registering for TelexFree and opening a User Account." Darr Aff. ¶ 8.

- "Based upon this information, I determined that the use of the Lowest Rep ID provided an appropriate method of identifying the Participant for each User Account aggregation." Darr Aff. ¶ 9.

- "In computing Net Equity, I considered the various types of transactions in which a Participant could engage." Darr Aff. ¶ 10.

- "Upon my appointment as Trustee, I became familiar with 'Triangular Transactions' through discussions with employees of TelexFree, discussions with Participants, and discussions with the Office of Homeland Security which had conducted an investigation of the TelexFree Ponzi scheme." Darr Aff. ¶ 12.

- "Based upon these sources of information, as well as my understanding of the economics of the TelexFree scheme, I concluded that it was reasonable to presume that a Recruited Participant paid cash to the Recruiting Participant in an amount equal to the credits redeemed by the recruiting Participant in order to consummate the transaction."[3] *Id.*

- "This presumption was confirmed by the testimony of numerous Participants, as further set forth in the Cross-Motion for Summary Judgment." *Id.*

- "After understanding the mechanics of the Credit Transfers and consulting with counsel, I determined to exclude the Credit Transfers from the computation of Net Equity." Darr Aff. ¶ 14.

---

[3] These types of untested conclusions would not survive Daubert analysis, even if they were admitted. *Daubert* Ruling, at 22 ("For admissibility, it is not enough for an expert simply to provide his conclusions, he must also show his work so that its reliability, including its adherence to accepted practices in the relevant field, can be meaningfully reviewed.")

6

The Class Defendants were not given an opportunity to question Mr. Sorondo or Mr. Darr about their conclusions or methods in a deposition, were not given the opportunity to prepare and supply an expert report rebutting these experts' statements, conclusions, and analysis, and are thus not prepared to cross examine Mr. Darr or Mr. Sorondo at trial. This is highly prejudicial to the Class Defendants. The Sorondo Affidavit and Darr Affidavit must be excluded and may not be relied on by this Court. Fed. R. Civ. P. 37(c)(1), ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

### B. Mr. Sorondo and Mr. Darr's Testimony Are Not Admissible Under FRE 701(c) Because their Testimony Is Based on Scientific, Technical, or Other Specialized Knowledge

For the same reasons stated above, the Sorondo Affidavit does not meet the requirements for opinion testimony by a lay witness under FRE 701(c), which specifically requires that 701 testimony is "*not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FRE 701. The mere references to esoteric concepts like the "SQL database, an "Aggregation_output" that "contains 10,987,618 unique rows of data," "1,566,383 unique cluster id values," and tests based on "Python function 'isalpha'" without limitation, is enough to signal that expert testimony is involved. Sorondo Aff. ¶ 3(f). This is not testimony of a lay witness that meets the requirements of FRE 701.

7

The Darr Affidavit suffers from the same problems as the Sorondo Affidavit. Like Mr. Sorondo, Mr. Darr offers opinions about data-matching. Indeed, Mr. Darr opines that Mr. Sorondo's analysis produced—in his opinion—"a high correlation between the name contained in the Lowest Rep ID and the most prevalent name identified in the User Account aggregation." Darr Aff. ¶ 6. Reviewing and ranking "correlations" as "low," "medium," or, in this case, "high" is the classic province of experts.

More surprisingly, for the first time in this litigation, Mr. Darr claims that *he* performed the net equity calculations, even though Martin claimed that Huron's analyses "were conducted under my supervision . . . ." Martin Report, at 5. Indeed, at the prior Daubert hearing, the Court heard that the instruction to exclude credit transfers was "at the direction of counsel." Transcript of Video Evidentiary Hearing, 120:19-20 (Nov. 23, 2020). Mr. Darr now explains that he considered "the various types of transactions in which a Participant could engage" in "computing" net equity. Mr. Darr also offers expert opinions about the "reasonableness of various assumptions: "I concluded that it was reasonable to presume that a Recruited Participant paid cash to the Recruiting Participant in an amount equal to the credits redeemed by the recruiting Participant in order to consummate the transaction." Darr Aff. ¶ 12. The problem is that Darr's role, which is not revealed in any prior filing, was important in this case for discovery, and the late revelation is prejudicial to the Class Defendants.

The Court should strike both the Sorondo and the Darr Affidavits and both witnesses should be precluded from testifying.

8

### C. Mr. Sorondo and Mr. Darr Are Not Fact Witnesses Because They Were Not Involved in the Telexfree Scheme, Do Not Have Personal Knowledge of the Underlying Facts, and Their Only Connection to this Case Is "Derived" from Their Involvement in the Bankruptcy

Mr. Sorondo's testimony is not allowed as a mere fact witness because his entire testimony arises, not from some ground level knowledge of Telexfree, but rather from his enlistment as an expert in this litigation to fill a gap in Dr. Freer's analysis related to Net Equity and participant identity. *See MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp., Inc.*, No. 18-CV-11702-ADB, 2023 WL 2633907, at *2 (D. Mass. Mar. 24, 2023), *citing Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011). Mr. Sorondo conducted tests, provided analysis, and came to conclusions all "at the request of Counsel." Sorondo Aff. ¶ 3. Further, Mr. Sorondo is clearly providing testimony related to questions in this litigation, and it is certainly not based on "personal knowledge acquired before any litigation had begun." *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 112–13 (1st Cir. 2003) (citing Fed. R. Civ. P. 26(a)(2)(B)). Indeed, it is clear from reviewing his affidavit that Mr. Sorondo's testimony is meant to plug gaps in the Freer report that were pointed out in Defendants' *Daubert* motion. (ECF 442, Domestic Case). The deadline for such an expert rebuttal has long since passed.

