# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 14-40987-EDK |
| TELEXFREE, LLC, et al. ) | Case No. 14-40988-EDK |
| ) | Case No. 14-40989-EDK |
| Reorganized Debtors ) | *Substantively Consolidated* |
| ) |  |
| STEPHEN DARR, ) | Adversary Proceeding |
| Chapter 11 Trustee, ) | No. 16-4006 |
| ) |  |
| Plaintiff ) |  |
| ) |  |
| v. ) |  |
| ) |  |
| BENJAMIN ARGUETA, et al., ) |  |
| ) |  |
| Defendants ) |  |

### FINAL PRETRIAL ORDER

1. **A TRIAL ON THE "PHASE I MATTERS" IS SCHEDULED FOR May 22, 2024 and May 23, 2024 at 9:30 a.m.** in the Donohue Federal Building, Courtroom 3, 595 Main Street, Worcester, MA.

    a. **Phase I Matters consist of the following:**

    (i) Whether the Trustee has established his prima facie case that ownership of a User Account Cluster is determined based upon the Lowest Rep ID, subject to the right of a Participant to challenge the ownership of the User Account Cluster based upon the Lowest Rep ID;

    (ii) Whether the Trustee has established his prima facie case that the User Account Clusters appended to the Freer Report correctly aggregate User Accounts by Participant, subject to the rights of a Participant to challenge the ownership of individual User Accounts within a User Account Cluster;

    (iii) Whether the Trustee has established his prima facie case that the Presumed Net Winnings for each User Account Cluster (as appended to the Freer Report) are accurate including the presumption that Participants received cash when serving as a recruiting Participant in a Triangular Transaction, subject to the right of a Participant to challenge Cash payment amounts

    identified as being received by that Class Defendant in a Triangular Transaction; and

  (iv) Whether the Trustee has established that inter-Participant credit transfers are properly excluded from the computation of Presumed Net Winnings.

2. **Exhibit and Witness List.** On or before **April 8, 2024**, the Parties must provide to the other party a list of witnesses to be called at trial, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises, a list of witnesses whose testimony will be presented by means of a deposition, and a list of exhibits, other than those to be used for impeachment.

3. **Meet & Confer Conference.** On or before **April 22, 2024**, the Parties shall meet and confer in an attempt to reach agreement on proposed trial exhibits and witnesses.

4. **Motions in Limine and Objections.** Any motions in limine or objections to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits must be filed by **May 8, 2024**. Responses to any timely filed motion in limine or objection must be filed by **May 15, 2024.**

5. **Joint Pretrial Memorandum.** Absent further order of the Court, **the parties are ordered to file a Joint Pretrial Memorandum by May 15, 2023.** The Joint Pretrial Memorandum must be approved and signed by all counsel and unrepresented parties.[1] The Joint Pretrial Memorandum shall supersede the pleadings to the extent of any inconsistency and will govern the course of trial. The Joint Pretrial Memorandum must set forth the following:

  a. A statement indicating the parties' attempts to resolve their dispute by mediation. In the event the parties agree in good faith to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

  b. Facts to which the parties have stipulated.

  c. The issues of fact which remain to be litigated.

  d. The issues of law to be determined.

  e. A brief summary of the Plaintiff's case.

  f. A brief summary of the Defendant's case.

  g. The name, address, and telephone number of each witness, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises.[2]

---

[1] If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each party shall be responsible for filing, by the same date, a separate Pretrial Memorandum that contains the information required by this paragraph and a statement as to why the parties could not cooperate in filing the Joint Pretrial Memorandum.

[2] If an interpreter is required for any witness, it will be the responsibility of the party calling the witness to supply the interpreter. The Court cannot and does not supply interpreters.

    h. A list of witnesses whose testimony will be presented by means of a deposition.

    i. A list of exhibits, other than those to be used for impeachment, pre-marked in the order in which they are expected to be offered (with separate numbering for plaintiff and defendant), separately identifying those exhibits which each party expects to offer and those which will be offered only if the need arises.

    j. A statement confirming that the parties have exchanged exhibits.

    k. If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification, as permitted by Fed. R. Evid. 902(11) and (12), rather than by testimony of an authentication witness.

6. **Exhibits and Demonstratives.**[3]

    a. Trial exhibits must be pre-marked and assembled in binders tabbed with the appropriate exhibit numbers.

    b. Parties must bring five (5) copies of all exhibits and transcripts of deposition testimony to Court.

    c. Written summaries and/or charts presented to the Court in conjunction with closing statements (as an aid and not as evidence) must be provided to opposing counsel prior to the commencement of the closing statement, and any objections must be raised prior to the commencement of the closing statement. Closing summaries and/or charts may not include information which was not presented and admitted into evidence or through testimony during the trial.

7. **Post-trial Briefs; Proposed Findings of Fact and Conclusions of Law.** After trial, counsel may (by separate order) be required to submit post-trial briefs or proposed findings of fact and conclusions of law.

8. **Failure to Comply with this Order.** This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

_/s/ Elizabeth D. Katz_     3/8/2024
Elizabeth D. Katz     Dated
United States Bankruptcy

---

[3] The courtroom is equipped with an electronic presentation system for displaying trial exhibits. Questions regarding the electronic evidence presentation system should be directed to the Courtroom Deputy at Stephen_Reynolds@mab.uscourts.gov.