It is also clear that Mr. Sorondo's only knowledge is based on hearsay. He refers to to what he is able to "understand" was the testimony of Huron (*i.e.* Timothy Martin) at the prior Daubert hearing. Sorondo Aff. ¶¶ 5-6. He also opines about things participants of TelexFree "were able" to do without any basis in personal knowledge (*e.g.* "TeleFree Participants were given the opportunity to purchase credits…could also purchase plans…were able to log into the TelexFree portal…"). Sorondo Aff. ¶¶ 5-6.

9

Mr. Sorondo also repeatedly references the "2020 Daubert hearing," and admits that "the statements provided herein are based upon information and knowledge I have derived through my involvement in these Chapter 11 cases." All of Mr. Sorondo's knowledge was acquired *from* the Trustee's involvement in litigation, not apart from it. Sorondo Aff. ¶ 2.

Mr. Darr is also guided by counsel in this matter, and was clearly enlisted to opine on the reason to exclude credit transfers from net equity: "[a]fter understanding the mechanics of the Credit Transfers **and consulting with counsel**, I determined to exclude the Credit Transfers from the computation of Net Equity." Darr Aff. ¶ 14 (emphasis added). Mr. Darr's testimony is not derived from personal knowledge acquired before any litigation had begun. It is therefore impermissible without disclosure under Fed. R. Civ. P. 26(a)(2). *Gomez*, 344 F.3d at 113; *MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp., Inc.*, No. 18-CV-11702-ADB, 2023 WL 2633907, at *2 (D. Mass. Mar. 24, 2023).

Mr. Darr similarly relies on hearsay, referring to undocumented "discussions" with Homeland Security and an affidavit from a federal agent as key sources of his knowledge of the TelexFree scheme.

### D. If This Court Chooses Not To Exclude the Darr Affidavit and Sorondo Affidavit, Then the Court Should Grant Additional Time and Resources to The Class Defendants

Alternatively, if the Court does not strike the Affidavits of Messrs. Sorondo and Darr, the Class Defendants should be allowed more time to review and respond to

10

them, take discovery if needed, prepare a rebuttal report, and file *Daubert* motions.[4] Given the late hour that the Trustee has chosen to spring this on the Class Defendants, the currently scheduled hearings will need to be continued. Class Defendants will also require additional funds for attorney fees, expert fees, and costs. Accordingly, the Class Defendants alternatively request a 120-day continuance, an opportunity to take depositions of Mr. Sorondo and Mr. Darr, leave for Class Defendants' expert to serve a rebuttal report, and time to prepare additional *Daubert* motions. Class Defendants also request leave to submit a request for an increased budget if they are not able to reach an agreement with the Trustee on increased attorney fees, expert fees, and costs.

## CONCLUSION

For the reasons set forth above, the Class Defendants hereby respectfully move to strike the affidavits and to disallow any testimony of Jean Louis Sorondo and Stephen B. Darr at the upcoming *Daubert* hearing.

## HEARING REQUESTED

Class Plaintiffs respectfully request a hearing at a time convenient to the Court.

---

[4] Based on an initial review by counsel, the Sorondo and Darr Affidavits appear to have several reliability flaws. For example, Sorondo appears to make visual matches of names in a fashion reminiscent of his disqualified colleague at Huron, Timothy Martin. The Sorondo Affidavit asserts without scientific basis that having a "clean" name presents a high likelihood that it is the "real name of an actual person." Additionally, Sorondo admits that he performed a "visual inspection" of numerical values assigned to names to find that certain names matched. Such visual inspections are reminiscent of the techniques that disqualified Timothy Martin.

11

                                Respectfully submitted,

                                FRANTZ BALAN,
                                FOR HIMSELF AND AS CLASS
                                REPRESENTATIVE ON BEHALF OF
                                ALL DOMESTIC NET WINNERS,

                                    *-and-*

                                MARCO PUZZARINI AND
                                SANDRO PAULO FREITAS,
                                FOR THEMSELVES AND AS CLASS
                                REPRESENTATIVES ON BEHALF OF
                                ALL INTERNATIONAL NET
                                WINNERS,

                                By their counsel,

Dated: October 2, 2023                         /s/ *Michael J. Duran*
                                Michael J. Duran, Esq. (BBO #569234)
                                Ilyas J. Rona, Esq. (BBO# 642964)
                                Michael J. Duran, Esq. (BBO #569234)
                                MILLIGAN RONA DURAN & KING LLC
                                28 State Street, Suite 802
                                Boston, Massachusetts 02109
                                (617) 395-9570
                                ijr@mrkdlaw.com
                                mjd@mrdklaw.com

## **CERTIFICATE OF SERVICE**

I, Michael J. Duran, hereby certify that I have caused a copy of the foregoing

Domestic & International Class Representatives' Motion For Summary Judgment be

served on counsel for the Trustee and all registered electronic filers appearing in this

case using the Court's CM/ECF system.

Dated: October 2, 2023                         /s/ *Michael J. Duran*
                                Michael J. Duran, Esq.